No. 22-15870

# In the United States Court of Appeals for the Ninth Circuit

———————————

MICHAEL ZELENY,
*Plaintiff-Appellant,*

v.

ROB BONTA, California Attorney General, in his official capacity,
*Defendant-Appellee,*

and

CITY OF MENLO PARK, a municipal corporation; DAVE BERTINI, an individual,
in his official capacity; NEW ENTERPRISEASSOCIATES, INC.,
a Delaware corporation,
*Defendants.*

———————————

On Appeal from the United States District Court for Northern California,
San Francisco, No. 3:17-cv-07357-RS
The Honorable Richard G. Seeborg

———————————

**EXCERPTS OF RECORD FOR APPELLANT MICHAEL ZELENY
VOLUME 3 of 3 (ER-315-ER-449)**

———————————

ALAN ALEXANDER BECK
Attorney at Law
2692 Harcourt Drive
San Diego, California 92123
(619) 905-9105
Alan.alexander.beck@gmail.com

1 | **TODD H. MASTER [SBN. 185881]**
<u>tmaster@hrmrlaw.com</u>
2 | **HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
3 | San Mateo, CA 94403
Telephone:   (650) 365-7715
4 | Facsimile:   (650) 364-5297

5 | Attorneys for Defendants
CITY OF MENLO PARK and
6 | DAVE BERTINI

7

8

9 | UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO

12

13 | MICHAEL ZELENY, an individual | Case No. 17-cv-07357-RS

14 | Plaintiff,

15 | vs. | **ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED COMPLAINT [Doc. 99]**

16 | EDMUND G. BROWN, JR., an individual, in
17 | his official capacity, et al.

18 | Defendants.

19

20

21 | COME NOW Defendants CITY OF MENLO PARK and DAVE BERTINI (collectively,

22 | "Answering Defendants" or "Menlo Park Defendants") and in answer to Plaintiff's Second

23 | Amended Complaint on file herein ("Complaint") admit, deny and allege as follows:

24 | **INTRODUCTION**

25 | 1.     Answering Defendants deny the allegations contained in Paragraph 1 of the

26 | Complaint.

*Left margin (vertical):* HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1      2.     Answering the allegations contained in Paragraphs 2, 3 and 4 of the Complaint,

2  Answering Defendants allege that they are without sufficient information or belief to enable them

3  to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the

4  allegations therein.

5      3.     Answering Defendants deny the allegations contained in Paragraph 5 of the

6  Complaint.

7      4.     Answering the allegations contained in Paragraph 6 of the Complaint, Answering

8  Defendants admit that the CITY OF MENLO PARK requires any and all persons wishing to film a

9  motion picture, television program, other video production, or entertainment event within the

10  public right-of-way to apply for and obtain a film permit from the CITY OF MENLO PARK.

11  Answering Defendants deny the remaining allegations in this Paragraph.

12      5.     Answering the allegations contained in Paragraph 7 of the Complaint, Answering

13  Defendants deny that they have violated or threatened to violate plaintiff's rights under the First,

14  Second, and Fourteenth Amendments to the United States Constitution and provisions of the

15  California State Constitution. Answering Defendants deny any allegations that Answering

16  Defendants have unconstitutionally applied California statutes against plaintiff. Answering

17  Defendants allege that they are without sufficient information or belief to enable them to answer

18  the remaining allegations of this Paragraph and, basing their denial on that ground, deny the

19  remaining allegations therein.

20      6.     Answering the allegations contained in Paragraph 8 of the Complaint, Answering

21  Defendants deny any allegation that they have unlawfully interpreted the California Penal Code as

22  applied to plaintiff. Answering Defendants deny that the CITY OF MENLO PARK's adoption and

23  enforcement of municipal policy is a content-based restriction on plaintiff's protected speech.

24  Answering Defendants allege that they are without sufficient information or belief to enable them

25  to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny

26  the remaining allegations therein.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

### JURISDICTION AND VENUE

7. Answering the allegations contained in Paragraph 9 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

8. Answering Defendants admit the allegations contained in Paragraph 10 of the Complaint.

9. Answering the allegations contained in Paragraphs 11 and 12 of the Complaint, Answering Defendants admit the content of the referenced code sections, but deny that plaintiff is entitled to the declaratory and injunctive relief he seeks herein as against Answering Defendants.

10. Answering the allegations contained in Paragraph 13 of the Complaint, Answering Defendants admit the content of the referenced code section.

11. Answering the allegations contained in Paragraph 14 of the Complaint, Answering Defendants admit the content of the referenced code sections.

12. Answering the allegations contained in Paragraph 15 of the Complaint, Answering Defendants deny that they committed any unlawful acts. Answering Defendants admit that their lawful actions occurred in the State of California and within the Northern District of California. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

13. Answering Defendants admit the allegations in Paragraph 16 of the Complaint.

### THE PARTIES

14. Answering the allegations contained in Paragraph 17 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED COMPLAINT; Case No. 17-cv-07357-RS

3

**ER-318**

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

15.     Answering the allegations contained in Paragraph 18 of the Complaint, Answering Defendants admit that Defendant Xavier Becerra is the Attorney General of the State of California. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

16.     Answering Defendants admit the allegations contained in Paragraph 19 of the Complaint.

17.     Answering the allegations contained in Paragraph 20 of the Complaint, Answering Defendants admit that Dave Bertini is the current Police Chief for the City of Menlo Park and that he acted in his official capacity as a member of the Menlo Park Police Department during the some of the time periods referenced in the Complaint.  Answering Defendants admit that Dave Bertini is a citizen and resident of the State of California and the Northern District of California.  Answering Defendants deny the remaining allegations of this Paragraph.

18.     Answering the allegations contained in Paragraph 21 of the Complaint, Answering Defendants deny the unlawful acts and omissions alleged in the Complaint, but admit that Answering Defendants acted lawfully under color of state law. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

19.     Answering the allegations contained in Paragraph 22 of the Complaint, Answering Defendants admit that New Enterprise Associates, Inc. has an office in the City of Menlo Park. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

20.     Answering Defendants deny the allegations contained in Paragraph 23 of the Complaint.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

## FACTS

21.     Answering the allegations contained in Paragraphs 24 through 27 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

22.     Answering the allegations contained in Paragraphs 28 through 31 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

23.     Answering the allegations contained in Paragraphs 32 through 40 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

24.     Answering the allegations contained in Paragraphs 41 through 46 of the Complaint, Answering Defendants admit that plaintiff has performed demonstrations and protests within the City of Menlo Park.  Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

25.     Answering the allegations contained in Paragraph 47 of the Complaint, Answering Defendants admit that on some occasions plaintiff notified the City of Menlo Park's Police Department in advance of demonstrations and that, when asked, plaintiff complied with inspections of his weapons to confirm they were not loaded.  Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

26.     Answering the allegations contained in Paragraph 48 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer

HOWARD ROME MARTIN & RIDLEY LLP

1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1   the allegations of this Paragraph and, basing their denial on that ground, deny the allegations

2   therein.

3          27.    Answering the allegations contained in Paragraphs 49 through 56 of the Complaint,

4   Answering Defendants allege that they are without sufficient information or belief to enable them

5   to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the

6   allegations therein.

7          28.    Answering Defendants deny the allegations contained in Paragraphs 57 through 62

8   of the Complaint.

9          29.    Answering the allegations contained in Paragraphs 63 through 67 of the Complaint,

10  Answering Defendants allege that they are without sufficient information or belief to enable them

11  to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the

12  allegations therein.

13         30.    Answering Defendants deny the allegations contained in Paragraphs 68 through 70

14  of the Complaint.

15         31.    Answering the allegations contained in Paragraphs 71 through 74 of the Complaint,

16  Answering Defendants allege that they are without sufficient information or belief to enable them

17  to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the

18  allegations therein.

19         32.    Answering Defendants deny the allegations contained in Paragraphs 75 through 77

20  of the Complaint.

21         33.    Answering Defendants deny the allegations contained in Paragraphs 78 through 92

22  of the Complaint.

23         34.    Answering Defendants deny the allegations contained in Paragraphs 93 through 102

24  of the Complaint.

25         35.    Answering the allegations contained in Paragraph 103 of the Complaint, Answering

26  Defendants allege that they are without sufficient information or belief to enable them to answer

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1 │ the allegations of this Paragraph and, basing their denial on that ground, deny the allegations

2 │ therein.

3 │      36.     Answering the allegations contained in Paragraph 104 of the Complaint, Answering

4 │ Defendants admit that California Penal Code section 26350 prohibits persons from openly carrying

5 │ an unloaded handgun outside of a vehicle in a public place or public street in an unincorporated

6 │ city or city and county.

7 │      37.     Answering the allegations contained in Paragraph 105 of the Complaint, Answering

8 │ Defendants admit that California Penal Code section 26375 provides that California Penal Code

9 │ section 26350 "does not apply to, or affect, the open carrying of an unloaded handgun by an

10 │ authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion

11 │ picture, television or video production, or entertainment event, when the participant lawfully uses

12 │ the handgun as part of that production or event, as part of rehearsing or practicing for participation

13 │ in that production or event, or while the participant or authorized employee or agent is at that

14 │ production or event, or rehearsal or practice for that production or event."

15 │      38.     Answering the allegations contained in Paragraph 106 of the Complaint, Answering

16 │ Defendants admit that California Penal Code section 26400 provides that a "person is guilty of

17 │ carrying an unloaded firearm that is not a handgun when that person carries upon his or her person

18 │ an unloaded firearm that is not a handgun outside a vehicle" while in an "incorporated city or city

19 │ and county, or in a public place or a public street in a prohibited area of an unincorporated area of a

20 │ county." Answering Defendants allege that they are without sufficient information or belief to

21 │ enable them to answer the remaining allegations of this paragraph and, basing their denial on that

22 │ ground, deny the remaining allegations therein.

23 │      39.     Answering the allegations contained in Paragraph 107 of the Complaint, Answering

24 │ Defendants admit that California Penal Code section 26405(r) provides that California Penal Code

25 │ section 26400 does not apply to, or affect, the carrying of an unloaded firearm that is not a handgun

26 │ "by an authorized participant in … a motion picture, television, or video production or

ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED
COMPLAINT; Case No. 17-cv-07357-RS     7

1  entertainment event, when the participant lawfully uses that firearm as part of that production or

2  event, as part of rehearsing or practicing for participation in that production or event, or while the

3  participant or authorized employee or agent is at that production or event, or rehearsal or practice

4  for that production or event."

5        40.     Answering the allegations contained in Paragraph 108 of the Complaint, Answering

6  Defendants admit that California Penal Code section 25510 provides that California Penal Code

7  section 25400 does not apply to the "possession of a firearm by an authorized participant in a

8  motion picture, television, or video production, or an entertainment event, when the participant

9  lawfully uses the firearm as part of that production or event, or while going directly to, or coming

10  directly from, that production of event."

11        41.     Answering the allegations contained in Paragraphs 109 through 115 of the

12  Complaint, Answering Defendants allege that they are without sufficient information or belief to

13  enable them to answer the allegations of these Paragraphs and, basing their denial on that ground,

14  deny the allegations therein.

15        42.     Answering Defendants deny the allegations contained in Paragraph 116 of the

16  Complaint.

17        43.     Answering Defendants deny the allegations contained in Paragraph 117 of the

18  Complaint.

19        44.     Answering the allegations contained in Paragraph 118 of the Complaint, Answering

20  Defendants allege that they are without sufficient information or belief to enable them to answer

21  the allegations of this Paragraph and, basing their denial on that ground, deny the allegations

22  therein.

23        45.     Answering Defendants deny the allegations contained in Paragraph 119 of the

24  Complaint.

25        46.     Answering the allegations contained in Paragraph 120 of the Complaint, Answering

26  Defendants allege that they are without sufficient information or belief to enable them to answer

ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED
COMPLAINT; Case No. 17-cv-07357-RS      8

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1  the allegations of this Paragraph and, basing their denial on that ground, deny the allegations

2  therein.

3      47.    Answering the allegations contained in Paragraph 121 of the Complaint, Answering

4  Defendants admit that the City of Menlo Park requires any and all persons, including plaintiff,

5  wishing to film a motion picture, television program, or other video production within the public

6  right-of-way to apply for and obtain a film permit from the City of Menlo Park.  Answering

7  Defendants deny the remaining allegations of this Paragraph.

8      48.    Answering Defendants deny the allegations contained in Paragraphs 122 and 123 of

9  the Complaint.

10      49.    Answering the allegations contained in Paragraph 124 of the Complaint, Answering

11  Defendants admit that plaintiff applied for a single Special Event permit, which was denied for

12  multiple and identified non content-based reasons.  Answering Defendants deny the remaining

13  allegations of this Paragraph.

14      50.    Answering Defendants deny the allegations contained in Paragraphs 125 through

15  128 of the Complaint.

16      51.    Answering the allegations contained in Paragraph 129 of the Complaint, Answering

17  Defendants admit that Menlo Park City Manager Alex McIntyre and then Police Commander

18  David Bertini met with Plaintiff.  Answering Defendants deny the remaining allegations in this

19  Paragraph.

20      52.    Answering Defendants deny the allegations contained in Paragraphs 130 and 131 of

21  the Complaint.

22      53.    Answering the allegations contained in Paragraph 132 of the Complaint, Answering

23  Defendants deny that the City made unreasonable or unlawful demands upon plaintiff or that

24  plaintiff is a victim of content-based discrimination. Answering Defendants allege that they are

25  without sufficient information or belief to enable them to answer the remaining allegations of this

26  Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

_____
ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED
COMPLAINT; Case No. 17-cv-07357-RS    9

54.     Answering Defendants deny the allegations contained in Paragraph 133 of the Complaint.

55.     Answering the allegations contained in Paragraph 134 of the Complaint, Answering Defendants admit that the CITY OF MENLO PARK's webpage includes information and requirements for obtaining a special event permit.

56.     Answering the allegations contained in Paragraph 135 of the Complaint, Answering Defendants admit that the CITY OF MENLO PARK's webpage includes information and requirements for obtaining a special event permit, which includes a flow-chart outlining the general process for staff's handling of the application.  Answering Defendants deny the remaining allegations in this Paragraph.

57.     Answering the allegations contained in Paragraph 136 of the Complaint, Answering Defendants admit that the CITY OF MENLO PARK's webpage includes information and requirements for obtaining a special event permit, which includes a flow-chart outlining the general process for staff's handling of the application.  Answering Defendants deny the remaining allegations in this Paragraph.

58.     Answering the allegations contained in Paragraph 137 of the Complaint, Answering Defendants admit that the CITY OF MENLO PARK maintains an application for film permits and information for any applicant that includes the requirements for obtaining a film permit. Answering Defendants deny the remaining allegations in this Paragraph.

59.     Answering the allegations contained in Paragraph 138 of the Complaint, Answering Defendants admit that plaintiff applied to the City for a special event permit for an event that he called "Child Rape Tools".  Answering defendants deny the remainder of the allegations contained in this Paragraph.

60.     Answering Defendants deny the allegations contained in Paragraphs 139 through 142 of the Complaint.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED COMPLAINT; Case No. 17-cv-07357-RS

10

**ER-325**

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

61.    Answering Defendants deny the allegations contained in Paragraphs 143 through 148 of the Complaint.

62.    Answering Defendants deny the allegations contained in Paragraphs 149 through 152 of the Complaint.

63.    Answering Defendants deny the allegations contained in Paragraphs 153 through 157 of the Complaint.

64.    Answering the allegations contained in Paragraph 158 of the Complaint, Answering Defendants admit that, subject to limited exceptions under California law, the "open carry" of firearms is unlawful in California.  Answering defendants deny the remainder of the allegations contained in this Paragraph.

65.    Answering the allegations contained in Paragraph 159 of the Complaint, Answering Defendants admit that, subject to limited exceptions under California law, the "open carry" of firearms is unlawful in California.  Answering defendants deny the remainder of the allegations contained in this Paragraph.

66.    Answering Defendants deny the allegations contained in Paragraph 160 of the Complaint.

67.    Answering Defendants deny the allegations contained in Paragraph 161 of the Complaint.

68.    Answering Defendants admit the allegations contained in Paragraph 162 of the Complaint.

69.    Answering the allegations contained in Paragraph 163 of the Complaint, Answering Defendants admit that the City denied plaintiff's appeal of the denial of his special event permit application in June 2016.  Answering defendants deny the remainder of the allegations contained in this Paragraph.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1    70.    Answering the allegations contained in Paragraph 164 of the Complaint, Answering

2    Defendants admit that plaintiff requested a hearing with the City Manager. Answering defendants

3    deny the remainder of the allegations contained in this Paragraph.

4    71.    Answering the allegations contained in Paragraph 165 of the Complaint, Answering

5    Defendants allege that they are without sufficient information or belief to enable them to answer

6    the allegations of this Paragraph and, basing their denial on that ground, deny the allegations

7    therein.

8    72.    Answering the allegations contained in Paragraph 166 of the Complaint, Answering

9    Defendants admit that the City Manager upheld the decision to deny plaintiff's special event permit

10   application.  Answering defendants deny the remainder of the allegations contained in this

11   Paragraph.

12   73.    Answering Defendants deny the allegations contained in Paragraph 167 of the

13   Complaint.

14   74.    Answering the allegations contained in Paragraphs 168 through 170 of the

15   Complaint, Answering Defendants admit that plaintiff appealed the denial of his special event

16   permit application to the City Council.  Answering Defendants allege that they are without

17   sufficient information or belief to enable them to answer the remaining allegations of these

18   Paragraphs and, basing their denial on that ground, deny the allegations therein.

19   75.    Answering Defendants deny the allegations contained in Paragraphs 171 and 172 of

20   the Complaint.

21   76.    Answering Defendants deny the allegations contained in Paragraph 173 of the

22   Complaint.

23   77.    Answering the allegations contained in Paragraph 174 of the Complaint, Answering

24   Defendants admit that Dave Bertini appeared before the City Council at the hearing on plaintiff's

25   appeal to present the City staff's recommendations for same. Answering Defendants allege that

26

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1   they are without sufficient information or belief to enable them to answer the remaining allegations

2   of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

3         78.    Answering the allegations contained in Paragraph 175 of the Complaint, Answering

4   Defendants admit the City Council upheld the denial of plaintiff's special event permit application.

5   Answering Defendants deny the remaining allegations contained therein.

6         79.    Answering the allegations contained in Paragraph 176 of the Complaint, Answering

7   Defendants admit that on September 7, 2017, plaintiff asked that the City reconsider his special

8   event permit application as requesting a film permit.  Answering Defendants deny the remaining

9   allegations contained therein.

10        80.    Answering Defendants deny the allegations contained in Paragraph 177 of the

11  Complaint.

12        81.    Answering the allegations contained in Paragraph 178 of the Complaint, Answering

13  Defendants admit the City Attorney wrote plaintiff requesting more information about the proposed

14  filming. Answering Defendants deny the remaining allegations contained therein.

15        82.    Answering Defendants deny the allegations contained in Paragraphs 179 through

16  184 of the Complaint.

17        83.    Answering the allegations contained in Paragraph 185 of the Complaint, Answering

18  Defendants admit plaintiff's application for a film permit is incomplete and remains pending,

19  awaiting further information from plaintiff.  Answering Defendants deny the remaining allegations

20  contained therein.

21        84.    Answering Defendants deny the allegations contained in Paragraph 186 of the

22  Complaint.

23                        **DECLARATORY RELIEF**

24        85.    Answering Defendants deny the allegations contained in Paragraphs 187 through

25  193 of the Complaint.

26  / / /

---

ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED
COMPLAINT; Case No. 17-cv-07357-RS
13
**ER-328**

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**FIRST COUNT**

**(Violation of the First Amendment to the United States Constitution)**
**(Against Defendants the City of Menlo Park and Bertini)**

86.     Answering the allegations contained in Paragraph 194 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 193 of the Complaint.

87.     Answering the allegations contained in Paragraph 195 of the Complaint, Answering Defendants admit that the First Amendment is applicable to the States and local governments.

88.     Answering Defendants deny the allegations contained in Paragraphs 196 through 199 of the Complaint.

**SECOND COUNT**

**(Violation of the First and Fourteenth Amendments to the United States Constitution)**
**(Against Defendants the City of Menlo Park and Bertini)**

89.     Answering the allegations contained in Paragraph 200 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 199 of the Complaint.

90.     Answering the allegations contained in Paragraph 201 of the Complaint, Answering Defendants admit that the First Amendment is applicable to the States and local governments.

91.     Answering Defendants deny the allegations contained in Paragraphs 202 through 206 of the Complaint.

**THIRD COUNT**

**(Violation of the First and Second Amendments to the United States Constitution)**
**(Against Defendants the City of Menlo Park and Bertini)**

92.     Answering the allegations contained in Paragraph 207 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 206 of the Complaint.

93.     Answering the allegations contained in Paragraph 208 of the Complaint, Answering Defendants admit that the First and Second Amendments are applicable to the States and local governments.

94.     Answering Defendants deny the allegations contained in Paragraphs 209 through 217 of the Complaint.

### FOURTH COUNT

**(Violation of 42 U.S.C. §983)**
**(Against Defendants the City of Menlo Park and Bertini)**

95.     Answering the allegations contained in Paragraph 218 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 217 of the Complaint.

96.     Answering Defendants deny the allegations contained in Paragraphs 219 through 224 of the Complaint.

### FIFTH COUNT

**(Violation of the Fourteenth Amendment to the United States Constitution)**
**(Against Defendants Becerra)**

97.     Answering the allegations contained in Paragraph 225 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 224 of the Complaint.

98.     Answering Defendants deny the allegations contained in Paragraphs 226 through 229 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these paragraphs, which are being alleged against other defendants and, basing their denial on that ground, deny the allegations therein.

/ / /

/ / /

/ / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

### SIXTH COUNT

**(Conspiracy to Violate Civil Rights under 42 U.S.C. §1983)**
**(Against Defendant NEA)**

99.     Answering the allegations contained in Paragraph 230 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 229 of the Complaint.

100.     Answering Defendants deny the allegations contained in Paragraphs 231 through 235 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These Answering Defendants allege that the Complaint fails to state a cause of action against these Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

These Answering Defendants deny any wrongdoing, negligence or liability on their part but, should it be determined that these Answering Defendants are liable to Plaintiff, then these Answering Defendants allege that Plaintiff was also legally at fault, and possibly others as well, and thus any recovery that might otherwise be rendered against these Answering Defendants must be reduced by that percentage which reflects the comparative fault of others.

### THIRD AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which Plaintiff assumed the risk proximately contributed to and proximately caused his injuries, if any.

### FOURTH AFFIRMATIVE DEFENSE

These Answering Defendants allege their acts were necessary and privileged.

/ / /

/ / /

---

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

### FIFTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that, at all times relevant herein, Answering Defendants acted reasonably and without malice.

### SIXTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that each of the acts alleged to have been committed by them were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within their legal responsibility and discretion.

### SEVENTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that the acts complained of occurred within the scope of their official duties and said Answering Defendants had no knowledge that said acts were illegal and/or unconstitutional, nor were said acts clearly violative of the Plaintiff's rights at the time they were committed.

### EIGHTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff was guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the Complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the incident and to the injuries, loss and damages complained of, and Plaintiff's willful and gross behavior either bars or reduces any potential recovery.

### NINTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff, by his own conduct, induced and intentionally caused and brought about the conduct of which Plaintiff complains, and the injuries, loss and damages complained of, and Plaintiff's intentional conduct either bars or reduces any potential recovery.

### TENTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff consented to the acts complained of in the Complaint and that said consent was both express and implied.

HOWARD ROME MARTIN & RIDLEY LLP

1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**ELEVENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that each and every cause of action against individual defendants alleged in the Complaint is barred by qualified immunity.

**TWELFTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that this Complaint is barred by the relevant portions of the California Government Code, including, but not limited to, §§ 815, 815.2, 815.6, 818, 818.2, 818.4, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 820.9, 821, 821.2, 821.6, 821.8, 822.2, 844.6, and 845.

**THIRTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants contend that Plaintiff's cause of action is barred by virtue of the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff has failed to mitigate the alleged damages, if any, which he claims to have sustained, and his recovery, if any, should be barred or diminished accordingly.

**FIFTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants contend that Plaintiff's action is frivolous, unreasonable and without foundation and Answering Defendants are therefore entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Code of Civil Procedure §§ 1021.7 and 1038.

**SIXTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that they are entitled to absolute immunity.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff's cause of action is premature.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff has failed to exhaust his administrative remedies before bringing his cause of action against Answering Defendants.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

### NINETEENTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff's Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Answering Defendants or to avoid harm otherwise.

### TWENTIETH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff's claim for injunctive or other equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

These Answering Defendants allege that each and every cause of action is barred by virtue of Plaintiff's failure to comply with the requirements of California Code of Civil Procedure §§ 335, et seq., including, but not limited to §§ 335.1, 340, 342 and 343.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

These Answering Defendants allege that each and every cause of action is barred by virtue of Plaintiff's failure to comply with the requirements of California Code of Civil Procedure §§ 312, 335, et seq., including, but not limited to §§ 335.1, 338, 340, 342 and 343.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

These Answering Defendants allege that each and every cause of action is barred by the applicable Statute of Limitation, including specifically the limitations period set forth in California Code of Civil Procedure §1094.6 which required plaintiff to challenge any City of Menlo Park decision in the appropriate court of competent jurisdiction within ninety (90) days, unless a shorter time is required by State or Federal law; and that if plaintiff believed any City of Menlo Park decision to have involved speech or expressive conduct entitled to protection by the First Amendment, any petition must have been served on the City of Menlo Park no later than twenty-one (21) calendar days following the challenged decision pursuant to California Code of Civil Procedure Section 1094.8.

---

ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED COMPLAINT; Case No. 17-cv-07357-RS

19

1    WHEREFORE, these Answering Defendants pray that Plaintiff take nothing by her

2    Complaint, for costs of suit herein, and for such other and further relief as to the Court may seem

3    reasonable and proper.

4    Date:  September 25, 2019           HOWARD ROME MARTIN & RIDLEY LLP

5

6                                        By:  /s/ Todd H. Master
                                              Todd H. Master
7                                             Attorneys for Defendants
                                              CITY OF MENLO PARK and
8                                             DAVE BERTINI

9                    **NOTICE OF INTENT TO SEEK ATTORNEYS' FEES**

10   TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

11    PLEASE TAKE NOTICE that Answering Defendants contend that Plaintiff's Complaint

12   was not filed nor maintained in good faith or with reasonable cause and that these Answering

13   Defendants are entitled to and intend to seek reasonable attorneys' fees from the Plaintiff and from

14   Plaintiff's attorneys of record, pursuant to Title 42 U.S.C. §1988 and Code of Civil Procedure

15   §§ 1021.7 and 1038.

16   Date:  September 25, 2019           HOWARD ROME MARTIN & RIDLEY LLP

17

18                                       By:  /s/ Todd H. Master
                                              Todd H. Master
19                                            Attorneys for Defendants
                                              CITY OF MENLO PARK and
20                                            DAVE BERTINI

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED
COMPLAINT; Case No. 17-cv-07357-RS

20

**ER-335**

## JURY DEMAND

These Answering Defendants hereby demand a trial by jury in this action.

Date: September 25, 2019        HOWARD ROME MARTIN & RIDLEY LLP

By: /s/ Todd H. Master
      Todd H. Master
      Attorneys for Defendants
      CITY OF MENLO PARK and
      DAVE BERTINI

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1  XAVIER BECERRA
   Attorney General of California
2  ANTHONY R. HAKL
   Supervising Deputy Attorney General
3  NOREEN P. SKELLY
   Deputy Attorney General
4  State Bar No. 186135
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (916) 210-6057
     Fax: (916) 324-8835
7    E-mail: Noreen.Skelly@doj.ca.gov
   *Attorneys for Defendant Attorney General Xavier*
8  *Becerra*

9
                    IN THE UNITED STATES DISTRICT COURT
10
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN FRANCISCO DIVISION
12

13

14  **MICHAEL ZELENY, an individual,**          CV 17-7357 JCS

15                              Plaintiff,     **DEFENDANT ATTORNEY GENERAL**
                                               **XAVIER BECERRA'S ANSWER TO**
16          **v.**                             **PLAINTIFF MICHAEL ZELENY'S**
                                               **SECOND AMENDED COMPLAINT**
17
    **GAVIN NEWSOM, et al.,**                  Judge:      The Honorable Richard G.
18                                                         Seeborg
                                Defendants.    Action Filed: December 28, 2017
19                                             Trial Date:  June 8, 2020

20

21

22

23

24

25

26

27

28

1

**ER-337**

1    Xavier Becerra, in his official capacity as Attorney General of the State of California,

2    hereby responds to Plaintiff Michael Zeleny's Second Amended Complaint as follows:

3                                    **INTRODUCTION**

4        1.    The allegations contained in paragraph 1 are Plaintiff Zeleny's characterization of his

5    case, to which no answer is required.  To the extent they may be deemed allegations of fact,

6    Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the

7    allegations and, therefore, denies the allegations therein.

8        2.    The allegations contained in paragraph 2 are Plaintiff Zeleny's characterization of his

9    case, to which no answer is required.  To the extent they may be deemed allegations of fact,

10   Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the

11   allegations and, therefore, denies the allegations therein.

12       3.    The allegations contained in paragraph 3 are Plaintiff Zeleny's characterization of his

13   case, to which no answer is required.  To the extent they may be deemed allegations of fact,

14   Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the

15   allegations and, therefore, denies the allegations therein.

16       4.    The allegations contained in paragraph 4 are Plaintiff Zeleny's characterization of his

17   case, to which no answer is required.  To the extent they may be deemed allegations of fact,

18   Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the

19   allegations and, therefore, denies the allegations therein.

20       5.    The allegations contained in paragraph 5 are Plaintiff Zeleny's characterization of his

21   case, to which no answer is required.  To the extent they may be deemed allegations of fact,

22   Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the

23   allegations and, therefore, denies the allegations therein.

24       6.    The allegations contained in paragraph 6 are Plaintiff Zeleny's characterization of his

25   case, to which no answer is required.  To the extent they may be deemed allegations of fact,

26   Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the

27   allegations and, therefore, denies the allegations therein.

28   / / /

7.     In response to the allegations contained in paragraph 7 of the Second Amended Complaint, Defendant Becerra admits that Plaintiff Zeleny has asserted claims under 42 U.S.C. § 1983.  Defendant Becerra denies that the California statutes Plaintiff Zeleny alleges were invoked or applied against him are unconstitutional.  Defendant Becerra denies that Plaintiff Zeleny has asserted any claims pursuant to the California Constitution.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

8.     In response to the allegations contained in paragraph 8 of the Second Amended Complaint, Defendant Becerra denies that Plaintiff Zeleny challenges the facial validity of California statutes restricting the public display of unloaded firearms, specifically California Penal Code sections 26400 and 26350.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

## JURISDICTION AND VENUE

9.     In response to the allegations contained in paragraph 9 of the Second Amended Complaint, Defendant Becerra admits the content of the First, Second, and Fourteenth Amendments to the United States Constitution and the federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988.  Defendant Becerra denies that Plaintiff Zeleny is entitled to any relief under the First, Second, and Fourteenth Amendments to the United States Constitution or the federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988.

10.     In response to the allegations contained in paragraph 10 of the Second Amended Complaint, Defendant Becerra admits the content of 28 U.S.C. §§ 1331 and 1343.

11.     In response to the allegations contained in paragraph 11 of the Second Amended Complaint, Defendant Becerra admits the content of 28 U.S.C. §§ 2201 and 2202.  Defendant Becerra denies Plaintiff Zeleny is entitled to the requested declaratory judgment.

12.     In response to the allegations contained in paragraph 12 of the Second Amended Complaint, Defendant Becerra admits the content of 42 U.S.C. § 1983 and Rule 65 of the Federal

1  Rules of Civil Procedure.  Defendant Becerra denies Plaintiff Zeleny is entitled to the requested

2  injunctive relief.

3      13.    In response to the allegations contained in paragraph 13 of the Second Amended

4  Complaint, Defendant Becerra admits the content of 42 U.S.C. § 1988.  Defendant Becerra denies

5  Plaintiff Zeleny is entitled to an award of attorney's fees and/or costs.

6      14.    In response to the allegations contained in paragraph 14 of the Second Amended

7  Complaint, Defendant Becerra admits the content of 28 U.S.C. § 1367(a) and California Code of

8  Civil Procedure section 1021.5.  Defendant Becerra denies Plaintiff Zeleny has asserted any legal

9  claims under the California Constitution.  Defendant Becerra also denies that Plaintiff Zeleny is

10  entitled to an award of attorney's fees and/or costs.

11      15.    In response to the allegations contained in paragraph 15 of the Second Amended

12  Complaint, Defendant Becerra denies committing any unlawful acts.  Indeed, the Second

13  Amended Complaint lacks any allegations demonstrating any unlawful acts by Defendant

14  Becerra.  As to the remaining allegations, Defendant Becerra lacks knowledge or information

15  sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations

16  therein.

17      16.    In response to the allegations contained in paragraph 16 of the Second Amended

18  Complaint, Defendant Becerra admits the content of 28 U.S.C. § 1391(b).  Defendant Becerra

19  denies engaging in any acts which would give rise to Plaintiff Zeleny's action.  As to the

20  remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a

21  belief as to the truth of the allegations and, therefore, denies the allegations therein.

22  <u>**THE PARTIES**</u>

23      17.    The allegations contained in paragraph 17 are Plaintiff's characterization of his case,

24  to which no answer is required.  To the extent they may be deemed allegations of fact, Defendant

25  Becerra lacks knowledge or information sufficient to form a belief as to the truth of the

26  allegations and, therefore, denies the allegations therein.

27  / / /

28  / / /

**ER-340**

18.     In response to the allegations contained in paragraph 18 of the Second Amended Complaint, Defendant Becerra admits he is the Attorney General of the State of California. Defendant Becerra admits that he is a resident of California, and a citizen of the United States.

19.     In response to the allegations contained in paragraph 19 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

20.     In response to the allegations contained in paragraph 20 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

21.     In response to the allegations contained in paragraph 21 of the Second Amended Complaint, Defendant Becerra denies that he engaged in any of the unlawful acts and omissions alleged in the Second Amended Complaint.  Indeed, the Second Amended Complaint lacks any allegations demonstrating any unlawful acts by Defendant Becerra.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

22.     In response to the allegations contained in paragraph 22 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

23.     In response to the allegations contained in paragraph 23 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

## FACTS

24.     In response to the allegations contained in paragraph 24 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

25.     In response to the allegations contained in paragraph 25 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

26. In response to the allegations contained in paragraph 26 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

27. In response to the allegations contained in paragraph 27 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

28. In response to the allegations contained in paragraph 28 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

29. In response to the allegations contained in paragraph 29 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

30. In response to the allegations contained in paragraph 30 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

31. In response to the allegations contained in paragraph 31 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

32. In response to the allegations contained in paragraph 32 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

33. In response to the allegations contained in paragraph 33 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

34. In response to the allegations contained in paragraph 34 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

6

**ER-342**

35.     In response to the allegations contained in paragraph 35 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

36.     In response to the allegations contained in paragraph 36 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

37.     In response to the allegations contained in paragraph 37 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

38.     In response to the allegations contained in paragraph 38 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

39.     In response to the allegations contained in paragraph 39 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

40.     In response to the allegations contained in paragraph 40 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

41.     In response to the allegations contained in paragraph 41 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

42.     In response to the allegations contained in paragraph 42 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

43.     In response to the allegations contained in paragraph 43 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

7

ER-343

1       44.    In response to the allegations contained in paragraph 44 of the Second Amended

2 Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

3 truth of the allegations and, therefore, denies the allegations therein.

4       45.    In response to the allegations contained in paragraph 45 of the Second Amended

5 Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

6 truth of the allegations and, therefore, denies the allegations therein.

7       46.    In response to the allegations contained in paragraph 46 of the Second Amended

8 Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

9 truth of the allegations and, therefore, denies the allegations therein.

10       47.    In response to the allegations contained in paragraph 47 of the Second Amended

11 Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

12 truth of the allegations and, therefore, denies the allegations therein.

13       48.    In response to the allegations contained in paragraph 48 of the Second Amended

14 Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

15 truth of the allegations and, therefore, denies the allegations therein.

16       49.    In response to the allegations contained in paragraph 49 of the Second Amended

17 Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

18 truth of the allegations and, therefore, denies the allegations therein.

19       50.    In response to the allegations contained in paragraph 50 of the Second Amended

20 Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

21 truth of the allegations and, therefore, denies the allegations therein.

22       51.    In response to the allegations contained in paragraph 51 of the Second Amended

23 Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

24 truth of the allegations and, therefore, denies the allegations therein.

25       52.    In response to the allegations contained in paragraph 52 of the Second Amended

26 Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

27 truth of the allegations and, therefore, denies the allegations therein.

28 / / /

53.     In response to the allegations contained in paragraph 53 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

54.     In response to the allegations contained in paragraph 54 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

55.     In response to the allegations contained in paragraph 55 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

56.     In response to the allegations contained in paragraph 56 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

57.     In response to the allegations contained in paragraph 57 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

58.     In response to the allegations contained in paragraph 58 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

59.     In response to the allegations contained in paragraph 59 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

60.     In response to the allegations contained in paragraph 60 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

61.     In response to the allegations contained in paragraph 61 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

9

ER-345

62. In response to the allegations contained in paragraph 62 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

63. In response to the allegations contained in paragraph 63 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

64. In response to the allegations contained in paragraph 64 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

65. In response to the allegations contained in paragraph 65 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

66. In response to the allegations contained in paragraph 66 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

67. In response to the allegations contained in paragraph 67 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

68. In response to the allegations contained in paragraph 68 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

69. In response to the allegations contained in paragraph 69 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

70. In response to the allegations contained in paragraph 70 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

10

71.     In response to the allegations contained in paragraph 71 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

72.     In response to the allegations contained in paragraph 72 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

73.     In response to the allegations contained in paragraph 73 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

74.     In response to the allegations contained in paragraph 74 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

75.     In response to the allegations contained in paragraph 75 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

76.     In response to the allegations contained in paragraph 76 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

77.     In response to the allegations contained in paragraph 77 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

78.     In response to the allegations contained in paragraph 78 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

79.     In response to the allegations contained in paragraph 79 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

11

80.     In response to the allegations contained in paragraph 80 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

81.     In response to the allegations contained in paragraph 81 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

82.     In response to the allegations contained in paragraph 82 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

83.     In response to the allegations contained in paragraph 83 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

84.     In response to the allegations contained in paragraph 84 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

85.     In response to the allegations contained in paragraph 85 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

86.     In response to the allegations contained in paragraph 86 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

87.     In response to the allegations contained in paragraph 87 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

88.     In response to the allegations contained in paragraph 88 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

Defendant Attorney General Xavier Becerra's Answer to Second Amended Complaint  (CV 17-7357 JCS)

89.     In response to the allegations contained in paragraph 89 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

90.     In response to the allegations contained in paragraph 90 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

91.     In response to the allegations contained in paragraph 91 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

92.     In response to the allegations contained in paragraph 92 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

93.     In response to the allegations contained in paragraph 93 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

94.     In response to the allegations contained in paragraph 94 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

95.     In response to the allegations contained in paragraph 95 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

96.     In response to the allegations contained in paragraph 96 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

97.     In response to the allegations contained in paragraph 97 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

13

98.    The allegations contained in paragraph 98 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  To the extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

99.    In response to the allegations contained in paragraph 99 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

100.   In response to the allegations contained in paragraph 100 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

101.   In response to the allegations contained in paragraph 101 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

102.   In response to the allegations contained in paragraph 102 of the Second Amended Complaint, Defendant Becerra admits that California Penal Code §§ 26350 and 26405 generally prohibit persons from openly carrying unloaded firearms, subject to some exceptions.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

103.   In response to the allegations contained in paragraph 103 of the Second Amended Complaint, Defendant Becerra admits that California Penal Code §§ 26350 and 26405 generally prohibit persons from openly carrying unloaded firearms, subject to some exceptions.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

104.   In response to the allegations contained in paragraph 104 of the Second Amended Complaint, Defendant Becerra admits that California Penal Code § 26350 generally prohibits persons from openly carrying unloaded firearms, subject to some exceptions.  As to the remaining

14

1  allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to

2  the truth of the allegations and, therefore, denies the allegations therein.

3      105.  In response to the allegations contained in paragraph 105 of the Second Amended

4  Complaint, Defendant Becerra admits the content of California Penal Code § 26375.  As to the

5  remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a

6  belief as to the truth of the allegations and, therefore, denies the allegations therein.

7      106.  In response to the allegations contained in paragraph 106 of the Second Amended

8  Complaint, Defendant Becerra admits the content of California Penal Code § 26400.  As to the

9  remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a

10  belief as to the truth of the allegations and, therefore, denies the allegations therein.

11      107.  In response to the allegations contained in paragraph 107 of the Second Amended

12  Complaint, Defendant Becerra admits the content of California Penal Code § 26405(r).  As to the

13  remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a

14  belief as to the truth of the allegations and, therefore, denies the allegations therein.

15      108.  In response to the allegations contained in paragraph 108 of the Second Amended

16  Complaint, Defendant Becerra admits the content of California Penal Code § 25510.  As to the

17  remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a

18  belief as to the truth of the allegations and, therefore, denies the allegations therein.

19      109.  In response to the allegations contained in paragraph 109 of the Second Amended

20  Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

21  truth of the allegations and, therefore, denies the allegations therein.

22      110.  In response to the allegations contained in paragraph 110 of the Second Amended

23  Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

24  truth of the allegations and, therefore, denies the allegations therein.

25      111.  The allegations contained in paragraph 111 of the Second Amended Complaint

26  consist of legal argument and/or conclusions, which do not require admission or denial.  To the

27  extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or

28

Defendant Attorney General Xavier Becerra's Answer to Second Amended Complaint  (CV 17-7357 JCS)

1   information sufficient to form a belief as to the truth of the allegations and, therefore, denies the

2   allegations therein.

3       112.   The allegations contained in paragraph 112 of the Second Amended Complaint

4   consist of legal argument and/or conclusions, which do not require admission or denial. To the

5   extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or

6   information sufficient to form a belief as to the truth of the allegations and, therefore, denies the

7   allegations therein.

8       113.   The allegations contained in paragraph 113 of the Second Amended Complaint

9   consist of legal argument and/or conclusions, which do not require admission or denial. To the

10   extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or

11   information sufficient to form a belief as to the truth of the allegations and, therefore, denies the

12   allegations therein.

13       114.   The allegations contained in paragraph 114 of the Second Amended Complaint

14   consist of legal argument and/or conclusions, which do not require admission or denial. To the

15   extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or

16   information sufficient to form a belief as to the truth of the allegations and, therefore, denies the

17   allegations therein.

18       115.   The allegations contained in paragraph 115 of the Second Amended Complaint

19   consist of legal argument and/or conclusions, which do not require admission or denial. To the

20   extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or

21   information sufficient to form a belief as to the truth of the allegations and, therefore, denies the

22   allegations therein.

23       116.   In response to the allegations contained in paragraph 116 of the Second Amended

24   Complaint, Defendant Becerra denies suppressing or threatening to suppress Plaintiff Zeleny's

25   lawful exercise of his Constitutional rights. As to the remaining allegations, Defendant Becerra

26   lacks knowledge or information sufficient to form a belief as to the truth of the allegations and,

27   therefore, denies the allegations therein.

28   / / /

117.   The allegations contained in paragraph 117 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  To the extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

118.   In response to the allegations contained in paragraph 118 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

119.   In response to the allegations contained in paragraph 119 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

120.   In response to the allegations contained in paragraph 120 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

121.   In response to the allegations contained in paragraph 121 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

122.   In response to the allegations contained in paragraph 122 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

123.   In response to the allegations contained in paragraph 123 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

124.   In response to the allegations contained in paragraph 124 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

/ / /

Defendant Attorney General Xavier Becerra's Answer to Second Amended Complaint  (CV 17-7357 JCS)

125. In response to the allegations contained in paragraph 125 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

126. In response to the allegations contained in paragraph 126 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

127. In response to the allegations contained in paragraph 127 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

128. In response to the allegations contained in paragraph 128 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

129. In response to the allegations contained in paragraph 129 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

130. In response to the allegations contained in paragraph 130 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

131. In response to the allegations contained in paragraph 131 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

132. In response to the allegations contained in paragraph 132 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

133. In response to the allegations contained in paragraph 133 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

Defendant Attorney General Xavier Becerra's Answer to Second Amended Complaint  (CV 17-7357 JCS)

134.    In response to the allegations contained in paragraph 134 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

135.    In response to the allegations contained in paragraph 135 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

136.    In response to the allegations contained in paragraph 136 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

137.    In response to the allegations contained in paragraph 137 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

138.    In response to the allegations contained in paragraph 138 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

139.    In response to the allegations contained in paragraph 139 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

140.    In response to the allegations contained in paragraph 140 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

141.    In response to the allegations contained in paragraph 141 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

142.    In response to the allegations contained in paragraph 142 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

19

143.   In response to the allegations contained in paragraph 143 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

144.   In response to the allegations contained in paragraph 144 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

145.   In response to the allegations contained in paragraph 145 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

146.   In response to the allegations contained in paragraph 146 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

147.   In response to the allegations contained in paragraph 147 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

148.   In response to the allegations contained in paragraph 148 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

149.   In response to the allegations contained in paragraph 149 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

150.   In response to the allegations contained in paragraph 150 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

151.   In response to the allegations contained in paragraph 151 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

20

152.   In response to the allegations contained in paragraph 152 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

153.   In response to the allegations contained in paragraph 153 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

154.   In response to the allegations contained in paragraph 154 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

155.   In response to the allegations contained in paragraph 155 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

156.   In response to the allegations contained in paragraph 156 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

157.   In response to the allegations contained in paragraph 157 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

158.   In response to the allegations contained in paragraph 158 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

159.   In response to the allegations contained in paragraph 159 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

160.   In response to the allegations contained in paragraph 160 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

Defendant Attorney General Xavier Becerra's Answer to Second Amended Complaint  (CV 17-7357 JCS)

161.   In response to the allegations contained in paragraph 161 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

162.   In response to the allegations contained in paragraph 162 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

163.   In response to the allegations contained in paragraph 163 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

164.   In response to the allegations contained in paragraph 164 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

165.   In response to the allegations contained in paragraph 165 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

166.   In response to the allegations contained in paragraph 166 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

167.   The allegations contained in paragraph 167 are Plaintiff Zeleny's characterization of his case, to which no answer is required.  To the extent they may be deemed allegations of fact, Defendant Becerra admits that Defendant Bertini contacted the California Department of Justice regarding the Entertainment Firearms Permit issued by the California Department of Justice to Plaintiff Zeleny in 2016.  An Entertainment Firearms Permit certifies that the California Department of Justice has completed a firearms eligibility check and, as of the date of issuance, there is nothing that would prohibit the named permitholder from the possession of firearms loaned to the permittee for use in a motion picture, television, video, theatrical, or other entertainment production pursuant to California Penal Code §§ 29500 through 29530.  As to the

22

1  remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a

2  belief as to the truth of the allegations and, therefore, denies the allegations therein.

3      168.  In response to the allegations contained in paragraph 168 of the Second Amended

4  Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

5  truth of the allegations and, therefore, denies the allegations therein.

6      169.  In response to the allegations contained in paragraph 169 of the Second Amended

7  Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

8  truth of the allegations and, therefore, denies the allegations therein.

9      170.  In response to the allegations contained in paragraph 170 of the Second Amended

10  Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

11  truth of the allegations and, therefore, denies the allegations therein.

12      171.  The allegations contained in paragraph 171 of the Second Amended Complaint are

13  Plaintiff Zeleny's characterization of his case, to which no answer is required.  To the extent they

14  may be deemed allegations of fact, Defendant Becerra admits that Defendant Bertini contacted

15  the California Department of Justice regarding the Entertainment Firearms Permit issued by the

16  California Department of Justice to Plaintiff Zeleny in 2016.  As to the remaining allegations,

17  Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the

18  allegations and, therefore, denies the allegations therein.

19      172.  The allegations contained in paragraph 172 of the Second Amended Complaint are

20  Plaintiff Zeleny's characterization of his case, to which no answer is required.  To the extent they

21  may be deemed allegations of fact, Defendant Becerra admits that Defendant Bertini contacted

22  the California Department of Justice regarding the Entertainment Firearms Permit issued by the

23  California Department of Justice to Plaintiff Zeleny in 2016.  As to the remaining allegations,

24  Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the

25  allegations and, therefore, denies the allegations therein.

26      173.  In response to the allegations contained in paragraph 173 of the Second Amended

27  Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

28  truth of the allegations and, therefore, denies the allegations therein.

Defendant Attorney General Xavier Becerra's Answer to Second Amended Complaint  (CV 17-7357 JCS)

174.   In response to the allegations contained in paragraph 174 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

175.   In response to the allegations contained in paragraph 175 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

176.   In response to the allegations contained in paragraph 176 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

177.   In response to the allegations contained in paragraph 177 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

178.   In response to the allegations contained in paragraph 178 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

179.   In response to the allegations contained in paragraph 179 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

180.   In response to the allegations contained in paragraph 180 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

181.   In response to the allegations contained in paragraph 181 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

182.   In response to the allegations contained in paragraph 182 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

24

  
183.   In response to the allegations contained in paragraph 183 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

184.   In response to the allegations contained in paragraph 184 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

185.   In response to the allegations contained in paragraph 185 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

186.   In response to the allegations contained in paragraph 186 of the Second Amended Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

**DECLARATORY RELIEF**

187.   In response to the allegations contained in paragraph 187 of the Second Amended Complaint, Defendant Becerra denies that an actual, substantial, justiciable, and continuing controversy exists between Plaintiff Zeleny and himself.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

188.   The allegations contained in paragraph 188 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  To the extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

189.   The allegations contained in paragraph 189 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  To the extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

Defendant Attorney General Xavier Becerra's Answer to Second Amended Complaint  (CV 17-7357 JCS)

190.   The allegations contained in paragraph 190 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  To the extent they may be deemed allegations of fact, Defendant Becerra admits the content of California Penal Code §§ 26350 and 26400, but denies that those statutes are unconstitutional.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

191.   The allegations contained in paragraph 191 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  To the extent they may be deemed allegations of fact, Defendant Becerra admits the content of California Penal Code §§ 25510, 26375, and 26405.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

192.   The allegations contained in paragraph 192 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  To the extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

193.   The allegations contained in paragraph 193 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  To the extent they may be deemed allegations of fact, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

## FIRST COUNT

194.   In response to the allegations contained in paragraph 194 of the Second Amended Complaint, Defendant Becerra repeats his responses to the allegations contained in paragraphs 1-193 as though set forth fully herein.

195.   In response to the allegations contained in paragraph 195 of the Second Amended Complaint, Defendant Becerra admits the content of the First Amendment to the United States

1  Constitution and the Due Process Clause of the Fourteenth Amendment to the United States

2  Constitution.  Defendant Becerra contends that the remainder of the paragraph consists of legal

3  argument and/or conclusions, which do not require admission or denial.

4      196.  In response to the allegations contained in paragraph 196 of the Second Amended

5  Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

6  truth of the allegations and, therefore, denies the allegations therein.

7      197.  In response to the allegations contained in paragraph 197 of the Second Amended

8  Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

9  truth of the allegations and, therefore, denies the allegations therein.

10      198.  In response to the allegations contained in paragraph 198 of the Second Amended

11  Complaint, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the

12  truth of the allegations and, therefore, denies the allegations therein.

13      199.  The allegations contained in paragraph 199 of the Second Amended Complaint

14  consist of legal argument and/or conclusions, which do not require admission or denial.  To the

15  extent they may be deemed allegations of fact, Defendant Becerra denies engaging in any

16  unlawful acts as alleged in paragraph 199.  Indeed, the Second Amended Complaint lacks any

17  allegations demonstrating any unlawful acts by Defendant Becerra.  As to the remaining

18  allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to

19  the truth of the allegations and, therefore, denies the allegations therein.

20  **<u>SECOND COUNT</u>**

21      200.  In response to the allegations contained in paragraph 200 of the Second Amended

22  Complaint, Defendant Becerra repeats his responses to the allegations contained in paragraphs 1-

23  199 as though set forth fully herein.

24      201.  In response to the allegations contained in paragraph 201 of the Second Amended

25  Complaint, Defendant Becerra admits the content of the First Amendment to the United States

26  Constitution and the Due Process Clause of the Fourteenth Amendment to the United States

27  Constitution.  Defendant Becerra contends that the remainder of the paragraph consists of legal

28  argument and/or conclusions, which do not require admission or denial.

202.   The allegations contained in paragraph 202 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

203.   The allegations contained in paragraph 203 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

204.   The allegations contained in paragraph 204 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

205.   The allegations contained in paragraph 205 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

206.   The allegations contained in paragraph 206 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  To the extent they may be deemed allegations of fact, Defendant Becerra denies engaging in any unlawful acts as alleged in paragraph 206.  Indeed, the Second Amended Complaint lacks any allegations demonstrating any unlawful acts by Defendant Becerra.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

## THIRD COUNT

207.   In response to the allegations contained in paragraph 207 of the Second Amended Complaint, Defendant Becerra repeats his responses to the allegations contained in paragraphs 1-206 as though set forth fully herein.

/ / /

208.   In response to the allegations contained in paragraph 208 of the Second Amended Complaint, Defendant Becerra admits the content of the First and Second Amendments to the United States Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Defendant Becerra contends that the remainder of the paragraph consists of legal argument and/or conclusions, which do not require admission or denial.

209.   The allegations contained in paragraph 209 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

210.   The allegations contained in paragraph 210 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  Defendant Becerra denies that Plaintiff Zeleny has asserted a facial challenge to California Penal Code §§ 25510, 26375, or 26405.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

211.   The allegations contained in paragraph 211 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

212.   The allegations contained in paragraph 212 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

213.   The allegations contained in paragraph 213 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

214. The allegations contained in paragraph 214 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial. As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

215. The allegations contained in paragraph 215 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial. As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

216. The allegations contained in paragraph 216 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial. As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

217. The allegations contained in paragraph 217 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial. To the extent they may be deemed allegations of fact, Defendant Becerra denies engaging in any unlawful acts as alleged in paragraph 217. Indeed, the Second Amended Complaint lacks any allegations demonstrating any unlawful acts by Defendant Becerra. As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

**FOURTH COUNT**

218. In response to the allegations contained in paragraph 218 of the Second Amended Complaint, Defendant Becerra repeats his responses to the allegations contained in paragraphs 1-217 as though set forth fully herein.

219. The allegations contained in paragraph 219 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial. As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

/ / /

30

220.   The allegations contained in paragraph 220 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

221.   The allegations contained in paragraph 221 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

222.   The allegations contained in paragraph 222 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

223.   The allegations contained in paragraph 223 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  Defendant Becerra denies engaging in any unlawful acts as alleged in paragraph 223.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

224.   The allegations contained in paragraph 224 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  Defendant Becerra denies engaging in any unlawful acts as alleged in paragraph 224.  As to the remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations therein.

## FIFTH COUNT

225.   In response to the allegations contained in paragraph 225 of the Second Amended Complaint, Defendant Becerra repeats his responses to the allegations contained in paragraphs 1-224 as though set forth fully herein.

226.   The allegations contained in paragraph 226 of the Second Amended Complaint consist of legal argument and/or conclusions, which do not require admission or denial.  As to the

31

1  remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a
2  belief as to the truth of the allegations and, therefore, denies the allegations therein.

3      227. The allegations contained in paragraph 227 of the Second Amended Complaint
4  consist of legal argument and/or conclusions, which do not require admission or denial. As to the
5  remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a
6  belief as to the truth of the allegations and, therefore, denies the allegations therein.

7      228. The allegations contained in paragraph 228 of the Second Amended Complaint
8  consist of legal argument and/or conclusions, which do not require admission or denial.
9  Defendant Becerra denies that Plaintiff Zeleny has asserted a claim under the California
10 Constitution. As to the remaining allegations, Defendant Becerra lacks knowledge or information
11 sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations
12 therein.

13     229. In response to the allegations contained in paragraph 229 of the Second Amended
14 Complaint, Defendant Becerra denies promulgating policies and/or procedures, conducted under
15 color of state law, that deprived Plaintiff Zeleny of rights secured by the Equal Protection Clause
16 of the Fourteenth Amendment to the United States Constitution. The remainder of the paragraph
17 consists of legal argument and/or conclusions, which do not require admission or denial. To the
18 extent admission or denial is required, Defendant Becerra lacks knowledge or information
19 sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations
20 therein.

21     **SIXTH COUNT**

22     230. In response to the allegations contained in paragraph 230 of the Second Amended
23 Complaint, Defendant Becerra repeats his responses to the allegations contained in paragraphs 1-
24 229 as though set forth fully herein.

25     231. The allegations contained in paragraph 231 of the Second Amended Complaint
26 consist of legal argument and/or conclusions, which do not require admission or denial. As to the
27 remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a
28 belief as to the truth of the allegations and, therefore, denies the allegations therein.

1      232.  The allegations contained in paragraph 232 of the Second Amended Complaint

2 consist of legal argument and/or conclusions, which do not require admission or denial.  As to the

3 remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a

4 belief as to the truth of the allegations and, therefore, denies the allegations therein.

5      233.  The allegations contained in paragraph 233 of the Second Amended Complaint

6 consist of legal argument and/or conclusions, which do not require admission or denial.  As to the

7 remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a

8 belief as to the truth of the allegations and, therefore, denies the allegations therein.

9      234.  The allegations contained in paragraph 234 of the Second Amended Complaint

10 consist of legal argument and/or conclusions, which do not require admission or denial.  As to the

11 remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a

12 belief as to the truth of the allegations and, therefore, denies the allegations therein.

13      235.  The allegations contained in paragraph 235 of the Second Amended Complaint

14 consist of legal argument and/or conclusions, which do not require admission or denial.  As to the

15 remaining allegations, Defendant Becerra lacks knowledge or information sufficient to form a

16 belief as to the truth of the allegations and, therefore, denies the allegations therein.

17 **<u>PRAYER FOR RELIEF</u>**

18     A.    Defendant Becerra denies that Plaintiff Zeleny is entitled to a declaratory judgment,

19 "pursuant to 28 U.S.C. § 2201, binding on all Defendants, that California Penal Code §§ 26400

20 and 26350 are unconstitutional."

21     B.    Defendant Becerra denies that Plaintiff Zeleny is entitled to a declaratory judgment,

22 "pursuant to 28 U.S.C. § 2201, binding on all Defendants, that California Penal Code §§ 25510,

23 26375, and 26405 do not require municipal approval of 'authorized participants' in an

24 entertainment event or film or video production, and that Zeleny is legally permitted to carry

25 unloaded firearms in connection with his entertainment events and/or his film or video

26 productions, without the need for City approval, subject to compliance with other applicable

27 laws."

28 / / /

C. Defendant Becerra denies that Plaintiff Zeleny is entitled to a declaratory judgment, "pursuant to 28 U.S.C. § 2201, binding on all Defendants, that Zeleny's peaceful carrying of unloaded firearms in the course of his speech on matters of public concern or matters of political, social, or other concerns to the community or issues of significant importance to the public as a whole, is constitutionally protected; in the alternative, enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, binding on all Defendants, that Zeleny's peaceful carrying of unloaded firearms in the course of his entertainment events and/or his film or video productions, is constitutionally protected."

D. Defendant Becerra denies that Plaintiff Zeleny is entitled to a declaratory judgment, "pursuant to 28 U.S.C. § 2201, binding on the City and Bertini, that Zeleny's speech activity concerning the child rape cover-up by the Zhus and their associates is constitutionally protected and not obscene or 'obscene as to minors' within the meaning of the California Penal Code, and that their public display would not violate Penal Code §§ 311.2, 313.1(a), and 313.4, in virtue of its serious literary, artistic, political, and social value."

E. Defendant Becerra denies that Plaintiff Zeleny is entitled to a declaratory judgment, "pursuant to 28 U.S.C. § 2201, that the City of Menlo Park's Special Event Permit requirement is unconstitutional on its face, or in the alternative, as applied to Zeleny's protests."

F. Defendant Becerra denies that Plaintiff Zeleny is entitled to an injunction, "against Defendants prohibiting them from enforcing Penal Code §§ 26400 and 26350 against Zeleny in connection with his peaceful protests, from enforcing the City of Menlo Park's Special Event Permit requirement, and from refusing to grant Zeleny required permits based on the content of his speech activity."

G. Defendant Becerra denies that Plaintiff Zeleny is entitled to a declaratory judgment, "pursuant to 28 U.S.C. § 2201, construing California Penal Code §§ 25510, 26405, and 26375 and enter a declaratory judgment stating that these sections exempt from sanctions under California Penal Code §§ 25400, 26400, and 26350 for the carrying of an unloaded handgun and of an unloaded firearm that is not a handgun, *any individual* who acts and/or holds himself out as an authorized participant in, or serves as an authorized employee or agent of a supplier of

34

firearms for, a motion picture, television or video production, or entertainment event, when the participant lawfully uses that firearm as part of that production or event, as part of rehearsing or practicing for participation in that production or event, or while the participant or authorized employee or agent is at that production or event, or rehearsal or practice for that production or event. Relevant actions and representations include, without limitation, displaying ornamental signs or multimedia artworks; reciting slogans, speeches, or poetry; playing trumpets, accordions, bagpipes, or other musical instruments; and/or wearing conspicuous costumes, makeup, wigs, clown noses, or other decorative prostheses."

H.    Defendant Becerra denies that Plaintiff Zeleny is entitled to an award of nominal damages against Defendant NEA and punitive damages in an amount to be proven at trial.

I.    Defendant Becerra denies that Plaintiff Zeleny is entitled to an award of attorneys fees pursuant to 42 U.S.C. § 1988 and California Code of Civil Procedure § 1021.5, and costs as provided by law.

J.    Defendant Becerra denies that Plaintiff Zeleny is entitled to an award of any such other and further relief as the Court deems just and proper.

## DEFENSES

### FIRST DEFENSE

Plaintiff Zeleny fails to state a claim for relief against Defendant Becerra.

### SECOND DEFENSE

Plaintiff Zeleny's alleged violation of the Fourteenth Amendment to the United States Constitution (Second Amended Complaint, ¶¶ 225-229) fails because no case or controversy exists between Plaintiff Zeleny and Defendant Becerra.

### THIRD DEFENSE

Plaintiff Zeleny's alleged violation of the Fourteenth Amendment to the United States Constitution (Second Amended Complaint, ¶¶ 225-229) is barred by the Eleventh Amendment.

### FOURTH DEFENSE

To the extent that Plaintiff Zeleny alleges a violation of the California Constitution (Second Amended Complaint, ¶¶ 225-229), such claim is barred because a federal court may not grant

35

1  relief against a state official on the basis of state law. *Pennhurst State Sch. & Hosp. v.*

2  *Halderman*, 465 U.S. 89 (1984).

3  **FIFTH DEFENSE**

4  Defendant Becerra has insufficient knowledge on which to form a belief as to whether he

5  may have additional, as yet unstated, defenses available. Defendant Becerra reserves the right to

6  assert additional defenses in the event that discovery indicates such additional defenses are

7  proper.

8  **PRAYER FOR RELIEF**

9  **WHEREFORE**, Defendant Becerra prays for judgment as follows:

10  1.  Plaintiff Zeleny take nothing from Defendant Becerra by way of this action;

11  2.  Plaintiff Zeleny's Second Amended Complaint be dismissed with prejudice, and

12  judgment entered in favor of Defendant Becerra;

13  3.  Defendant Becerra be awarded costs of suit, and any other relief which the Court

14  deems proper.

15
16  Dated:  September 10, 2019                Respectfully submitted,

17                                            XAVIER BECERRA
                                              Attorney General of California
18                                            ANTHONY R. HAKL
                                              Supervising Deputy Attorney General

19
20
21                                            */s/ Noreen P. Skelly*
                                              NOREEN P. SKELLY
22                                            Deputy Attorney General
                                              *Attorneys for Defendant Attorney General*
23                                            *Xavier Becerra*

24
25
26
27  SA2018100198
    14068326.docx
28

36

# CERTIFICATE OF SERVICE

Case Name: **Zeleny, Michael v. Edmund G. Brown, et al.**   No.   **3:17-cv-07357 RS (NC)**

I hereby certify that on <u>September 10, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S ANSWER TO PLAINTIFF MICHAEL ZELENY'S SECOND AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>September 10, 2019</u>, at Sacramento, California.

|  |  |
|---|---|
| Eileen A. Ennis | */s/ Eileen A. Ennis* |
| Declarant | Signature |

SA2018100198
14089274.docx

David W. Affeld, State Bar No. 123922
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:     (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY, | Case No. CV 17-7357 RS |
|     Plaintiff, | <u>Assigned to:</u><br>The Honorable Richard G. Seeborg |
|       vs. | |
| GAVIN NEWSOM, *et al.*, | **SECOND AMENDED COMPLAINT;<br>DEMAND FOR JURY TRIAL** |
|     Defendants. | Date:  August 8, 2018<br>Time: 1:30 p.m.<br>Courtroom:  3, 17th Floor |
| | Action Filed:  December 28, 2017<br>Trial Date:     November 18, 2019 |

Plaintiff Michael Zeleny ("Plaintiff" or "Zeleny') alleges for his Second Amended

Complaint against Defendants Xavier Becerra, in his official capacity ("Becerra"), the City of

Menlo Park (the "City"), Police Chief Dave Bertini ("Bertini"), and New Enterprise Associates

("NEA"; collectively, "Defendants"), as follows.

- 1 -

SECOND AMENDED COMPLAINT

ER-374

1.    This case is brought to challenge the constitutionality of California statutes restricting Plaintiff's rights to bear arms under the Second Amendment while engaging in, and as part of, entertainment events and media productions of peaceful, public speech on matters of public concern or matters of political, social, or other concerns to the community, or issues of significant importance to the public as a whole, as protected by the First Amendment. This case also challenges the application, by the City of Menlo Park (the "City"), of California statutes restricting Plaintiff's rights to bear arms under the Second Amendment while engaging in, and as part of, entertainment events and media productions of peaceful, public speech on matters of public concern or matters of political, social, or other concerns to the community, or issues of significant importance to the public as a whole, as protected by the First Amendment.  Lastly, this case challenges state statutes and municipal policies that have been seized upon by the City, which has imposed unlawful, content-based prior restraints, backed by the threat of criminal prosecution, to stifle Plaintiff's Constitutionally protected speech.

2.    Plaintiff Michael Zeleny ("Zeleny" or "Plaintiff") has been making lawful public protests in an effort to expose grave wrongdoing by a prominent Silicon Valley executive, Min Zhu, and those individuals and entities who have willingly continued to do business with Min Zhu despite knowing about his misconduct.  Min Zhu's cohorts include New Enterprise Associates, Inc. ("NEA"), present and former members of NEA's senior management, WebEx Communications, Inc. ("WebEx"), and present and former members of its senior management. The point of Zeleny's protests is to express the view that Min Zhu's wrongdoing, and the conduct of NEA and WebEx senior management in turning a blind eye to it, should disqualify them from any involvement in publicly traded companies.

3.    Zeleny's protests have sought to publicize allegations that Min Zhu repeatedly raped his daughter Erin Zhu when she was 14 years old.  Other Silicon Valley executives and investors, including NEA, WebEx, and their senior management, became aware of Min Zhu's incestuous, pedophilic assaults, but have nevertheless continued to do business with him.  Zeleny has been protesting to expose Min Zhu's despicable conduct and the corruption of Min Zhu's cohorts for condoning it.

SECOND AMENDED COMPLAINT

4. To amplify his message, Zeleny previously conducted protests at which he lawfully carried unloaded firearms. Zeleny also used simulated, non-explicit images and videos of Min Zhu's heinous conduct. In compliance with entertainment event and film and video production exemptions to recently enacted California bans on the carrying of unloaded firearms, Zeleny has created, and intends to continue creating, multimedia video and live entertainment events to disseminate his message.

5. The targets of Zeleny's protests have attempted to sweep Min Zhu's misdeeds and NEA's and WebEx's knowledge of them under the rug. They have enlisted the help of local law enforcement to suppress Zeleny's speech. In 2012, they responded to Zeleny's protests by having him arrested and criminally prosecuted for supposed violations of California open and/or concealed carry laws. Zeleny was acquitted after a bench trial. Since that time, at the behest of NEA, the City has circumvented and subverted its own policies to deprive Zeleny of access to the permitting process so that he can resume his protests.

6. Despite having failed in the earlier prosecution, the City continues to threaten further prosecution if Zeleny resumes his protests. The City asserts that Zeleny is required to have a permit from the City for his events in order to qualify for state law exemptions to the firearm carry ban. Yet, the City refuses to grant Zeleny a permit for his entertainment events, even though he is willing to comply with lawful time, place, and manner restrictions. Indeed, the City refuses even to advise Zeleny *what the requirements are* for seeking a permit. Instead, the City has made clear that it will not grant Zeleny a permit because it considers his message offensive, and that if he continues his protests, the City will prosecute him for violating California's obscenity laws and its open and/or concealed carry statutes.

7. Zeleny files this action to seek a declaration that the California statutes invoked against him are unconstitutional. Zeleny also seeks a declaration that the California statutes as applied against him by the City are unconstitutional. Zeleny contends that the People of the State of California and the Menlo Park Police Department have violated and threaten further violation of Zeleny's rights under the First, Second, and Fourteenth Amendments to the United States Constitution and provisions of the California State Constitution. Furthermore,

- 3 -

Zeleny's exercise of his Constitutional rights arises in connection with a public issue or an issue of public interest.  Thus, Zeleny sues under 42 U.S.C. § 1983 for violation of his civil rights.

8.     Zeleny challenges the facial validity of California statutes restricting the public display of unloaded firearms, California Penal Code §§ 26400 and 26350. Plaintiff also challenges the interpretation of California Penal Code §§ 25510, 26400, 26405, 26350, and 26375 by local authorities in the City of Menlo Park, as applied to Plaintiff under the particular circumstances of this case, and to the City's adoption and enforcement of municipal policy as content-based restrictions on his protected speech.

## JURISDICTION AND VENUE

9.     This action arises under the United States Constitution, particularly the First, Second, and Fourteenth Amendments, and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988.

10.     This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

11.     This Court has authority to grant the requested declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

12.     This Court has authority to issue the requested injunctive relief pursuant to 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65.

13.     This Court has authority to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

14.     This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), and it is authorized to award attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

15.     Each of Defendant's unlawful acts alleged herein occurred in the State of California and within the Northern District of California.

16.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the instant action occurred in Menlo Park, California.

- 4 -

SECOND AMENDED COMPLAINT

# THE PARTIES

17.     Zeleny is a citizen and resident of Los Angeles, California.  Zeleny is an internationally renowned researcher of the history and technology of firearms, and a holder of a California Certificate of Eligibility (COE), which certifies that the California Department of Justice (DOJ) has checked its records and determined that he is not prohibited from acquiring or possessing firearms at the time the firearms eligibility criminal background check was performed. A COE is a prerequisite licensing/permit requirement for all prospective licensed firearms dealers, licensed ammunition vendors, manufacturers, certified instructors, gun show promoters, explosive permit holders, and other firearm-related employment activities, including any agent or employee of a vendor who handles, sells, or delivers firearms and ammunition. Zeleny has never been convicted of a felony or misdemeanor offense.

18.     Defendant Xavier Becerra (hereinafter "Becerra") is the Attorney General of the State of California.  Plaintiff is informed and believes, and on that basis alleges, that Becerra is a citizen and resident of the State of California.

19.     Defendant City of Menlo Park (hereinafter "City") is a municipal corporation duly organized and existing under the laws of the State of California and located within the Northern District of California.

20.     Defendant Dave Bertini (hereinafter "Bertini") is and was at all relevant times the Commander of the Menlo Park Police Department.  He committed the acts complained of herein while acting in his official capacity as Police Commander.  Plaintiff is informed and believes, and on that basis alleges, that Bertini is a citizen and resident of the state of California and the Northern District of California.

21.     In all of their actions and omissions alleged below, the foregoing Defendants were acting under color of state law and are being sued in their official capacities pursuant to *Ex Parte Young*, 209 U.S. 123 (1908).

22.     Defendant New Enterprise Associates, Inc. (hereinafter, "NEA") is a Delaware corporation with its principal place of business in Menlo Park, California.  NEA bills itself as the largest and most prominent venture capital firm in the world.

SECOND AMENDED COMPLAINT

23.    At all relevant times alleged herein, Defendant NEA conspired with defendants City and Bertini for the purpose of violating Zeleny's constitutional rights under the First, Second, and Fourteenth Amendments to the United States Constitution.

## FACTS

**Min Zhu's Heinous Conduct**

24.    Min Zhu was a prominent Silicon Valley executive who worked in the high-tech industry in California from the late 1980's until May 2005.  He was a founder, President, and Chief Technology Officer of WebEx, an Internet technology company that became publicly traded on NASDAQ in 2000.

25.    Plaintiff is informed and believes, and on that basis alleges, that since May 2005, Min Zhu has continued to work in the high-tech industry based out of the People's Republic of China, and that Silicon Valley executives, including current and former NEA senior management, continue to fund him and collaborate with him in his ventures.

26.    Plaintiff is informed and believes, and on that basis alleges, that in or about August and September of 1988, Min Zhu repeatedly raped his daughter Erin Zhu, who was 14 years old at the time.  At the time, Erin Zhu had been cut off from contact with anyone outside the home.  Her mother was away undergoing medical treatment in China.  While Erin Zhu was isolated and helpless, Min Zhu raped her for a period of four weeks, until his wife returned to California in September of 1988.

27.    Erin Zhu testified about these events under oath in 2003.  Min Zhu was afforded multiple opportunities to deny her testimony, but he has never disputed it.  In early 2000, Erin Zhu successfully pursued a claim against her father, Min Zhu, for childhood sexual abuse.  Erin Zhu settled her claim against Min Zhu on confidential terms.

**Zeleny Becomes Aware of Min Zhu's Conduct**

28.    Zeleny became aware of Min Zhu's monstrous conduct when he developed a personal and professional relationship with Erin Zhu from the early 1990s to 2000.  During the time that Erin Zhu and Zeleny were involved, romantically and in business, Erin Zhu told Zeleny about the horrific abuse she suffered at the hands of her father, Min Zhu.

SECOND AMENDED COMPLAINT

ER-379

29.     Erin Zhu also told Zeleny about posts she had made on the Usenet newsgroup alt.sexual.abuse.recovery in 1991 and 1992.  Erin Zhu's posts corroborated what she had told Zeleny.  The posts can be found at: https://groups.google.com/forum/?hl=en#!search/erin$20zhu$20sexual$20abuse

30.     Erin Zhu also testifed about these events under oath in deposition.  Her deposition testimony can be found at: https://youtu.be/QgmWMGG3qgE/.

31.     Erin Zhu requested that Zeleny help her pursue claims against her father for childhood sexual abuse.  Zeleny is informed and believes, and on that basis alleges, that Min Zhu paid Erin Zhu a substantial sum of money as part of a confidential settlement to resolve her claims in April 2000.

**NEA's Support of Min Zhu Despite Knowledge of the Allegations of His Conduct**

32.     NEA provided venture capital support to WebEx from its early stages, through and beyond its initial public offering in 2000.

33.     NEA continued to do business with Min Zhu through 2005, when Zeleny began his public protests.  On May 2, 2005, during a WebEx Experience conference in San Francisco, Zeleny protested against the coverup of Min Zhu's rape of his daughter.  The next day, WebEx cancelled its conference.  It never held another user conference.

34.     According to *Breaking News*, posted on ConferencingNews.com on May 3, 2005, WebEx shut down its user conference in response to Zeleny's protest outside the Westin St. Francis in San Francisco the day before. The archived posting reporting this event can be found at https://web.archive.org/web/20050507090846/http:/www.conferencingnews.com/breakingnews/11

35.     A week later, this report was corroborated by another conference attendee, who stated "that the conference was cancelled because a protestor with guns was outside the event and was consequently arrested Monday night."  The archived posting of this attendee's report can be found at http://web.archive.org/web/20070225101509/conferblog.com/public/item/91268.

SECOND AMENDED COMPLAINT

36.        On May 13, 2005, after failing to get a restraining order against future protests by Zeleny, WebEx announced Min Zhu's sudden "retirement" and his relocation to China. The archived posting of this document can be found at https://web.archive.org/web/20051109144958/http:/www.webex.com:80/pr/pr340.html

37.    Zeleny is informed and believes, and on that basis alleges, that the management of WebEx encouraged Min Zhu to "retire" as a result of Zeleny's public disclosure of Min Zhu's heinous conduct.

38.    On September 23, 2005, *Private Equity Week* announced the formation of Northern Light, a venture capital fund co-founded in China by Min Zhu, in partnership with Scott Sandell of NEA. In commenting on this announcement on the same day, *China Venture News* reported: "What's missing in the *PrivateEquityOnline* article or any NEA release is any mention of the previous controversy surrounding NEA's venture partner, Min Zhu, who joined NEA in 2004, after his forced resignation as WebEx President and Director." The archived posting of this report can be found at https://web.archive.org/web/20110314194905/ http://www.chinaventurenews.com/50226711/nea_invests_in_china_vc_firm_northern_light.php

39.    Following Min Zhu's departure from WebEx and his flight from the United States, Zeleny emailed various senior management of NEA to put them and NEA on direct, personal notice of Min Zhu's abuse of Erin Zhu.

40.    NEA refused to disavow Min Zhu. Zeleny is informed and believes, and on that basis alleges, that NEA has continued to do business with Min Zhu, who is now ensconced in the Peoples' Republic of China. In particular, C. Richard "Dick" Kramlich, a former Chairman and Co-Founder of NEA, moved to Shanghai in January 2008 to collaborate with Min Zhu, long after Zeleny brought the facts of Min Zhu's sexual depravity to the attention of NEA. See the report published in *San Francisco Business Times* on June 29, 2008, at https://www.bizjournals.com/sanfrancisco/stories/2008/06/30/focus1.html?page=all. Zeleny is informed and believes, and on that basis alleges, that NEA has sought to suppress media reports concerning the causes and circumstances of Min Zhu's departure from WebEx and the United States.

SECOND AMENDED COMPLAINT

**Zeleny's Protests Against Min Zhu and His Enablers**

41.    Because of the foregoing, Zeleny believed that Min Zhu was categorically unfit to serve as an officer of a publicly traded company.  Zeleny also believed that anyone who would do business with Min Zhu despite knowledge of Min Zhu's monstrous conduct was similarly unfit for any position involving the public trust.

42.    Between 2005 and 2012, Zeleny conducted a series of public protests. Initially, Zeleny's protests were directed only against Min Zhu.  Zeleny later broadened his protests after NEA senior management refused to acknowledge or address Erin Zhu's claims. He expanded his protests to include the officers and directors of WebEx and investors in WebEx who had knowledge of Min Zhu's conduct, yet willingly continued to do business with him, including NEA and certain of its senior management such as Scott Sandell and Dick Kramlich. Zeleny's public protests were intended to expose Min Zhu's conduct and the moral bankruptcy of Min Zhu's cohorts for condoning it.

43.    The protests have taken the form of in-person demonstrations, musical performances, and multimedia posts on YouTube as well as Zeleny's Internet-based LiveJournal blog, at http://larvatus.livejournal.com/tag/webex.

44.    Zeleny's protests were intended to be provocative.  They included flyers and posters containing graphic but non-obscene images reflecting Min Zhu's conduct.  They also included flyers and posters calling out specific individuals, including WebEx's Chief Executive Officer Subrah Iyar and NEA's Scott Sandell and Dick Kramlich, for being enablers of Min Zhu. To draw attention to Zeleny's message, some of Zeleny's protests involved music played on accordions, trumpets, and bagpipes, and offers of free food to sex workers, registered sex offenders, and adult industry performers.

45.    Zeleny made video recordings of his demonstrations and posted them on the Internet.  He created a website, www.subrah.com, summarizing the contents of these protest activities.  On the website, Zeleny states that executives who raped family members and their knowing enablers have no place in positions of public trust.

- 9 -

SECOND AMENDED COMPLAINT

**ER-382**

46. In a further effort to draw attention to his First Amendment protests, Zeleny eventually moved to lawfully exercising his Second Amendment rights, openly carrying and displaying unloaded weapons in compliance with state law.

47. Zeleny always notified public officials and peace officers in advance of his plans for demonstrations. He always complied with any peace officer's request to inspect his weapons. Zeleny complied with all time, place, or manner restrictions on his protests requested by the City authorities, even when he believed that such restrictions were unlawful.

48. Zeleny's exercise of his Second Amendment rights has been part and parcel of his exercise of his First Amendment right to protest against Min Zhu and Min Zhu's cohorts. By incorporating a display of unloaded weapons, Zeleny intended to dramatize his protests, attract attention to them, and amplify his message.

**The Attempts to Stifle Zeleny's Protests**

49. Min Zhu and his cohorts have persistently tried to stifle Zeleny's protests.

50. In 2005, WebEx unsuccessfully sued Zeleny over truthful posts he made on the Yahoo! message board pertaining to WebEx. The case was styled *WebEx Communications, Inc. v. Zeleny*, Santa Clara County Superior Court Case No. 104CV024062, later Los Angeles County Superior Court Case No. BC324927. WebEx was eventually made to pay over $16,000 in attorney's fees and sanctions to Zeleny, first for filing in an improper venue, and subsequently after its complaint was stricken under California's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute.

51. When WebEx was unsuccessful in its efforts to silence Zeleny through civil litigation, it then enlisted law enforcement to attempt to silence him on its behalf.

52. On May 2, 2005, Zeleny began a campaign of street protests against WebEx and Min Zhu at a WebEx user conference at the Westin St. Francis hotel in San Francisco. Zeleny also protested against Subrah Iyar, another co-founder of WebEx and its CEO, and against Scott Sandell, a venture capitalist with NEA who had funded WebEx.

SECOND AMENDED COMPLAINT

53.     Zeleny's protest was peaceful. He did not threaten anyone or brandish any weapons. He did not use abusive language. Zeleny stood peacefully in front of the hotel, in a business suit, holding a two-foot by three-foot board, and distributing flyers.

54.     WebEx nevertheless called the San Francisco Police Department and had Zeleny arrested. Because the arrest was unlawful, later that same day, May 2, 2005, the San Francisco Police department released Zeleny without charges.

55.     He resumed his protest the following morning, May 3, 2005. WebEx then abruptly canceled its user conference. Ten days later, Min Zhu resigned from WebEx and left the United States for China.

56.     In October 2009 and September 2010, Zeleny conducted protests in front of NEA's headquarters in Menlo Park to protest its ongoing support of Min Zhu.

**NEA and the City Conspire to Derail Zeleny's Protests**

57.     In the midst of Zeleny's protests, the City and NEA entered into an agreement to stifle, restrict, frustrate, interfere with and ultimately stop Zeleny's protests by any available means. The City explained in internal documents the desire to develop a "firm solution to ending his protests." The object of this conspiracy was to delay and ultimately shut down Zeleny's protests using, among other things, harassing police tactics, false criminal prosecution, baseless legal proceedings, and later a sham permitting process.

58.     The reason for the conspiracy was NEA's, the City's, and Bertini's disagreement with the content of Zeleny's protected speech and his exercise of lawful Second Amendment rights. The object of the conspiracy was illegal. At no time has the City or NEA legitimately believed or expected that they could stop Zeleny's protected based on its content. Instead, they have used unlawful and fraudulent actions as a weapon to directly interfere with Zeleny's protests through delay, distraction, and interference in violation of his First, Second, and Fourteenth Amendment rights.

59.     Zeleney is informed and believes that the City and NEA first entered into this conspiracy and reached a meeting of the minds in or about 2009 through a series of phone calls and in-person communications between representatives of NEA and the City police

SECOND AMENDED COMPLAINT

department, including Sergeant Sharon Kaufman and Bertini.  NEA representatives involved in

reaching and implementing the agreement included NEA security head David Tesmontan and his

predecessors.

60.    On information and belief, the conspiracy has later expanded to include

other individuals and other tactics, but the general object and nature of the conspiracy has

remained the same.  Among other communications, Zeleny is informed and believes that the

City and NEA developed and fostered the conspiracy through numerous meetings and phone

calls, corresponding to Zeleny's protests, including in October 2009, September 2010, October

2010, April 2011, October 2011, February 2012, June 2012, March 2013, April 2013, and

September 2015.  In addition, NEA and the City have routinely emailed one another regarding

Zeleny throughout the period of his protests.

61.    The conspiracy between the City and NEA has continued to date.  The City

and NEA have remained in regular contact since forming the conspiracy to develop ways, both

explicit and tacit, to perpetually stifle, delay, frustrate, and interfere with Zeleny's protected

activity.  According to the City, it remained in "close contact with security from NEA" to

address Zeleny and has "worked collaboratively" with NEA to address Zeleny's protests.

62.    Each of NEA and the City have taken overt acts in furtherance of the

conspiracy, including, without limitation, those alleged below.

**Baseless Legal Proceedings Against Zeleny**

63.    NEA and its executives and affiliates have filed a series of baseless legal

proceedings against Zeleny pursuant to the conspiracy.  The campaign by NEA and its affiliates

began with the WebEx lawsuit in 2004.  On information and belief, each of these lawsuits was

brought with NEA's assistance and encouragement, pursuant to a policy of starting litigation

against Zeleny without regard to its merit, solely for the purpose of interfering directly with his

protests by seeking frivolous emergency relief, intimidating Zeleny, and sapping his resources.

64.    In 2004, NEA affiliate WebEx frivolously sued Zeleny for defamation in

the case styled *WebEx Communications, Inc. v. Michael Zeleny*, Santa Clara Superior Court,

Case No. 1-04-CV 024062.  On information and belief, NEA encouraged and assisted WebEx in

this suit. The lawsuit was objectively baseless and was filed for the sole purpose of using litigation to temporarily stifle Zeleny's speech.

65.     WebEx also engaged in other bad faith conduct to protract the litigation and disadvantage Zeleny, using the litigation to sap his resources and interfere with his protests. It filed suit in the wrong venue in clear violation of California law. WebEx was made to pay $4,316.30 in sanctions for frivolously suing in the wrong venue.

66.     The trial court then struck the majority of WebEx's compliant under the California Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, finding that had no likelihood of success on the merits. As a result, WebEx was made to pay another $12,000.00 in sanctions to Zeleny for filing frivolous claims in an effort to stifle his First Amendment rights.

67.     WebEx dropped the remainder of its case in exchange for a waiver of malicious prosecution claims and Zeleny's agreement not to file an Anti-SLAPP motion in other contemplated litigation.

68.     Zeleny is informed and believes that in 2009, with the encouragement and assistance of NEA and the City, NEA executive Scott Sandell filed a frivolous application in the San Mateo Superior Court for a temporary restraining order against Zeleny. This application was based on Zeleny's protests.

69.     This application was objectively baseless and known by NEA, Sandell, and the City to be baseless. Zeleny had not engaged in any conduct offering a basis for a restraining order under California law. The TRO application was also untenable under established law as violative of Zeleny's First Amendment rights.

70.     On information and belief, the TRO application was filed to directly interfere with Zeleny's protests despite knowledge of NEA and Sandell they could not prevail on the merits and that the TRO would be dissolved at a merits hearing.[1] NEA and Sandell

---

[1] Under California procedures, a party may seek a temporary restraining order against "harassment" on an *ex parte* basis by simply filing a form. If the court grants the restraining order, it will then set a merits hearing to determine whether the order can continue in effect. In the interim, the TRO requires a forfeiture of all firearms owned by the person subject to the order.

- 13 -

SECOND AMENDED COMPLAINT

intentionally used this baseless TRO filing in an effort to delay and interfere with Zeleny's protests. The TRO application was denied without opposition or notice to Zeleny.

71.    On October 5, 2010, NEA again filed another baseless TRO application against Zeleny in the case styled *New Enterprise Associates v. Zeleny*, San Mateo County Superior Court Case No. CIV499465. Once again, NEA knew that the TRO application was objectively baseless and would not withstand a merits hearing. Nonetheless, NEA filed the baseless application solely to interfere with Zeleny's protests and to temporarily delay the protests.

72.    The court summarily denied the TRO application.

73.    During this litigation, NEA engaged in other sham litigation conduct designed to entangle Zeleny in frivolous and costly litigation to directly interfere with his protests, and to distract and intimidate him. Among other things, NEA withheld and refused to disclose evidence, necessitating repeated motions to compel for basic discovery and depositions.

74.    In late 2011, after the lawsuit had been pending for more than a year, Zeleny was forced to settle as he could not bear the ongoing expenses of defending himself.

75.    In early 2012, in response to resumed protests, with the City's active encouragement and assistance, NEA worked with the City to prepare an application for an Emergency Protective Order ("EPO") against Zeleny. This was apparently the City's idea, but the City required assistance from NEA to act as the complaining party.

76.    The contemplated EPO was also objectively baseless. Under California law, an EPO is available at the request of law enforcement to protect against domestic violence, child abuse, abduction, or elder abuse. No grounds existed for the issuance of an EPO. Nonetheless, as with the sham TRO applications, an EPO requires a turn over of all firearms until the merits hearing. On information and belief, the purpose of preparing the EPO was to directly interfere with Zeleny's protests without any hope of securing merits relief.

77.    As described in more detail below, rather than file the EPO application, the City, pursuant to its conspiracy with NEA, had Zeleny falsely prosecuted for carrying a concealed firearm.

- 14 -

**Harassing Police Conduct and Surveillance**

78.     In internal writings, including in police reports and in internal memo of May 2012, the City confirmed that Zeleny was not in violation of any laws in connection with his protected protesting activity.

79.     Nonetheless, NEA and the City continued to harass Zeleny pursuant to the conspiracy in order to dissuade him from protesting and to disrupt his protests.  None of this conduct was intended as legitimate law-enforcement activity, designed to result in arrest or prosecution.  All of it was designed to directly interfere with the protests and to dissuade Zeleny from protesting.

80.     Pursuant to the conspiracy, NEA took it upon itself—with encouragement from the City—to engage in daily surveillance of Zeleny including in-person and online monitoring.  On information and belief, this surveillance was designed, in large part, as an effort to harass and intimidate.  NEA's private contractors followed Zeleny and tracked his whereabouts and online activity at all times for a period of years.

81.     NEA, with the encouragement of the City, also retained armed security staff when Zeleny was expected.   The City encouraged NEA to have armed security personnel remain on location through the duration of Zeleny's protests.

82.     As part of the conspiracy with the City, NEA would report Zeleny to the police each time Zeleny appeared, regardless of whether Zeleny had engaged in any wrongdoing and although NEA knew that Zeleny had not committed any crimes.  City police gave NEA representatives their personal cell phone numbers so that NEA could contact them to address the Zeleny situation without using official channels.

83.     NEA had no expectation that calling the police on Zeleny would result in a lawful arrest or prosecution and well knew that he had not committed any crimes.    Internal police records show that Zeleny was not engaged in any criminal activity and was extremely cooperative at all times.  NEA reported Zeleny solely to trigger a response by police officers who would then harass and disrupt Zeleny's protests.

SECOND AMENDED COMPLAINT

**ER-388**

84.     Much of NEA's reporting to the police was false or, at minimum, highly misleading.  For example, despite Zeleny not being at NEA's headquarters in close to a year, NEA security reported to the City police (as well as the FBI, ATF, and the U.S. DOJ) that Zeleny was an "on-going threat to NEA and its employees."   On information and belief, NEA made other false and misleading reports to law enforcement authorities, solely for the purpose of causing them to harass Zeleny and not to secure any genuine law enforcement action such as arrest or prosecution.  NEA's reporting was routinely based solely on the content of Zeleny's lawful First Amendment activity.

85.     Consistent with the conspiracy, the City engaged in extensive harassing conduct towards Zeleny in violation of its own written policies.  It would uniformly respond to NEA's reports by appearing on site and harassing Zeleny and his supporters.

86.     City police remained on scene at all times when Zeleny was present, despite repeatedly acknowledging that Zeleny was fully cooperative and had not committed any crime.  While present, City police stopped and questioned Zeleny and his supports extensively without any reasonable suspicion of criminal activity.

87.     In violation of written City policy, police questioned Zeleny and his supporters about the content of their protests and their motivations for protesting.

88.     City police would also follow and question Zeleny's supporters extensively about their affiliations with Zeleny and their involvement in his protests.  In one instance, in an effort to dissuade Zeleny's supporters, City police extensively questioned an off-duty Sheriff's Deputy attending the protests about his relationship to Zeleny and his status with the Sheriff's department where he worked.  They followed and stopped other supporters merely to question them about their affiliation with Zeleny and why they were supporting him, using sham "enforcement stops" for this purpose.

89.     Also in violation of written policy, City police followed Zeleny and his supporters in both marked and unmarked cars and using undercover officers.  City police followed Zeleny even after he left the City limits and kept tabs on where he was staying.

SECOND AMENDED COMPLAINT

90. City police interfered with Zeleny's protests, requiring him to lower the volume of musical performances and to move his signage, even when this was not required by City ordinance or policy. Doing so was also a violation of the City's written policy.

91. The City kept extensive surveillance on Zeleny, again in violation of City policy, which prohibits City staff from keeping surveillance on protestors when there is no reasonable suspicion of a crime being committed. City police were given an express directive to issue "[d]etailed reports regarding any contact with Zeleny." In addition to generating numerous "informational" reports on Zeleny, Bertini kept his own personal "Zeleny file."

92. During Zeleny's protests, Bertini unilaterally deemed Zeleny as a "security risk," and used this as a basis to ignore City policy prohibiting the above conduct.

**Frivolous Criminal Prosecution**

93. In July 2012, pursuant to its conspiracy with NEA, the City frivolously referred Zeleny to the County of San Mateo District Attorney's Office[2] for a sham prosecution for carrying a "concealed" handgun. This prosecution was also objectively baseless and a sham based on misrepresentations and the suppression of exculpatory evidence required to be disclosed to Zeleny under *Brady v. Maryland*, 373 U.S. 83 (1963). The City and NEA's aim was, again, to directly interfere with Zeleny's protests rather than to achieve a legitimate outcome through the criminal process.

94. The City's referral of the criminal case was fraudulent and based on the willful withholding and misrepresentation of evidence. Initially, the officers who responded to Zeleny's protests on the date in question, June 13, 2012, found no evidence of criminal activity. Nonetheless, Bertini made the decision to refer Zeleny for prosecution.

95. The City referred Zeleny for prosecution based on the written report of Officer Jeremy Foy. Initially, Officer Foy reported his interaction with Zeleny as informational only. Neither Officer Foy, nor any of the other officers on site, arrested Zeleny, cited him, or suggested that he was committing a crime.

---

[2] The District Attorney's Office is not a City agency, but an agency of San Mateo County.

SECOND AMENDED COMPLAINT

96.     Later, apparently after speaking with Sharon Kaufman and Bertini (participants in the conspiracy), Officer Foy generated a felony policy report against Zeleny, which Bertini used to make the criminal referral, and which the County used to prosecute Zeleny.  In this sham report, Officer Foy asserted that he had observed Zeleny carrying a "concealed" firearm in a belt holster.  According to Officer Foy, the holster was such that he could not determine whether it contained a weapon.  This was the entire basis for the City's referral for prosecution and the County of San Mateo's prosecution.

97.     The City and the County District Attorney's office concealed from Zeleny—in violation of his constitutional rights under *Brady*—and from the trial court, that in a prior report Officer Foy had documented the same firearm in the same holster and reported that he was able to immediately see that the holster contained a firearm.  As a result, the firearm was <u>not</u> "concealed."  Officer Foy made the prior report for informational purposes, concluding that no crime had been committed.  On information and belief, the City and the County intentionally concealed this clearly-exculpatory evidence to support the sham prosecution.

98.     The fraudulent basis for the criminal prosecution, and the wrongful withholding of evidence, was such that it deprived the entire proceeding of its legitimacy.

99.     The City and the County engaged in further sham conduct in connection with the criminal proceeding.  Among other things, the Deputy District Attorney in charge of the case claimed at different stages of the proceeding that Zeleny had violated the law by carrying a "concealed" weapon, and through the same conduct violated the law by "openly" carrying a weapon.  When Zeleny argued that he fell within an exception to the firearms statutes because he was taking part in an entertainment event or video production, the City made retroactive changes to the policies posted on its website for such events, which the County prosecutor then relied upon to argue that Zeleny needed a permit for these activities so could not fall within the exception.

100.     On information and belief, the City and County pursued the sham prosecution at NEA's behest and with its active encouragement and participation.  Despite having no standing to participate in the criminal proceeding, NEA inserted itself into that

- 18 -

SECOND AMENDED COMPLAINT

proceeding, ultimately controlling prosecutorial decisions. In the course of the prosecution, NEA's representatives monitored Zeleny's trial, gave *ex parte* strategic input to both Bertini and the District Attorney's Office, and met frequently with Deputy District Attorney. The Deputy District Attorney regularly referred to NEA as "her client" or "the client," and indicated that she needed NEA's approval before making significant decisions.

101.    More than two years the District Attorney filed the frivolous criminal charges, the trial court acquitted Zeleny, holding: "His weapon was properly holstered in the holster which was manufactured for that very weapon." The criminal prosecution had its intended effect, however, of stopping Zeleny's protests for two years under the threat of criminal prosecution.

102.    While the criminal prosecution was ongoing, California enacted new restrictions on the "open carry" of firearms, described below. The City immediately seized on these new laws to stop Zeleny from protesting.

**California Adopts "Open Carry" Restrictions for Handguns and Non-Handgun Firearms**

103.    Prior to January 1, 2012, it was legal to openly carry an unloaded firearm in public in California. On October 10, 2011, Governor Brown signed a bill that modified the law on openly carrying an unloaded handgun to match the existing restrictions for openly carrying a loaded weapon.

104.    California Penal Code section 26350 now prohibits the open carrying of an unloaded handgun, outside of a vehicle, in public, in an incorporated city or city and county.

105.    Section 26375 exempts from section 26350, "the open carrying of an unloaded handgun by an authorized participant in . . . a motion picture, television or video production, or entertainment event, when the participant lawfully uses the handgun as part of that production or event."

106.    A year later, in 2012, California adopted similar restrictions on open carry of firearms other than handguns. Penal Code section 26400, which became effective on January 1, 2013, makes it a crime for a person to "carry[ ] an unloaded firearm that is not a handgun in an incorporated city or city and county when that person carries upon his or her person an

SECOND AMENDED COMPLAINT

unloaded firearm that is not a handgun outside a vehicle while in the incorporated city or city and county."

107.    Section 26405(r) contains a similar exemption for "an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television, or video production or entertainment event, when the participant lawfully uses that firearm as part of that production or event."

108.    Section 25510 contains a similar exemption from sanctions under Section 25400 for carrying a concealed firearm for "an authorized participant in a motion picture, television, or video production, or an entertainment event, when the participant lawfully uses the firearm as part of that production or event, or while going directly to, or coming directly from, that production or event."

**Zeleny's Efforts to Engage in Protected First and Second Amendment Activity**

109.    Since the enactment of Penal Code sections 26350 and 26400, Zeleny has attempted to continue his peaceful protests as part of a video production, exercising his rights under sections 25510, 26375, and 26405 to film his protests, and then distributing the videos online.

110.    Zeleny's protests are part of a rich history of peaceful, but armed, protests, many drawing inspiration from the Black Panthers. Protests of this nature are common across the country in states that have not completely banned the open carry of unloaded firearms. The conspicuous bearing of loaded and unloaded arms in connection with a public or political issue is an effective form of political speech and public demonstration.

111.    Zeleny's protests are protected activity under both the First and Second Amendments to the United States Constitution.

112.    The First Amendment protects non-verbal forms of communication as well as verbal speech. Zeleny's protests, which combine pure speech, flyers, signs, posters, video, and the peaceful carrying of unloaded firearms, are constitutionally protected activity.

113.    Zeleny is equally entitled to the benefit of sections 25510, 26375, and 26405 of the Penal Code as would be a large movie studio or production company. "Liberty of

- 20 -

the press is the right of the lonely pamphleteer who uses carbon paper or a mimeograph just as much as of the large metropolitan publisher who utilizes the latest photocomposition methods." *Branzburg v. Hayes*, 408 U.S. 665, 704 (1972). While Zeleny was not engaged in the production of feature films intended for national and international distribution, he did create his video content for the purpose of publishing it on the Internet, in connection with a matter of significant public interest.

114. Zeleny's right to openly carry unloaded firearms is also protected by the Second Amendment. The right to bear arms enshrined in the Second Amendment includes the right to "wear, bear, or carry . . . upon the person or in the clothing or in a pocket for the purpose of being armed and ready . . . in case of conflict with another person." *District of Columbia v. Heller*, 554 U.S. 570, 584 (2008). The motivating principle of the Second Amendment is self-defense. *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

115. The First and Second Amendment are made applicable to municipalities pursuant to the Due Process Clause of the Fourteenth Amendment.

116. The Defendants, however, acting under color of law and in their official capacities, have either suppressed or threatened to suppress Plaintiff's lawful exercise of his Constitutional rights pursuant to official policies, customs, or practices. The Defendants interpret certain California statutes in such a way that Plaintiff's protests are completely foreclosed by California's prohibition on the carriage of exposed firearms.

**The City Threatens Further Prosecution in an Effort to Chill Zeleny's Protected Speech**

117. The City, invoking the power of the State of California, continues to threaten Zeleny with further prosecution if he resumes his protests. The City police have candidly confirmed that their threatened prosecution is based in part on the content of Zeleny's message, which they find to be offensive.

118. On March 15, 2013, following a meeting with NEA, the City noted that open carry is "now illegal," referring to the Penal Code sections discussed above, such that Zeleny would no longer be allowed to carry guns in his protests.

119. In order to ensure that Zeleny cannot rely on the express exceptions to the "open carry" ban, acting at the behest of NEA, the City has developed an artificial and defective interpretation of the statutes for the sole purpose of interfering with Zeleny's protests. According to the City, in order to fall within the exceptions, Zeleny must have City approval through an opaque permitting process, described in more detail below, in order to carry weapons as part of his protests.

120. Between June 2015 and the present, Zeleny has attempted to exercise his rights under sections 25510, 26375, and 26405 by engaging in videotaped protests while carrying unloaded firearms, including handguns and rifles.

121. Contrary to the plain language of the Penal Code, however, the City has interpreted it to require authorization from the City both for the video production itself, and for the carrying of unloaded firearms as part of that production.

122. Shortly after the adoption of section 26405, the City adopted a municipal policy, which purportedly requires a Special Event Permit for Zeleny's protests.

123. The City informed Zeleny that if he engages in his protests without a permit under its Special Event Permit policy and/or a film permit from the City, he will be prosecuted for violation of California's open and/or concealed carry laws, including California Penal Code §§ 25400, 26400, and 26350.

124. In an effort to comply with the City's requirements, between 2015 and present, Zeleny has repeatedly applied to the City for entertainment and/or film permits accommodating his videotaped, armed protests. Despite his offers to accommodate all reasonable time, place, and manner restrictions on his proposed events, the City has denied all of Zeleny's applications without explanation. It has expressly declined to formulate conditions for approval or to provide Zeleny with any lawful time, place, or manner restrictions that he could satisfy in order to secure permits.

125. Zeleny has repeatedly requested that the City identify the conditions or criteria Zeleny must satisfy to receive a permit, and the City has failed and refused to do so.

- 22 -

126. During an appeal of one of Zeleny's requests for a permit, Bertini testified that the City had denied Zeleny's requests, among other reasons, because they found the content of his protests offensive and "obscene as to minors." Evidence uncovered in discovery demonstrates that the City has attempted (largely unsuccessfully) to use obscenity and similar content-based statutes to stop Zeleny's protests since at least 2010.

127. Plaintiff is informed and believes, and on that basis alleges, that the City has continually denied and refused to process Zeleny's requests for permits because it disagrees with the substance of his message, and does not believe that his statement about Min Zhu's conduct or WebEx's and NEA's tacit approval of that conduct are true.

128. The requirement that Zeleny obtain a permit, and refusal to approve Zeleny's permits or processes them in the ordinary course, is an unlawful, content-based restriction on Zeleny's speech protected by the First Amendment. Plaintiff is informed and believes, and on that basis alleges, that the content-based refusal to approve Zeleny's requests for permits was undertaken pursuant to an official policy, custom, or practice of the City.

129. In August 2016, Zeleny met with Menlo Park City Manager Alex McIntyre and Police Commander David Bertini in seeking a permit. At that time, Commander Bertini took issue with a piece of non-obscene artwork that Zeleny was proposing to display as part of his protests. An accurate depiction of the artwork is attached hereto as **Exhibit A**.

130. Commander Bertini threatened that if Zeleny displayed the artwork, he would be arrested for violation of California Penal Code, section 313.1(a), which prohibits the distribution of harmful content to minors. Commander Bertini also threatened Zeleny with criminal sanctions for carrying firearms in the course of his videotaped protests.

131. Zeleny is informed and believes, and on that basis alleges, that the foregoing conduct of the City and City officials was pursuant to an official policy, custom, or practice of the City.

132. Zeleny continues to exercise his right to free speech under the Constitution, in connection with this issue of public interest. Zeleny tried many different ways of accommodating the City and NEA, but their demands kept escalating unreasonably, from

- 23 -

1  objections to the volume and nature of unamplified musical performances, to demands to

2  relocate the protests outside of the Rosewood complex that houses NEA.  Ultimately, what the

3  process revealed was content-based discrimination.

4  **The City and NEA Entangle Zeleny in a Sham Permitting Process**

5           133.    Evidence uncovered during discovery demonstrates that the City and

6  Bertini, with the assistance and encouragement of NEA, developed a strategy to apply sham

7  permitting procedures to Zeleny's permit applications, with the specific purpose of depriving

8  him of access to the ordinary administrative process.  The purpose of this conduct was not to

9  reach a legitimate outcome on Zeleny's permit applications, but to complicate, frustrate, and

10 perpetually delay the process to interfere with Zeleny's ability to protest.  To date, Zeleny's most

11 recent permit application remains in limbo and the City refuses to process it even now.

12           **The Published Permitting Process**

13           134.    The City publishes on its website a series of procedures governing the

14 process for seeking Special Events Permits within the City.

15           135.    The process is designed to be an interactive process between the citizen

16 and the City to develop a permit application that will be approved by the City.  As specified by

17 published City policy, the process is supposed to involve the following steps:

18                   a)      The City Community Services Director communicates with the

19 applicant to secure a permit application, and then screens the initial application for

20 completeness.  If the application is incomplete, within 48 hours, the Community Services

21 Director will communicate with the applicant regarding any deficiencies.

22                   b)      The application is then forwarded to six internal City departments

23 for a collaborative review.  Bertini is not ordinarily involved in this process.  Within 10 days, the

24 internal staff review and either conditionally approve or disapprove the decision.

25                   c)      If internal staff need more information, the Community Services

26 Director sets up an in-person meeting with the applicant to address this information with the

27 goal of securing a complete application.

28

SECOND AMENDED COMPLAINT

d)      Once the information is provided, the City will then send Conditions of Approval or Denial to the applicant.  Once these items are completed, the permit will be conditionally approved subject to public notice.

e)      If the application is denied, it is then subject to a two-stage appeal process, first with the City Manager, and then with the City Council.  At both stages of appeal, both the applicant and the City are allowed to present evidence and argument, and examine and cross-examine witnesses, all in a public hearing on the record.  Final denials are subject to review in court pursuant to California Code of Civil Procedure § 1094.8.

136.    In the ordinary course, special event permits are generally given conditional approval within a matter of days or weeks based on a very basic description of the date, time, and location of the event and the expected activities and setup.

137.    The City has a separate permitting process for film permits.  A different City department handles film permits.  In practice, they are issued based on a cursory application, again with minimal information required.  The City approves most film permits within a day or a few days of a request.

**The City and NEA Conspire to Derail Zeleny's Permit Applications**

138.    On or about July 10, 2015, in an effort to comply with the City's interpretation of the firearms statutes, Zeleny submitted a Special Events Permit application.  He stated that he planned to start on October 1, 2015.  Without telling Zeleny, the City (at Bertini's direction) then circumvented the permit process entirely, and subjected Zeleny's permit to *ad hoc* processes that have never applied to any application before or after.

139.    As part of the ongoing conspiracy, Bertini took action to stymie and deprive Zeleny of a valid process.  Bertini intercepted and unilaterally processed and denied Zeleny's application himself on content-based grounds, without ever submitting it through the ordinary process of approval.  Bertini did not allow the Community Services Director nor the six-department group to review Zeleny's permit application.[3]

---

[3] NEA was never directly involved in the permitting process.  It made no appearance at any of the hearings. It did not submit any materials.

SECOND AMENDED COMPLAINT

140.    The City did not immediately respond to Zeleny and failed to respond to or process his application on its published timeline.  Instead, according to internal City communications, Bertini set up a meeting with NEA "so we can coordinate our response."

141.    Bertini stayed in regular contact with NEA throughout the permitting process, including this in-person meeting, which took place on September 2, 2015, as well as phone calls and emails with David Tresmontan, NEA's security officer.  Throughout the process, Bertini previewed the City's proposed course of action to NEA before any official decision.

142.    Pursuant to this conspiracy, with NEA's encouragement, Bertini developed a strategy to continually delay and frustrate Zeleny's permit applications rather than allowing them to be resolved through the ordinary process.  This conduct was designed not to achieve a legitimate outcome, but to use the process itself to stifle Zeleny's ability to protest by drawing him into an endless, Kafkaesque process that did not follow established City policies or procedures.  Neither the City nor NEA have a reasonable, good faith belief that the City can properly deny Zeleny's permits on content-based grounds, and the City continues to acknowledge that it cannot legitimately stop Zeleny from protesting.

**Bertini Unilaterally Processes and Denies the Application, Depriving Zeleny of Access to the Ordinary Administrative Process.**

143.    Rather than submit the application through the ordinary process, Bertini, in consultation with the City Attorney, unilaterally processed Zeleny's application himself.  On information and belief, this has never before occurred in the permitting program.  City staff referred to Zeleny's permit application as "the one PD [*i.e.*, the Police Department] handled[.]"

144.    Bertini applied no objective criteria to the permit application.

145.    The City never engaged in an interactive process with Zeleny.  It never attempted to set up an in-person meeting as its policy requires to "complete" the application.

146.    Instead, the denial of Zeleny's application was preordained due to the ongoing conspiracy and efforts to stifle Zeleny's protests.

147.    On July 21, 2015, Bertini emailed NEA and others about Zeleny's permit application.  The City had not responded or provided feedback to Zeleny at that time.  He

SECOND AMENDED COMPLAINT

advised that the City had already decided to deny the application, but would still request more

information from Zeleny before notifying him of the denial:

> Although we intend to deny this application on several grounds (predominately that this is not a 'special event' as defined by the City), we are in the process of requesting more information from him on the exact location he was intending as it was not clear on his application. Once we have gone through the formal information gathering process, we will notify him of our decision on his application.

The same day, Bertini emailed NEA security officer David Tesmontan to ask if NEA was

still conducting surveillance on Zeleny, apparently to obtain information to justify the

pre-determined denial of the permit.

148.     Although Bertini was effectively processing the permit application himself,

the City referred Zeleny to the "Special Events Permit Committee." In one of its denial letters,

the City stated that the decision was made by this committee. ***There is no such committee and***

***never has been***. Bertini admitted at his deposition that the City has not had a special events

committee at any point since the program has been in effect.

### The City Frustrates Zeleny's Application with Needless Demands for Information Having Already Decided to Deny the Permit.

149.     Consistent with this plan, although the City had already decided to deny

Zeleny's application, it continued to pepper Zeleny with requests for more information, to

"complete" the application. Bertini confirmed that the City had firmly decided to deny the

application, but would not notify Zeleny until "after completing the appropriate due diligence" –

*i.e.*, requesting extensive, unnecessary information.

150.     On July 24, 2015, the City Attorney emailed Zeleny demanding extensive

information supposedly needed to "process" the application. The City Attorney claimed that the

City could not "further process [the] application" without this information, although Bertini had

already decided to deny it. He also claimed that there was no urgency to Zeleny's application

because the event was not contemplated until late September or October.

151.     The City demanded far more extensive information from Zeleny that it has

ever required from any other applicant. The City did not need this information to complete a

decision. Instead, on information and belief, the City simply made these demands on Zeleny to make the permitting process more difficult and to use the supposed lack of information, or an information Zeleny provided, as a pretext to deny or refuse to process the application.

152. The City engaged in the same conduct with respect to Zeleny's later film permit application, as discussed below.

**Bertini Generates Pretextual Reasons for Denying the Permit Application**

153. Bertini made up pretextual and circular reasons for denying the permit application, which were unsupported by City policy, when in fact the denial was purely content based. At each stage of the permitting process, the City has offered a changing series of pretextual grounds for denying Zeleny's permit application to conceal content-based restrictions.

154. The City has no objective criteria that it applies to permit applications either in terms of completeness or the ultimate permitting decision.

155. On September 21, 2015 – *i.e.*, nine days before his protest was set to start – the City sent Zeleny its official denial of his permit application. The City gave two primary reasons for the initial denial of Zeleny's permit application: (1) the application being "incomplete"; and (2) the application not meeting the criteria for a "special event."

156. Both of these were pretextual. The application was not incomplete. Zeleny had provided far more information than was required to process such an application. As Bertini's communications make clear, no matter what information Zeleny submitted, his permit was going to be denied.

157. Similarly, the City cannot specify any objective criteria for what constitutes a "special event as defined by the City." Instead, as Bertini has since admitted, Zeleny's activity qualifies as a special event under at least three categories in the City's published guidelines:

> Q. Is the City -- is the definition in this FAQ of what qualifies as a special event the City's definition of a special event?
>
> A. Yes.
>
> Q. So under this -- at least under the published FAQ, Mr. Zeleny's event would qualify as a special event on at least three criteria; correct?

SECOND AMENDED COMPLAINT

A.    Yes.

158.    After the initial denial, the City gave a series of shifting reasons for the denial.  Later, the City refused to process Zeleny's application claiming that Zeleny does not need a permit to engage in protected First Amendment protests[4] and because "open carry" is unlawful under the new firearms statutes.  These assertions were equally pretextual and circular, designed to prevent Zeleny's application from being processed.

159.    The City has admitted that unless Zeleny has a permit, he will be arrested for carrying firearms in his protests.  It has acknowledged that it knows he is seeking approval so that he can carry firearms in those protests.  If Zeleny has a permit, the City acknowledges that he can carry firearms as part of the protest without facing a risk of arrest.

160.    Bertini finally admitted at an August 11, 2016 hearing that the reasons for denial of Zeleny's permits include the content of Zeleny's protests.  During that hearing, Bertini threatened Zeleny with prosecution under Penal Code § 313(1)(a), obscenity as to minors, due to the content of his proposed presentation, including the use of suggestive cartoon images.  Bertini admitted that the alleged "obscenity" of Zeleny's protest was one of the grounds for denial of Zeleny's permits, although this ground has never been documented in the proceedings.

**Bertini Intentionally Delays Zeleny's Appeals**

161.    Zeleny appealed the initial denial of his permit application in April 2016. The City affirmed the initial denial.

162.    Zeleny promptly appealed in May 2016.

163.    In June 2016, the City sent Zeleny a letter denying his appeal, reiterating Bertini's pretextual grounds.  In this letter the City claimed that "[d]etermination of the approval or denial of any application is at the discretion of the Special Event Permit Committee," although the City did not have such a committee.

164.    Zeleny again appealed and requested a hearing before the City Manager. The hearing was eventually set for August 11, 2016.  In advance of the hearing, Zeleny's

---

[4] The City has continued to maintain this frivolous position throughout this lawsuit as well.

SECOND AMENDED COMPLAINT

counsel asked basic procedural questions of the attorney the City had retained to oversee and conduct the hearing as well as the City Attorney. They refused to respond or explain the procedures.

165. At the hearing, Zeleny presented a valid, California Entertainment Firearm Permit issued by the California Department of Justice.

166. The City nonetheless upheld the decision on appeal in September 2016. It again asserted the same pretextual grounds and new ones, such as traffic issues and distraction of passersby. The City admitted at the hearing that it has no objective basis for establishing the grounds used to deny the permit application.

167. Shortly after this denial, Bertini then undertook to have Zeleny's Entertainment Firearms Permit revoked by the California Department of Justice. When the Department of Justice would not revoke the permit, the City delayed Zeleny's further appeal until the permit expired.

168. Zeleney timely appealed the denial to the City Council on September 16, 2016. His appeal was originally scheduled for November 15, 2016.

169. On October 12, 2016 the City emailed Zeleny notifying him that his hearing would happen on October 26 – *i.e.*, in two weeks. Zeleny's counsel promptly notified the City that Zeleny had undergone emergency surgery, and asked to postpone to mid-November. Rather than simply revert to the original schedule, Bertini and other City staff decided not to hold a hearing until the next year, 2017.

170. Eventually the City unilaterally rescheduled the hearing for April 4, 2017. When Zeleny asked to advance the hearing due to his wife being due to give birth, the City refused. It eventually rescheduled the hearing for August 29, 2017.

171. In the interim, Bertini repeatedly contacted the California Department of Justice to seek revocation of Zeleny's firearms permit. In a June 1, 2017 email to the Department of Justice as part of these efforts, Bertini noted: "We have been postponing Zeleny's appeal." He urged the Department of Justice to revoke the permit immediately.

- 30 -

172.   When the Department of Justice would not do so, the City successfully postponed Zeleny's hearing until August 29, 2017, after his permit expired.

**The City Council Denies the Appeal Without Explanation**

173.   The results of the August 29, 2017 appeal hearing were determined in advance.  Before the hearing took place, the City had already scheduled a closed-session meeting with counsel to address potential civil litigation by Zeleny.

174.   Bertini appeared on behalf of City staff and argued to uphold the denial.

175.   In September 2017, the City issued its final decision, simply incorporating the prior pretextual justifications.

**Bertini Intercepts Zeleny's Film Permit Application and Unilaterally Processes that Application as Well**

176.   On September 7, 2017, Zeleny requested that the City reconsider the denial of his permit and treat his application as one for a film permit under the separate process the City maintains for film permits.  Like his special events permit application, the City did not submit his film application through the ordinary process, did not apply any objective criteria, and simply delayed and refused to process that application.

177.   Pursuant to the City's ongoing course of conduct and its conspiracy with NEA, Bertini also intercepted Zeleny's film permit application.  Bertini is not involved in the City's film permitting process.  Nonetheless, after learning of Zeleny's request, Bertini immediately contacted and met with staff in the City department that processes film permits to ensure a denial of the application.  On information and belief, pursuant to this meeting, Bertini dictated the film permit process as well to ensure that Zeleny would not get a permit.

178.   On September 27, 2017, after Bertini had met with staff, the City Attorney then emailed Zeleny directing him to submit his film application to this same staff.

179.   Once again, the City persistently delayed the application and refused to process it.

180.   After a month of delay, City staff demanded extraordinary detail about Zeleny's proposed filming, which it did not need to process the application.  They requested far

SECOND AMENDED COMPLAINT

more detailed information than had been requested for other applications. On information and belief, City staff did this at the direction of Bertini and the City Attorney's office. Three days later, Zeleny provided the requested details.

181. On November 22, 2017, the City Attorney then emailed Zeleny directly, demanding even more unnecessary, extremely-detailed information about the proposed filming, including, among other things: exactly where Zeleny planned to place various items as part of his film, the names of participants and crew, the expected brightness of the display Zeleny intended to use, the types of guns, serial numbers, who will be supplying them, and other minute details.

182. None of this information is required in the ordinary process. On information and belief, it was demanded solely to delay the process and use Zeleny's declining to provide the unnecessary information as a basis to refuse to process his application.

183. Once again, the City refused to address any time, place, or manner criteria or to tell Zeleny the criteria for submitting a satisfactory application. It simply refused to process his application until he complied with the changing series of information demands.

184. The City also delayed the process extensively. Although most permit applications are processed within days, the City continued to dither and demand unnecessary details well into December 2017. On information and belief, the City intentionally delayed its processing of Zeleny's application in order to prevent him from protesting.

185. The City has continued to this day to refuse to process Zeleny's permit as "incomplete." According to the City, Zeleny's permit application still remains "pending" and cannot be processed.

186. Once again, at Bertini's instance, the City has taken Zeleny's film permit out of the ordinary administrative process and placed it in permanent limbo.

## **DECLARATORY RELIEF**

187. An actual, substantial, justiciable, and continuing controversy exists between Plaintiff and Defendants.

SECOND AMENDED COMPLAINT

ER-405

188. Plaintiff seeks to exercise his First and Second Amendment rights by engaging in peaceful protests while carrying unloaded firearms. Due to the statutes, municipal requirements, and official acts identified herein, Zeleny has been prohibited from exercising those rights, and the exercise of his First and Second Amendment rights has been chilled due to the ongoing threat of criminal prosecution.

189. A declaration of rights is necessary and proper to clarify Plaintiff's rights to engage in constitutionally protected activity and to govern the parties' conduct.

190. California Penal Code sections 26350 and 26400, on their face, prohibit Zeleny from exercising his right to carry firearms in peaceful protest. Zeleny seeks a declaration that these statutes are unconstitutional on their face, as applied to Zeleny's display of unloaded firearms as a means of protest.

191. California Penal Code sections 25510, 26375, and 26405 allow "authorized participants" in video productions to carry unloaded firearms in connection with such productions. On their face, these statutes permit Zeleny to carry unloaded firearms in filmed protests as part of a video production. The City has taken the position, however, that City approval is required both of the video production itself and of the "authorized participants" allowed to carry firearms.

192. The City has required the issuance of film permits to Zeleny as a condition of recognizing his statutory and Constitutional right to lawfully carry unloaded firearms as part of his videographed public entertainment events protesting ongoing municipal and corporate sponsorship of an incestuous child rapist. Zeleny contends that he does not need the City's permission or approval to do so, and that the City has refused its permission and approval as an unlawful content-based restraint on his right to free speech. A declaration is necessary that the City's policy requiring such approval is unconstitutional, or that the City cannot condition approval on the content of the video production or entertainment event.

193. The City has prohibited Zeleny from exercising his right to free speech based on the content of his protests. A declaration is necessary that Zeleny's protests and the materials used by him in those protests are not obscene as a matter of law, and do not violate

- 33 -

SECOND AMENDED COMPLAINT

California Penal Code section 313.1(a), or in the alternative, that section 313.1(a) is unconstitutional as applied to Zeleny's protesting activities.

## FIRST COUNT

### (Violation of the First Amendment to the United States Constitution)

### (Against Defendants the City of Menlo Park and Bertini)

194.    Plaintiff incorporates by reference all allegations in each of the preceding paragraphs, as if fully set forth herein.

195.    The First Amendments to the United States Constitution is made applicable to the City through the Due Process Clause of the Fourteenth Amendment.

196.    The City of Menlo Park and Bertini have, under threat of criminal prosecution, prohibited Zeleny from engaging in his lawful protests based on the content of his speech, claiming that they will prosecute Zeleny for obscenity as to minors.

197.    Zeleny's protests are not obscene as to minors under established law.

198.    The City's unwarranted threats to prosecute Zeleny for obscenity as to minors constitute an unlawful prior restraint and violate Zeleny's rights under the First Amendment.

199.    Plaintiff seeks a declaration as follows:

a)    That Plaintiff's conduct and materials used in his protests are not "obscene as to minors" under the California Penal Code, or generally "obscene" under applicable law.

b)    That Plaintiff's protests are protected First Amendment activity.

c)    That Defendants' prohibition on Plaintiff's protests violates Plaintiff's rights under the First Amendment to the United States Constitution.

## SECOND COUNT

### (Violation of the First and Fourteenth Amendments to the United States Constitution)

### (Against Defendants the City of Menlo Park and Bertini)

200.    Plaintiff incorporates by reference all allegations in each of the preceding paragraphs, as if fully set forth herein.

SECOND AMENDED COMPLAINT

201.    The First Amendments to the United States Constitution is made applicable to the City through the Due Process Clause of the Fourteenth Amendment.

202.    The City of Menlo Park has improperly interpreted the exceptions to California's firearms carry bans, California Penal Code §§ 25510, 26375, and 26405, as applicable to authorized participants in a motion picture, television or video production, or entertainment event, to require the City's approval of the production or event itself, and the use of firearms and "authorized participants" in that production or event.

203.    The City has applied its misinterpretation of California law to give the City unfettered discretion to refuse permits for a motion picture, television or video production, or entertainment event, and participants in said production or event, including based on impermissible factors, such as the content of the production or event.

204.    Plaintiff is informed and believes, and on that basis alleges, that the City has distinguished between commercial motion picture, television or video production, or entertainment events, and independent political productions, film and video productions of protests, and film and video productions involving matters of public concern.

205.    As a result of the City's misinterpretation and misapplication of the California Penal Code, the City has refused to recognize the exceptions to California's firearms carry bans, California Penal Code §§ 25510, 26375, and 26405, as applicable to authorized participants in a motion picture, television or video production, or entertainment event, as applying to Zeleny.

206.    Plaintiff seeks a declaration as follows:

a)    That California Penal Code §§ 25510, 26375, and 26405 do not require the City's approval of the motion picture, television or video production, or entertainment event involved, or the use of firearms or the authorized participants in that production or event.

b)    That the City's policies and practices regarding permits for motion picture, television or video production, or entertainment event are unconstitutional as applied to Zeleny.

SECOND AMENDED COMPLAINT

## THIRD COUNT

### (Violation of the First and Second Amendments to the United States Constitution)

### (Against Defendants the City of Menlo Park and Bertini)

207.    Plaintiff incorporates by reference all allegations in each of the preceding paragraphs, as if fully set forth herein.

208.    The First and Second Amendments to the United States Constitution are made applicable to the City through the Due Process Clause of the Fourteenth Amendment.

209.    Menlo Park's Special Event Permit and Film Permit policies violate the First and Second Amendments to the United States Constitution, either facially, or as applied to Zeleny's peaceful protests.

210.    The City has misinterpreted California Penal Code §§ 25510, 26375, and 26405 as giving the City the right, not only to approve motion picture, television or video productions, or entertainment events within City limits pursuant to customary permitting, but also to approve the individual participants in those productions or events who may lawfully use unloaded firearms.  As a result, the City has asserted that it has the ability, on threat of criminal prosecution, to prohibit the lawful use of firearms in video productions as a result of non-compliance with City rules relating to motion picture, television or video production, or entertainment event permits.

211.    Pursuant to its unlawful construction of §§ 25510, 26375, and 26405, the City has adopted a municipal policy that gives it unfettered discretion to prohibit protected First Amendment and Second Amendment activity, including on the grounds that the City does not approve of the content or message conveyed by that activity.

212.    The City's Special Event Permit and Film Permit policies violate the First and Second Amendments of the United States Constitution on their face in that they allow the City to wholly prohibit the exercise of rights to free speech and to bear arms, or to condition the exercise of those rights on improper factors.

213.    Plaintiff is informed and believes, and on that basis alleges, that the City has imposed no definite standards on its Special Event Permit and Film Permit decisions, nor

SECOND AMENDED COMPLAINT

any limitation on the time period within which such permits must be approved, thus arrogating unbridled discretion on behalf of its permitting officials in violation of the First Amendment.

214. The City's Special Event Permit and Film Permit policies are void as unconstitutionally vague, in that the prohibitive terms are not clearly defined such that a person or ordinary intelligence can readily identify the applicable standard for inclusion and exclusion. The requirements impose no restrictions on the discretion of City officials to deny permits arbitrarily, capriciously, or based on unlawful factors, such as the content of protected speech.

215. In the alternative, the City's Special Event Permit and Film Permit policies violate the First and Second Amendments as applied to Zeleny, because the City has enforced their provisions to bar Zeleny's peaceful film and video productions and entertainment events, which comply with California state law, due to the content of his productions and events. This amounts to an unlawful, content-based prior restraint on Zeleny's protected speech activity.

216. The City has also applied its Special Event Permit and Film Permit requirements in such a way that it amounts to an outright prohibition against Zeleny bearing arms within City limits.

217. Plaintiff seeks a declaration as follows:

a) That Penal Code §§ 25510, 26375, and 26405 do not require the approval by a municipality in order for a person to be an "authorized participant" in a motion picture, television or video production, or entertainment event, exempted from California's prohibition on carrying unloaded firearms.

b) That the City's Special Event Permit and Film Permit requirements are unconstitutional under the First and Second Amendments to the United States Constitution on its face, as improper restrictions of the rights to free speech and to bear arms.

c) In the alternative, that the City's Special Event Permit and Film Permit requirements, as applied to bar Zeleny's peaceful entertainment events and film productions, amounts to an unlawful prior restraint on Zeleny's First Amendment right to free speech, and an unlawful restriction on his Second Amendment right to bear arms.

- 37 -

SECOND AMENDED COMPLAINT

**ER-410**

## FOURTH COUNT

### (Violation of 42 U.S.C. § 1983)

### (Against Defendants the City of Menlo Park and Bertini)

218.    Plaintiff incorporates by reference all allegations in each of the preceding paragraphs, as if fully set forth herein.

219.    The City, through Bertini and other employees and agents, has violated Zeleny's constitutional rights under the First, Second, and Fourteenth Amendments to the United States Constitution, under color of state law, pursuant to official policies, customers, and practices.

220.    The City has imposed unlawful prior restraints on Zeleny's protected speech activity by requiring him to unnecessarily seek permits to engage in constitutionally protected activity, and by refusing to grant any such permits based on the content of Zeleny's speech.  Forbidding Plaintiff to exercise his right to free speech does not bear any relationship to protecting the public health, safety, or welfare.

221.    The City and Bertini have violated Zeleny's rights to engage in protected speech by threatening him with criminal prosecution for engaging in protected activity, including threatening criminal prosecution based on the content of Zeleny's speech and his peaceful use of unloaded firearms as part of that speech.

222.    The City and Bertini have violated Zeleny's right to bear arms by threatening him with criminal prosecution for exercising his Second Amendment right to peacefully bear unloaded firearms, in compliance with state law, and through enforcement of unconstitutional laws.

223.    Defendants' true purpose was and is to silence the viewpoint expressed by Zeleny's speech and his mode of expression.  Consequently, Defendants true purpose was and is to silence disfavored viewpoints in violation of the Free Speech Clause of the First Amendment.

224.    As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment and the Second Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and

- 38 -

injunctive relief, and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

## FIFTH COUNT

**(Violation of the Fourteenth Amendment to the United States Constitution)**

**(Against Defendant Becerra)** ——

225.    Plaintiff incorporates by reference all allegations in each of the preceding paragraphs, as if fully set forth herein.

226.    The government bears the burden of justifying restrictions on the exercise of fundamental rights by a particular class or classes of individuals.

227.    All law-abiding, competent adults are similarly situated in that they are equally entitled to exercise the constitutional right to publicly bear arms in furtherance of their right to free speech under the United States and California Constitution in connection with a public issue or an issue of public interest, whether as an authorized participant in an entertainment event or motion picture, television, or video production, or pursuant to an entertainment event permit or motion picture, television, or video production permit, or otherwise.

228.    Because California's comprehensive firearms carry restrictions bar law-abiding California residents from publicly carrying a firearm in any manner in furtherance of their right to free speech under the United States and California Constitution in connection with a public issue or an issue of public interest, while allowing other law-abiding citizens to carry a firearm for motion picture, television or video productions, or entertainment events, Defendants have created a classification of persons, including Plaintiff, who are treated unequally through the denial of their First and Second Amendment rights to publicly bear arms for expressive purposes.

229.    As the proximate result of the Defendants' procedures and policies, conducted under color of state law, Plaintiff has been deprived of his rights pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

- 39 -

SECOND AMENDED COMPLAINT

**SIXTH COUNT**

**(Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983)**

**(Against Defendant NEA)**

230.    Plaintiff repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

231.    Plaintiff is informed and believes, and thereon alleges, that in or about 2009, NEA entered into an agreement with the City to discourage, restrict, stifle, and ultimately halt Zeleny's exercise of his First Amendment right to protest and his Second Amendment right to bear arms.  The agreement was to use whatever means were available to defer, disrupt, and interfere with Zeleny's protesting activity.  These means included intimidating and harassing daily surveillance and monitoring, sham litigation, baseless, false and frivolous police reports, police harassment and intimidation, fraudulent criminal proceedings, and deprivation of Zeleny's access to the administrative permitting process, as alleged above.

232.    This conspiracy was developed through a series of meetings and other communications between representatives of NEA, including its security staff, and representatives of the City, including, among others, Sharon Kauffman, and then-Commander Bertini.

233.    During these meetings and communications, the City agreed to use its authority under state law to restrict, limit, and ultimately stop Zeleny's protests, and to stop him from lawfully carrying unloaded firearms within the City limits.  NEA agreed, either tacitly or explicitly, to assist the City in its efforts to hamper and end Zeleny's protests and lawful carrying of firearms.  Internal City documents reflect that as early as 2010, the City was devoted to developing a "firm solution" to end Zeleny's protests of NEA altogether.

234.    NEA, the City, and Bertini engaged in overt acts in furtherance of the conspiracy as alleged above.

235.    This conspiracy, and the acts of defendants NEA, the City, and Bertini, in furtherance of the conspiracy, injured Zeleny by preventing him from exercising his First and

Second Amendment rights as alleged herein, and also violated his Fourteenth Amendment rights, as alleged in more detail above.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff sues for relief as set forth below:

A.    Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, binding on all Defendants, that California Penal Code §§ 26400 and 26350 are unconstitutional;

B.    Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, binding on all Defendants, that California Penal Code §§ 25510, 26375, and 26405 do not require municipal approval of "authorized participants" in an entertainment event or film or video production, and that Zeleny is legally permitted to carry unloaded firearms in connection with his entertainment events and/or his film or video productions, without the need for City approval, subject to compliance with other applicable laws;

C.    Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, binding on all Defendants, that Zeleny's peaceful carrying of unloaded firearms in the course of his speech  on matters of public concern or matters of political, social, or other concerns to the community or issues of significant importance to the public as a whole, is constitutionally protected; in the alternative, enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, binding on all Defendants, that Zeleny's peaceful carrying of unloaded firearms in the course of his entertainment events and/or his film or video productions, is constitutionally protected;

D.    Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, binding on the City and Bertini, that Zeleny's speech activity concerning the child rape cover-up by the Zhus and their associates is constitutionally protected and not obscene or "obscene as to minors" within the meaning of the California Penal Code, and that their public display would not violate Penal Code §§ 311.2, 313.1 (a), and 313.4, in virtue of its serious literary, artistic, political, and social value;

E.    Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the City of Menlo Park's Special Event Permit requirement is unconstitutional on its face, or in the alternative, as applied to Zeleny's protests;

SECOND AMENDED COMPLAINT
**ER-414**

F.     Enter an injunction against Defendants prohibiting them from enforcing Penal Code §§ 26400 and 26350 against Zeleny in connection with his peaceful protests, from enforcing the City of Menlo Park's Special Event Permit requirement, and from refusing to grant Zeleny required permits based on the content of his speech activity;

G.     Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, construing California Penal Code §§ 25510, 26405, and 26375 and enter a declaratory judgment stating that these sections exempt from sanctions under California Penal Code §§ 25400, 26400, and 26350 for the carrying of an unloaded handgun and of an unloaded firearm that is not a handgun, *any individual* who acts and/or holds himself out as an authorized participant in, or serves as an authorized employee or agent of a supplier of firearms for, a motion picture, television or video production, or entertainment event, when the participant lawfully uses that firearm as part of that production or event, as part of rehearsing or practicing for participation in that production or event, or while the participant or authorized employee or agent is at that production or event, or rehearsal or practice for that production or event. Relevant actions and representations include, without limitation, displaying ornamental signs or multimedia artworks; reciting slogans, speeches, or poetry; playing trumpets, accordions, bagpipes, or other musical instruments; and/or wearing conspicuous costumes, makeup, wigs, clown noses, or other decorative prostheses;

H.     Award nominal damages against Defendant NEA and punitive damages in an amount to be proven at trial.

I.     Award attorneys fees pursuant to 42 U.S.C. § 1988 and California Code of Civil Procedure § 1021.5, and costs as provided by law; and

J.     Award such other and further relief as the Court deems just and proper.

Dated: August 30, 2019             Respectfully submitted,

s/ Damion Robinson
David W. Affeld
Damion D. D. Robinson
Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny

- 42 -

SECOND AMENDED COMPLAINT

1    **DEMAND FOR JURY TRIAL**

2          Plaintiff demands a jury trial on all matters so triable.

3    Dated:  August 30, 2019                    Respectfully submitted,

4                                               s/ Damion Robinson
                                                David W. Affeld
5                                               Damion D. D. Robinson
                                                Affeld Grivakes LLP
6
                                                Attorneys for Plaintiff Michael Zeleny
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 43 -

SECOND AMENDED COMPLAINT

**ER-416**

# Exhibit A



1

## **PROOF OF SERVICE**

2

     I hereby certify that on August 30, 2019, I electronically filed the foregoing document using the Court's CM/ECF system.  I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

3

4

                                       _s/ Damion Robinson_
                                       Damion Robinson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF  NORTHERN DISTRICT OF CALIFORNIA

### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

U.S. District Court case number: | 3:17-cv-07357 RS

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: | 12/28/2017

Date of judgment or order you are appealing: | 05/02/2022

Docket entry number of judgment or order you are appealing: | 224

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

◉ Yes     ○ No     ○ IFP was granted by U.S. District Court

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

Plaintiff Michael Zeleny

Is this a cross-appeal?  ○ Yes   ◉ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case?  ◉ Yes   ○ No

If yes, what is the prior appeal case number? | 22-15449

Your mailing address (if pro se):

City: | State: | Zip Code:

Prisoner Inmate or A Number (if applicable):

**Signature** | /s/ Brian R. England | **Date** | June 1, 2022

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 1**                                                                 *Rev. 12/01/2021*

**ER-420**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Plaintiff Michael Zeleny

Name(s) of counsel (if any):

David W, Affeld, Brian R. England, Damion D.D. Robinson
Affeld Grivakes LLP

Address: 2049 Century Park East, Suite 2460, Los Angeles, CA 90067

Telephone number(s): 310-979-8700

Email(s): bre@agzlaw.com; dr@agzlaw.com

Is counsel registered for Electronic Filing in the 9th Circuit?   ⊙ Yes   ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

California Attorney General Rob Bonta

Name(s) of counsel (if any):

John W. Killeen, Deputy Attorney General

Address: 1300 I Street, Suite 125, Sacramento, CA 94244-2550

Telephone number(s): 916-210-6045

Email(s): John.Killeen@doj.ca.gov

*To list additional parties and/or counsel, use next page.*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Query    Reports    Utilities    Help    Log Out

ADRMOP,APPEAL,CLOSED,REFDIS,REFSET-NC

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:17-cv-07357-RS

| | |
|---|---|
| Zeleny v. Brown et al | Date Filed: 12/28/2017 |
| Assigned to: Judge Richard Seeborg | Date Terminated: 05/02/2022 |
| Referred to: Magistrate Judge Thomas S. Hixson | Jury Demand: Plaintiff |
|           Judge Nathanael M. Cousins (Settlement) | Nature of Suit: 440 Civil Rights: Other |
| Case in other court: **22-15449** | Jurisdiction: Federal Question |
|                     **22-15870** | |
| Cause: 28:1331 Federal Question: Other Civil Rights | |

**Plaintiff**

**Michael Zeleny**                            represented by    **David William Affeld**
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
(310) 979-8700
Fax: (310) 979-8701
Email: dwa@agzlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Ray England**
Affeld England & Johnson LLP
2049 Century Park East
Suite 2460
Los Angeles, CA 90067
310-979-8700
Fax: 310-979-8701
Email: bre@agzlaw.com
*ATTORNEY TO BE NOTICED*

**Damion D. Robinson**
Diamond McCarthy LLP
333 South Hope Street
Suite 4050
Los Angeles, CA 90071
424-278-2335
Email:
damion.robinson@diamondmccarthy.com
*ATTORNEY TO BE NOTICED*

**David Markevitch**
Robinson Markevitch LLP
1261 Lincoln Avenue, Ste 208
95125

San Jose, CA 95125
408-649-5005
Email: dm@robinsonmarkevitch.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Edmund G. Brown, Jr.**
*an individual, in his official capacity*
*TERMINATED: 07/12/2021*

represented by **Emmanuelle S. Soichet**
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3861
Email: Emmanuelle.Soichet@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Noreen Patricia Skelly**
Office of the Attorney General
California Department of Justice
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
(916) 210-6057
Fax: (916) 324-8835
Email: Noreen.Skelly@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Xavier Becerra**
*an individual, in his official capacity*

represented by **Emmanuelle S. Soichet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Noreen Patricia Skelly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John William Killeen**
Office of the Attorney General
California Department of Justice
1300 I Street, Suite 125
Sacramento, CA 95814-4497
(916) 210-6045
Fax: (916) 324-8835
Email: John.Killeen@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of Menlo Park**
*a municipal corporation*

represented by **Todd Holton Master**
Ridley Master

1900 O'Farrell Street, Suite 280
San Mateo, CA 94403-1387
(650) 365-7715
Fax: (650) 364-5297
Email: tmaster@hrmrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Jay Gundert**
Ridley Master
1900 O'Farrell Street
Suite 280
San Mateo, CA 94403
650-365-7715
Fax: 805-364-5297
Email: rgundert@hrmrlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dave Bertini**                                    represented by **Todd Holton Master**
*an individual, in his official capacity*           (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Robert Jay Gundert**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**New Enterprise Associates, Inc.**                 represented by **Roger Allan Lane**
*a Delaware corporation*                            Holland & Knight LLP
*TERMINATED: 11/05/2019*                            10 St. James Avenue
                                                    Boston, MA 02116
                                                    (617) 523-2700
                                                    Fax: (617) 523-6850
                                                    Email: roger.lane@hklaw.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Ashley Lynn Shively**
                                                    Holland & Knight LLP
                                                    560 Mission Street
                                                    Ste 19th Floor
                                                    San Francisco, CA 94105
                                                    415-743-6900
                                                    Email: ashley.shively@hklaw.com
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Courtney Worcester**
                                                    Holland & Knight LLP
                                                    10 St. James Avenue
                                                    Boston, MA 02116
                                                    (617) 523-2700
                                                    Fax: (617) 523-6850

Email: courtney.worcester@hklaw.com
*ATTORNEY TO BE NOTICED*

**Nicholas P Honkamp**
SSL Law Firm LLP
505 Montgomery Street
Suite 620
San Francisco, CA 94111
415-814-6400
Fax: 415-814-6401
Email: nick@ssllawfirm.com
*TERMINATED: 06/04/2020*

**Defendant**

**Rob Bonta**
*an individual, in his official capacity*

represented by **Emmanuelle S. Soichet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Noreen Patricia Skelly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2017 | 1 | COMPLAINT for Declaratory and Injunctive Relief against; Demand for Jury Trial All Defendants (Filing fee $ 400.00, receipt number 0971-11984965.). Filed by Michael Zeleny. (Robinson, Damion) (Filed on 12/28/2017) Modified on 12/29/2017 (gbaS, COURT STAFF). (Entered: 12/28/2017) |
| 12/28/2017 | 2 | Civil Cover Sheet by Michael Zeleny . (Robinson, Damion) (Filed on 12/28/2017) (Entered: 12/28/2017) |
| 12/28/2017 | 3 | Proposed Summons. (Robinson, Damion) (Filed on 12/28/2017) (Entered: 12/28/2017) |
| 12/29/2017 | 4 | Case assigned to Magistrate Judge Joseph C. Spero. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 1/12/2018. (haS, COURT STAFF) (Filed on 12/29/2017) (Entered: 12/29/2017) |
| 12/29/2017 | 5 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 3/23/2018. Initial Case Management Conference set for 3/30/2018 02:00 PM in Courtroom G, 15th Floor, San Francisco. (gbaS, COURT STAFF) (Filed on 12/29/2017) (Entered: 12/29/2017)** |

| 12/29/2017 | 6 | Summons Issued as to Xavier Becerra, Dave Bertini, Edmund G. Brown, Jr, City of Menlo Park. (gbaS, COURT STAFF) (Filed on 12/29/2017) (Entered: 12/29/2017) |
| 01/12/2018 | 7 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Michael Zeleny.. (Robinson, Damion) (Filed on 1/12/2018) (Entered: 01/12/2018) |
| 02/02/2018 | 8 | NOTICE of Appearance by Noreen Patricia Skelly *for Defendants Governor Edmund G. Brown, Jr. and Attorney General Xavier Becerra; Notice of Unavailability of Counsel* (Skelly, Noreen) (Filed on 2/2/2018) (Entered: 02/02/2018) |
| 02/02/2018 | 9 | STIPULATION re 1 Complaint, *to Extend Time to Respond to Complaint* filed by Xavier Becerra, Edmund G. Brown, Jr. (Skelly, Noreen) (Filed on 2/2/2018) (Entered: 02/02/2018) |
| 02/02/2018 | 10 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Xavier Becerra, Edmund G. Brown, Jr.. (Skelly, Noreen) (Filed on 2/2/2018) (Entered: 02/02/2018) |
| 02/02/2018 | 11 | CERTIFICATE OF SERVICE by Michael Zeleny *Governor Edmund G. Brown, Jr.* (Robinson, Damion) (Filed on 2/2/2018) (Entered: 02/02/2018) |
| 02/02/2018 | 12 | CERTIFICATE OF SERVICE by Michael Zeleny *Attorney General Xavier Becerra* (Robinson, Damion) (Filed on 2/2/2018) (Entered: 02/02/2018) |
| 02/02/2018 | 13 | CERTIFICATE OF SERVICE by Michael Zeleny *Chief Dave Bertini* (Robinson, Damion) (Filed on 2/2/2018) (Entered: 02/02/2018) |
| 02/02/2018 | 14 | CERTIFICATE OF SERVICE by Michael Zeleny *City of Menlo Park* (Robinson, Damion) (Filed on 2/2/2018) (Entered: 02/02/2018) |
| 02/05/2018 | 15 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klhS, COURT STAFF) (Filed on 2/5/2018) (Entered: 02/05/2018) |
| 02/06/2018 | 16 | **ORDER, Case reassigned to Judge Richard Seeborg. Magistrate Judge Joseph C. Spero no longer assigned to the case. This case is assigned to a judge who participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and http://cand.uscourts.gov/cameras. Signed by Executive Committee on 2/6/18. (Attachments: # 1 Notice of Eligibility for Video Recording)(haS, COURT STAFF) (Filed on 2/6/2018) (Entered: 02/06/2018)** |
| 02/06/2018 | 17 | CLERK'S NOTICE RE REASSIGNED CASE: You are notified that the Court has scheduled an Initial Case Management Conference before Judge Richard Seeborg upon reassignment. For a copy of Judge Seeborg's Standing Order and other information, please refer to the Court's website at www.cand.uscourts.gov. Parties or counsel may appear personally at 10:00 a.m. or file a request to appear by telephone at 11:00 am. If any party files such a request to appear by telephone, the Case Management Conference shall be moved to 11:00 am to be held telephonically. All parties shall appear telephonically and must contact Court Conference at 866/582-6878 at least one week prior to the Conference. **Case Management Statement due by 4/5/2018. Initial Case Management Conference set for 4/12/2018 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 2/6/2018) (Entered: 02/06/2018) |
| 02/15/2018 | 18 | STIPULATION WITH PROPOSED ORDER *TO EXTEND TIME TO RESPOND TO COMPLAINT* filed by Dave Bertini, City of Menlo Park. (Master, Todd) (Filed on 2/15/2018) (Entered: 02/15/2018) |

| 02/15/2018 | 19 | **ORDER by Judge Richard Seeborg granting 18 Stipulation to extend time to respond to complaint. (cl, COURT STAFF) (Filed on 2/15/2018) (Entered: 02/15/2018)** |
|---|---|---|
| 02/22/2018 | 20 | MOTION to Dismiss for Lack of Jurisdiction filed by Xavier Becerra, Edmund G. Brown, Jr. Motion Hearing set for 4/12/2018 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 3/8/2018. Replies due by 3/15/2018. (Skelly, Noreen) (Filed on 2/22/2018) (Entered: 02/22/2018) |
| 02/22/2018 | 21 | Brief re 20 MOTION to Dismiss for Lack of Jurisdiction filed byXavier Becerra, Edmund G. Brown, Jr. (Attachments: # 1 Proposed Order)(Related document(s) 20 ) (Skelly, Noreen) (Filed on 2/22/2018) (Entered: 02/22/2018) |
| 02/26/2018 | 22 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Skelly, Noreen) (Filed on 2/26/2018) (Entered: 02/26/2018) |
| 03/06/2018 | 23 | OPPOSITION/RESPONSE (re 20 MOTION to Dismiss for Lack of Jurisdiction ) filed byMichael Zeleny. (Robinson, Damion) (Filed on 3/6/2018) (Entered: 03/06/2018) |
| 03/07/2018 | 24 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *re CITY OF MENLO PARK* (Master, Todd) (Filed on 3/7/2018) (Entered: 03/07/2018) |
| 03/07/2018 | 25 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *re DAVE BERTINI* (Master, Todd) (Filed on 3/7/2018) (Entered: 03/07/2018) |
| 03/07/2018 | 26 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Robinson, Damion) (Filed on 3/7/2018) (Entered: 03/07/2018) |
| 03/09/2018 | 27 | NOTICE of need for ADR Phone Conference (ADR L.R. 3-5 d) *(Parties Agree to Early Settlement Conference)* (Robinson, Damion) (Filed on 3/9/2018) (Entered: 03/09/2018) |
| 03/12/2018 | 28 | ADR Clerk's Notice Setting ADR Phone Conference on March 28, 2018 at 10:30 AM Pacific time. Please note that you must be logged into an ECF account of counsel of record in order to view this document. (cmf, COURT STAFF) (Filed on 3/12/2018) (Entered: 03/12/2018) |
| 03/15/2018 | 29 | NOTICE of Appearance by Emmanuelle S Soichet *as Counsel for Defendants* (Soichet, Emmanuelle) (Filed on 3/15/2018) (Entered: 03/15/2018) |
| 03/15/2018 | 30 | REPLY (re 20 MOTION to Dismiss for Lack of Jurisdiction ) filed byXavier Becerra, Edmund G. Brown, Jr. (Soichet, Emmanuelle) (Filed on 3/15/2018) (Entered: 03/15/2018) |
| 03/23/2018 | 31 | ANSWER to Complaint with Jury Demand byDave Bertini, City of Menlo Park. (Master, Todd) (Filed on 3/23/2018) (Entered: 03/23/2018) |
| 03/27/2018 | 32 | CLERK'S NOTICE THE MOTION [#20] SCHEDULED FOR HEARING ON APRIL 12, 2018 AT 1:30 P.M. SHALL BE SUBMITTED WITHOUT ORAL ARGUMENT PURSUANT TO CIVIL LOCAL RULE 7-1(b). ACCORDINGLY, THE MOTION HEARING IS VACATED. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 3/27/2018) (Entered: 03/27/2018) |
| 03/27/2018 | 33 | CLERK'S NOTICE CONTINUING INITIAL CASE MANAGEMENT CONFERENCE. Case Management Statement due by 5/3/2018. Initial Case Management Conference previously set for 4/12/2018 continued to 5/10/2018 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 3/27/2018) (Entered: 03/27/2018) |

| 03/28/2018 | 34 | ADR Remark: ADR Phone Conference held on 3/28/2018 by Howard Herman. (af, COURT STAFF) (Filed on 3/28/2018) *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (Entered: 03/28/2018) |
|---|---|---|
| 04/11/2018 | 35 | STIPULATION WITH PROPOSED ORDER *RE PARTIES' REQUEST FOR EARLY REFERRAL TO MAGISTRATE JUDGE FOR EARLY SETTLEMENT CONFERENCE* filed by Dave Bertini, City of Menlo Park. (Master, Todd) (Filed on 4/11/2018) (Entered: 04/11/2018) |
| 04/11/2018 | 36 | **STIPULATION AND ORDER RE 35 PARTIES' REQUEST FOR EARLY REFERRAL TO MAGISTRATE JUDGE FOR EARLY SETTLEMENT CONFERENCE. Signed by Judge Richard Seeborg on 4/11/18. (cl, COURT STAFF) (Filed on 4/11/2018) (Entered: 04/11/2018)** |
| 04/12/2018 | | CASE REFERRED to Judge Nathanael M. Cousins for Settlement (ahm, COURT STAFF) (Filed on 4/12/2018) (Entered: 04/12/2018) |
| 04/17/2018 | 37 | **ORDER by Judge Richard Seeborg granting in part and denying in part 20 Motion to Dismiss. (cl, COURT STAFF) (Filed on 4/17/2018) (Entered: 04/17/2018)** |
| 04/25/2018 | 38 | *Defendant Attorney General Xavier Becerra's* ANSWER to Complaint *for Declaratory and Injunctive Relief* byXavier Becerra. (Skelly, Noreen) (Filed on 4/25/2018) (Entered: 04/25/2018) |
| 04/27/2018 | 39 | **NOTICE AND ORDER SETTING Settlement Conference for 5/17/2018 09:30 AM in San Jose, Courtroom 5, 4th Floor. Signed by Judge Nathanael Cousins on 4/27/2018.** (Attachments: # 1 Standing Order)(lmh, COURT STAFF) (Filed on 4/27/2018) (Entered: 04/27/2018) |
| 05/03/2018 | 40 | JOINT CASE MANAGEMENT STATEMENT *AND PROPOSED ORDER* filed by Dave Bertini, City of Menlo Park. (Master, Todd) (Filed on 5/3/2018) (Entered: 05/03/2018) |
| 05/04/2018 | 41 | CLERK'S NOTICE CONTINUING INITIAL CASE MANAGEMENT CONFERENCE.Case Management Statement due by 6/7/2018. Initial Case Management Conference previously set for 5/10/2018 has been continued to 6/14/2018 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 5/4/2018) (Entered: 05/04/2018) |
| 05/17/2018 | 42 | **Minute Entry for proceedings held before Judge Nathanael M. Cousins. Settlement Conference held on 5/17/2018: no settlement; discussions continue; Further settlement status call with counsel only set for 7/11/2018 03:00 PM; Counsel may provide confidential updates by email to ncpo@cand.uscourts.gov.** Attorney for Plaintiff: David Affield. Attorney for Attorney General Becerra: Emmanuelle Soichet. Attorney for City of Menlo Park Defendants: Todd Master. (FTR Time: Not recorded.) *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (lmh, COURT STAFF) (Date Filed: 5/17/2018) (Entered: 05/17/2018) |
| 06/07/2018 | 43 | JOINT CASE MANAGEMENT STATEMENT *and Proposed Order* filed by Dave Bertini, City of Menlo Park. (Master, Todd) (Filed on 6/7/2018) (Entered: 06/07/2018) |
| 06/14/2018 | 44 | **Minute Entry for proceedings held before Judge Richard Seeborg: Initial Case Management Conference held on 6/14/2018. Court to issue a Case Management Scheduling Order. Total Time in Court: 6 minutes. Court Reporter: Not Reported or Recorded.** |

| | | |
|---|---|---|
| | | **Plaintiff Attorney: Damion Robinson.**<br>**Defendant Attorney: Noreen Skelly, Todd Master.**<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(cl, COURT STAFF) (Date Filed: 6/14/2018) (Entered: 06/14/2018)** |
| 06/14/2018 | 45 | **CASE MANAGEMENT SCHEDULING ORDER. Further Case Management Conference set for 4/4/2019 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor. Jury Selection/Trial set for 11/18/2019 at 09:00 AM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Pretrial Conference set for 11/6/2019 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Signed by Judge Richard Seeborg on 6/14/18. (cl, COURT STAFF) (Filed on 6/14/2018) (Entered: 06/14/2018)** |
| 07/11/2018 | 46 | **Minute Entry for proceedings held before Judge Nathanael M. Cousins.**<br>**Settlement Conference Call held on 7/11/2018: No appearance by plaintiff's counsel; Discussions will continue, and a further status reported, after communication with plaintiff's counsel.**<br>Defendants' Attorneys: Noreen Skelly, Todd Master.<br>(FTR: Not recorded).<br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br>(lmh, COURT STAFF) (Date Filed: 7/11/2018) (Entered: 07/12/2018) |
| 07/11/2018 | 47 | **Minute Entry for proceedings held before Judge Nathanael M. Cousins.**<br>**Further Telephonic Settlement session held on 7/11/2018:**<br>**Discussions continue, with confidential settlement status update due to be submitted (not filed) by 10/31.**<br>Plaintiff's Attorney: David Affeld.<br>(FTR Time: Not recorded.)<br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br>(lmh, COURT STAFF) (Date Filed: 7/11/2018) (Entered: 07/12/2018) |
| 01/25/2019 | 48 | MOTION to Quash filed by New Enterprise Associates. Motion Hearing set for 3/7/2019 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 2/8/2019. Replies due by 2/15/2019. (Attachments: # 1 Declaration DECLARATION OF ADAM VALACHOVIC IN SUPPORT OF MOTION TO QUASH, # 2 Declaration DECLARATION OF ROGER A. LANE IN SUPPORT OF NON-PARTY NEW ENTERPRISE ASSOCIATES' MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER, # 3 Proposed Order [PROPOSED] ORDER RE NON-PARTY NEW ENTERPRISE ASSOCIATES MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER)(Honkamp, Nicholas) (Filed on 1/25/2019) (Entered: 01/25/2019) |
| 02/04/2019 | 49 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-13061859.) filed by New Enterprise Associates. (Worcester, Courtney) (Filed on 2/4/2019) (Entered: 02/04/2019) |
| 02/04/2019 | 50 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-13061995.) filed by New Enterprise Associates. (Lane, Roger) (Filed on 2/4/2019) (Entered: 02/04/2019) |
| 02/05/2019 | 51 | **ORDER by Judge Richard Seeborg granting 49 Motion for Pro Hac Vice as to Courtney Worcester. (cl, COURT STAFF) (Filed on 2/5/2019) (Entered: 02/05/2019)** |

| 02/05/2019 | 52 | **ORDER by Judge Richard Seeborg granting 50 Motion for Pro Hac Vice as to Roger A. Lane. (cl, COURT STAFF) (Filed on 2/5/2019) (Entered: 02/05/2019)** |
| 02/08/2019 | 53 | OPPOSITION/RESPONSE (re 48 MOTION to Quash ) filed byMichael Zeleny. (Attachments: # 1 Declaration Declaration of Michael Zeleny, # 2 Declaration Declaration of David Affeld, # 3 Declaration Declaration of Damion Robinson) (Robinson, Damion) (Filed on 2/8/2019) (Entered: 02/08/2019) |
| 02/15/2019 | 54 | STIPULATION WITH PROPOSED ORDER re 45 Order,, Set Hearings, filed by Michael Zeleny. (Attachments: # 1 Proposed Order)(Robinson, Damion) (Filed on 2/15/2019) (Entered: 02/15/2019) |
| 02/15/2019 | 55 | REPLY (re 48 MOTION to Quash ) filed byNew Enterprise Associates. (Lane, Roger) (Filed on 2/15/2019) (Entered: 02/15/2019) |
| 02/15/2019 | 56 | Declaration of Courtney Worcester in Support of 55 Reply to Opposition/Response *to Motion to Quash* filed byNew Enterprise Associates. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G) (Related document(s) 55 ) (Lane, Roger) (Filed on 2/15/2019) (Entered: 02/15/2019) |
| 02/19/2019 | 57 | **ORDER REFERRING CASE to Magistrate Judge for Discovery purposes. Signed by Judge Richard Seeborg on 2/19/19. (cl, COURT STAFF) (Filed on 2/19/2019) (Entered: 02/19/2019)** |
| 02/19/2019 | 58 | **ORDER by Judge Richard Seeborg granting 54 Stipulation modifying certain discovery deadlines. (cl, COURT STAFF) (Filed on 2/19/2019) (Entered: 02/19/2019)** |
| 02/19/2019 | | CASE REFERRED to Magistrate Judge Thomas S. Hixson for Discovery (ahm, COURT STAFF) (Filed on 2/19/2019) (Entered: 02/19/2019) |
| 02/19/2019 | 59 | **Discovery Order re Docket No. 48 signed by Magistrate Judge Thomas S. Hixson on 2/19/2019.**<br><br>**Oral Argument on Motion to Quash scheduled for February 28, 2019 at 10:00 a.m., Courtroom A, 15th Floor, 450 Golden Gate Avenue, SF, before Magistrate Judge Thomas S. Hixson.**<br>**(Attachments: # 1 Standing Order re Discovery)**<br><br>**(rmm2S, COURT STAFF) (Filed on 2/19/2019) (Entered: 02/19/2019)** |
| 02/19/2019 | | Set/Reset Hearing re 48 MOTION to Quash Motion to Quash Hearing set for 2/28/2019 10:00 AM in San Francisco, Courtroom A, 15th Floor before Magistrate Judge Thomas S. Hixson. (rmm2S, COURT STAFF) (Filed on 2/19/2019) (Entered: 02/19/2019) |
| 02/21/2019 | 60 | CLERK'S NOTICE: CONTINUING MOTION TO QUASH HEARING.<br><br>At the request of counsel, the Motion to Quash Hearing, presently scheduled for 2/28/2019 at 10:00 a.m., is CONTINUED to 3/7/2019 at 10:00 a.m., Courtroom A, 15th Floor before Magistrate Judge Thomas S. Hixson.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 2/21/2019) (Entered: 02/21/2019) |
| 02/21/2019 | 61 | Supplemental Brief re 48 MOTION to Quash *Application for Leave to File Surreply* filed byMichael Zeleny. (Attachments: # 1 Supplement Surreply of Michael Zeleny)(Related document(s) 48 ) (Robinson, Damion) (Filed on 2/21/2019) (Entered: 02/21/2019) |

| | | |
|---|---|---|
| 02/22/2019 | 62 | **ORDER: Plaintiff Michael Zelenys application for leave to file a sur-reply in connection with New Enterprise Associates motion to quash is GRANTED. Signed by Judge Thomas S. Hixson on 2/22/2019. (tshlc2S, COURT STAFF) (Filed on 2/22/2019) (Entered: 02/22/2019)** |
| 03/07/2019 | 63 | 🔊 PDF with attached Audio File. Court Date & Time [ 3/7/2019 10:08:08 AM ]. File Size [ 12616 KB ]. Run Time [ 00:26:17 ]. (courtspeak). (Entered: 03/07/2019) |
| 03/07/2019 | 64 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Motion to Quash (Docket No. 48) Hearing held on 3/7/2019.<br><br>FTR Time: 10:08-10:34<br>Total Time: 26 minutes<br><br>Plaintiff Attorney: David W. Affeld, Esq.<br>Representing: Michael Zeleny, Plaintiff<br><br>Defendant Attorney: Nicholas P. Honkamp, Esq.; Courtney Worcester, Esq.; Roger A. Lane, Esq.<br>Representing: NEA (New Enterprise Associates)<br><br>Defendant Attorney: Todd H. Master, Esq., Interested Party.<br>Representing: City of Menlo Park and Dave Bertini, Defendants.<br><br>Proceedings: Motion to Quash (Docket No. 48) held. Argument heard. Matter submitted. Court to issue Order.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 3/7/2019) (Entered: 03/07/2019) |
| 03/07/2019 | 65 | **Discovery Order. Order granting in part and denying in part Motion to Quash 48 . Signed by Judge Thomas S. Hixson on 3/7/2019. (tshlc2S, COURT STAFF) (Filed on 3/7/2019) (Entered: 03/07/2019)** |
| 03/21/2019 | 66 | MOTION Relief from Nondispositive Order [FRCP 72] re 65 Discovery Order, Terminate Motions filed by Michael Zeleny. Motion Hearing set for 4/25/2019 02:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 4/4/2019. Replies due by 4/11/2019. (Attachments: # 1 Proposed Order)(Robinson, Damion) (Filed on 3/21/2019) (Entered: 03/21/2019) |
| 03/22/2019 | 67 | CLERK'S NOTICE Continuing Motion Hearing as to 66 MOTION Relief from Nondispositive Order [FRCP 72] re 65 Discovery Order, Terminate Motions . Motion Hearing previously set for 4/25/2019 has been rescheduled to 5/2/2019 at 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry.)*(cl, COURT STAFF) (Filed on 3/22/2019) (Entered: 03/22/2019) |
| 03/29/2019 | 68 | STIPULATION WITH PROPOSED ORDER *to File First Amended Complaint* filed by Michael Zeleny. (Attachments: # 1 Proposed Order)(Robinson, Damion) (Filed on 3/29/2019) (Entered: 03/29/2019) |
| 03/29/2019 | 69 | JOINT CASE MANAGEMENT STATEMENT filed by Michael Zeleny. (Robinson, Damion) (Filed on 3/29/2019) (Entered: 03/29/2019) |
| 04/01/2019 | 70 | **ORDER by Judge Richard Seeborg granting 68 Stipulation to filing of first amended complaint. (cl, COURT STAFF) (Filed on 4/1/2019) (Entered: 04/01/2019)** |

| 04/01/2019 | 71 | FIRST AMENDED COMPLAINT; Demand for Jury Trial against Xavier Becerra, Dave Bertini, Edmund G. Brown, Jr, City of Menlo Park, New Enterprise Associates. Filed by Michael Zeleny. (Robinson, Damion) (Filed on 4/1/2019) Modified on 4/22/2019 (gbaS, COURT STAFF). (Entered: 04/01/2019) |
|---|---|---|
| 04/01/2019 | 72 | Proposed Summons. (Robinson, Damion) (Filed on 4/1/2019) (Entered: 04/01/2019) |
| 04/03/2019 | 73 | OBJECTIONS to re 66 MOTION Relief from Nondispositive Order [FRCP 72] re 65 Discovery Order, Terminate Motions by New Enterprise Associates. (Lane, Roger) (Filed on 4/3/2019) (Entered: 04/03/2019) |
| 04/04/2019 | 74 | CLERK'S NOTICE VACATING MOTION [#66] HEARING SET FOR MAY 2, 2019. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 4/4/2019) (Entered: 04/04/2019) |
| 04/04/2019 | 75 | **Minute Entry for proceedings held before Judge Richard Seeborg: Further Case Management Conference held on 4/4/2019.Total Time in Court: 7 minutes. Not Reported or Recorded.** <br><br> **Plaintiff Attorney: Damion Robinson.** <br> **Defendant Attorney: Noreen Skelly, Todd Master.** <br><br> ***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Date Filed: 4/4/2019) (Entered: 04/04/2019)** |
| 04/05/2019 | 76 | CLERK'S NOTICE: The parties are ordered by 4/18/2019 to submit a confidential settlement status update, indicating whether and when (by the end of June 2019) they would like to schedule a further settlement conference. Statement to be submitted (not filed) to ncpo@cand.uscourts.gov. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (lmh, COURT STAFF) (Filed on 4/5/2019) (Entered: 04/05/2019) |
| 04/09/2019 | 77 | STIPULATION WITH PROPOSED ORDER *TO CONTINUE CERTAIN PRETRIAL DATES* filed by Michael Zeleny. (Attachments: # 1 Proposed Order)(Robinson, Damion) (Filed on 4/9/2019) (Entered: 04/09/2019) |
| 04/09/2019 | 78 | *Defendant Attorney General Xavier Becerra's* ANSWER to Amended Complaint *of Plaintiff Michael Zeleny for Declaratory and Injunctive Relief* byXavier Becerra. (Skelly, Noreen) (Filed on 4/9/2019) (Entered: 04/09/2019) |
| 04/09/2019 | 79 | **ORDER by Judge Richard Seeborg granting 77 Stipulation to continue certain pretrial dates. (cl, COURT STAFF) (Filed on 4/9/2019) (Entered: 04/09/2019)** |
| 04/09/2019 | 80 | **CORRECTED** FIRST AMENDED COMPLAINT; Demand for Jury Trial against Xavier Becerra, Dave Bertini, City of Menlo Park, New Enterprise Associates. Filed by Michael Zeleny. (Robinson, Damion) (Filed on 4/9/2019) Modified on 4/22/2019 (gbaS, COURT STAFF). (Entered: 04/09/2019) |
| 04/10/2019 | 81 | Notice of Withdrawal of Motion *for Relief from Nondispositive Order* (Robinson, Damion) (Filed on 4/10/2019) (Entered: 04/10/2019) |
| 04/15/2019 | 82 | ANSWER to 80 Corrected First Amended Complaint byDave Bertini, City of Menlo Park. (Master, Todd) (Filed on 4/15/2019) Modified on 4/22/2019 (gbaS, COURT STAFF). (Entered: 04/15/2019) |
| 04/22/2019 | 83 | Summons Issued as to New Enterprise Associates, Inc.. (gbaS, COURT STAFF) (Filed on 4/22/2019) (Entered: 04/22/2019) |

| | | |
|---|---|---|
| 04/22/2019 | 84 | CLERK'S NOTICE: Settlement updates received. Further Settlement Conference set for 6/27/2019 at 09:30 AM before Judge Nathanael Cousins in Courtroom 5, 4th Floor, San Jose. Updated settlement conference statements due by 6/20/2019. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (lmh, COURT STAFF) (Filed on 4/22/2019) (Entered: 04/22/2019) |
| 05/09/2019 | 85 | MOTION to Dismiss filed by New Enterprise Associates, Inc.. Motion Hearing set for 6/13/2019 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 5/23/2019. Replies due by 5/30/2019. (Attachments: # 1 Declaration In Support of NEA's Motion to Dismiss, # 2 Supplement Request for Judicial Notice In Support of NEA's Motion to Dismiss, # 3 Proposed Order In Support of NEA's Motion to Dismiss)(Lane, Roger) (Filed on 5/9/2019) (Entered: 05/09/2019) |
| 05/09/2019 | 86 | CLERK'S NOTICE SETTING Further Settlement Conference for 7/11/2019 09:30 AM before Judge Nathanael Cousins in San Jose, Courtroom 5, 4th Floor. Updated Settlement Conference Statements due by 7/5/2019. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (lmh, COURT STAFF) (Filed on 5/9/2019) (Entered: 05/09/2019) |
| 05/24/2019 | 87 | OPPOSITION/RESPONSE (re 85 MOTION to Dismiss ) filed byMichael Zeleny. (Robinson, Damion) (Filed on 5/24/2019) (Entered: 05/24/2019) |
| 05/29/2019 | | Electronic filing error. Judge initials are incorrect. Counsel need not re-file the document, but should reference the correct judge name/initials on future filings. Re: 87 Opposition/Response to Motion filed by Michael Zeleny. (mclS, COURT STAFF) (Filed on 5/29/2019) (Entered: 05/29/2019) |
| 05/30/2019 | 88 | REPLY (re 85 MOTION to Dismiss ) filed byNew Enterprise Associates, Inc.. (Attachments: # 1 Exhibit A)(Lane, Roger) (Filed on 5/30/2019) (Entered: 05/30/2019) |
| 06/13/2019 | 89 | **Minute Entry for proceedings held before Judge Richard Seeborg: Motion Hearing held on 6/13/2019 re 85 MOTION to Dismiss filed by New Enterprise Associates, Inc. Motion taken under submission; Court to issue an order.** <br> **Total Time in Court: 40 minutes. Court Reporter: Belle Ball.** <br><br> **Plaintiff Attorney: Damion Robinson.** <br> **Defendant Attorney: Roger Lane.** <br><br> ***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Date Filed: 6/13/2019) (Entered: 06/13/2019)** |
| 06/26/2019 | 90 | TRANSCRIPT ORDER for proceedings held on June 13, 2019 before Judge Richard Seeborg by New Enterprise Associates, Inc., for Court Reporter Belle Ball. (Lane, Roger) (Filed on 6/26/2019) (Entered: 06/26/2019) |
| 06/26/2019 | 91 | Transcript of Proceedings held on June 13, 2019, before Judge Richard Seeborg. Court Reporter Belle Ball, CSR, CRR, RDR, telephone number (415)373-2529, belle_ball@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 90 Transcript Order ) Release of Transcript Restriction set for 9/24/2019. (Related documents(s) 90 ) (ballbb15S, COURT STAFF) (Filed on 6/26/2019) (Entered: 06/26/2019) |

| | | |
|---|---|---|
| 06/28/2019 | 92 | MOTION to Continue *Trial and Pre-Trial Dates* filed by Michael Zeleny. (Attachments: # 1 Declaration Declaration of Damion Robinson in Support of Plaintiff's Motion to Continue Trial and Pre-Trial Dates, # 2 Proposed Order [Proposed] Order Granting Plaintiff's Motion to Continue Trial and Pre-Trial Dates)(Robinson, Damion) (Filed on 6/28/2019) (Entered: 06/28/2019) |
| 06/28/2019 | 93 | MOTION to Shorten Time *on Motion to Continue Trial and Pre-Trial Dates* filed by Michael Zeleny. (Attachments: # 1 Declaration Declaration of Damion Robinson in Support of Plaintiff's Motion to Shorten Time on Motion to Continue Trial and Pre-Trial Dates, # 2 Proposed Order [Proposed] Order Granting Plaintiff's Motion to Shorten Time on Motion to Continue Trial and Pre-Trial Dates)(Robinson, Damion) (Filed on 6/28/2019) (Entered: 06/28/2019) |
| 06/28/2019 | 94 | OPPOSITION/RESPONSE (re 93 MOTION to Shorten Time *on Motion to Continue Trial and Pre-Trial Dates* ) filed byDave Bertini, City of Menlo Park. (Master, Todd) (Filed on 6/28/2019) (Entered: 06/28/2019) |
| 07/01/2019 | 95 | **ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE TRIAL AND PRETRIAL DATES AS MODIFIED BY THE COURT. Further Case Management Conference set for 11/21/2019 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor. Jury Selection/Trial set for 6/8/2020 at 09:00 AM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Pretrial Conference set for 5/20/2020 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Signed by Judge Richard Seeborg on 7/1/19. (cl, COURT STAFF) (Filed on 7/1/2019) (Entered: 07/01/2019)** |
| 07/08/2019 | 96 | **ORDER RE: ATTENDANCE AT JULY 11 SETTLEMENT CONFERENCE. Signed by Judge Nathanael Cousins on 7/8/2019.** (lmh, COURT STAFF) (Filed on 7/8/2019) (Entered: 07/08/2019) |
| 07/11/2019 | 97 | **Minute Entry for proceedings held before Judge Nathanael M. Cousins. Settlement Conference held on 7/11/2019: No settlement; No further conferences planned.** Attorney for Plaintiff: David Affeld. Attorney for NEA: Courtney Worcester. Attorney for City Of Menlo Park and Bertini: Todd Master. Attorney for State AG: Noreen Skelly (phone). FTR Time: Not reported. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (lmh, COURT STAFF) (Date Filed: 7/11/2019) (Entered: 07/11/2019) |
| 07/30/2019 | 98 | **ORDER GRANTING MOTION TO DISMISS CORRECTED FIRST AMENDED COMPLAINT by Judge Richard Seeborg granting 85 Motion to Dismiss.Second Amended Complaint due by 8/30/2019.(tlS, COURT STAFF) (Filed on 7/30/2019) (Entered: 07/30/2019)** |
| 08/30/2019 | 99 | SECOND AMENDED COMPLAINT; Demand for Jury Trial against Xavier Becerra, Dave Bertini, City of Menlo Park, New Enterprise Associates, Inc.. Filed by Michael Zeleny. (Robinson, Damion) (Filed on 8/30/2019) Modified on 9/23/2019 (gbaS, COURT STAFF). (Entered: 08/30/2019) |
| 09/10/2019 | 100 | *Defendant Attorney General Xavier Becerra's* ANSWER to Amended Complaint byXavier Becerra. (Skelly, Noreen) (Filed on 9/10/2019) (Entered: 09/10/2019) |
| 09/25/2019 | 101 | ANSWER to Second Amended Complaint by Dave Bertini, City of Menlo Park. (Master, Todd) (Filed on 9/25/2019) Modified on 9/26/2019 (gbaS, COURT STAFF). (Entered: |

| | | |
|---|---|---|
| | | 09/25/2019) |
| 09/25/2019 | 102 | MOTION to Dismiss Plaintiff's Second Amended Complaint filed by New Enterprise Associates, Inc.. Motion Hearing set for 11/7/2019 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 10/9/2019. Replies due by 10/16/2019. (Attachments: # 1 Declaration Roger A. Lane Declaration In Support of NEA's Motion to Dismiss Plaintiff's Second Amended Complaint, # 2 Request for Judicial Notice in Support of NEA's Motion to Dismiss Plaintiff's Second Amended Complaint, # 3 Proposed Order NEA's Motion to Dismiss Plaintiff's Second Amended Complaint)(Lane, Roger) (Filed on 9/25/2019) Modified on 9/26/2019 (gbaS, COURT STAFF). (Entered: 09/25/2019) |
| 10/04/2019 | 103 | STIPULATION WITH PROPOSED ORDER re 102 MOTION to Dismiss Plaintiff's Second Amended Complaint *to Modify Briefing Schedule on Motion to Dismiss* filed by Michael Zeleny. (Attachments: # 1 Proposed Order [Proposed] Order Approving Stipulation to Modify Briefing Schedule on Motion to Dismiss)(Robinson, Damion) (Filed on 10/4/2019) (Entered: 10/04/2019) |
| 10/07/2019 | 104 | **ORDER EXTENDING BRIEFING DEADLINES AND HEARING. Signed by Judge Richard Seeborg on 10/7/19. (cl, COURT STAFF) (Filed on 10/7/2019) (Entered: 10/07/2019)** |
| 10/07/2019 | | Set/Reset Deadlines as to 102 MOTION to Dismiss Plaintiff's Second Amended Complaint. Motion Hearing set for 11/14/2019 AT 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. (cl, COURT STAFF) (Filed on 10/7/2019) (Entered: 10/07/2019) |
| 10/11/2019 | 105 | NOTICE by Xavier Becerra *for Request for Telephonic Appearance for November 21, 2019 Further Status Conference; Declaration of Noreen Skelly; [Proposed] Order* (Skelly, Noreen) (Filed on 10/11/2019) (Entered: 10/11/2019) |
| 10/11/2019 | 106 | CLERK'S NOTICE CONTINUING FURTHER CASE MANAGEMENT CONFERENCE: The Further Case Management Conference previously scheduled for November 21, 2019 is hereby continued until December 12, 2019. Case Management Statement due by December 5, 2019. The Conference will be held telephonically at 11:00 AM. All parties shall appear telephonically and must contact Court Call at (866) 582-6878 at least one week prior to the Conference to arrange their participation. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2, COURT STAFF) (Filed on 10/11/2019) (Entered: 10/11/2019) |
| 10/16/2019 | 107 | OPPOSITION/RESPONSE (re 102 MOTION to Dismiss Plaintiff's Second Amended Complaint ) filed byMichael Zeleny. (Attachments: # 1 Declaration of Damion Robinson) (Robinson, Damion) (Filed on 10/16/2019) (Entered: 10/16/2019) |
| 10/24/2019 | 108 | STIPULATION WITH PROPOSED ORDER *to Continue Trial and Pretrial Dates Due to Pending Motion to Dismiss* filed by Michael Zeleny. (Attachments: # 1 Proposed Order [Proposed] Order Granting Stipulation to Continue Trial and Pre-Trial Dates)(Robinson, Damion) (Filed on 10/24/2019) (Entered: 10/24/2019) |
| 10/25/2019 | 109 | **STIPULATION AND ORDER RE 108 to Continue Trial and Pretrial Dates Due to Pending Motion to Dismiss AS MODIFIED BY THE COURT. Jury Selection/Trial set for 9/21/2020 09:00 AM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Pretrial Conference set for 8/12/2020 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Signed by Judge Richard Seeborg on 10/25/19. (cl, COURT STAFF) (Filed on 10/25/2019) (Entered: 10/25/2019)** |

| | | |
|---|---|---|
| 10/25/2019 | 110 | REPLY (re 102 MOTION to Dismiss Plaintiff's Second Amended Complaint ) filed byNew Enterprise Associates, Inc.. (Attachments: # 1 Declaration, # 2 Supplemental Request for Judicial Notice)(Lane, Roger) (Filed on 10/25/2019) (Entered: 10/25/2019) |
| 11/05/2019 | 111 | **ORDER by Judge Richard Seeborg granting 102 Motion to Dismiss Defendant New Enterprise Associates. (clS, COURT STAFF) (Filed on 11/5/2019) (Entered: 11/05/2019)** |
| 12/05/2019 | 112 | STATUS REPORT by Michael Zeleny. (Robinson, Damion) (Filed on 12/5/2019) (Entered: 12/05/2019) |
| 12/12/2019 | 113 | **Minute Entry for proceedings held before Judge Richard Seeborg: Further Case Management Conference held on 12/12/2019.Total Time in Court: 10 minutes. Not Reported or Recorded.**<br><br>**Plaintiff Attorney: Damion Robinson - Telephonic.**<br>**Defendant Attorney: Todd Master, Gabrielle Boutin - Telephonic.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Date Filed: 12/12/2019) (Entered: 12/12/2019)** |
| 01/23/2020 | 114 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held on 1/23/2020.**<br><br>**FTR Time: Not Reported**<br><br>**Plaintiff Attorney: Damion Robinson, Esq.**<br>**Defendant Attorney: Noreen Skelly, Deputy Attorney General.**<br><br>**Proceedings: During Plaintiffs deposition of a Rule 30(b)(6) witness for Attorney General Becerra, the parties called Magistrate Judge Hixson to discuss an issue. Damion Robinson for Plaintiff and Noreen Skelly for the Attorney General were on the phone. Counsel discussed the form of an objection that the Attorney General's counsel is asserting, and Judge Hixson instructed how the objection should be stated more succinctly to avoid disrupting the deposition.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 1/23/2020) (Entered: 01/23/2020)** |
| 02/19/2020 | 115 | Discovery Letter Brief*re: Assertion of Official Information Privilege* filed by Michael Zeleny. (Attachments: # 1 Declaration Declaration of Damion Robinson)(Robinson, Damion) (Filed on 2/19/2020) (Entered: 02/19/2020) |
| 02/20/2020 | 116 | **DISCOVERY ORDER re 115 Discovery Letter Brief re: Assertion of Official Information Privilege. City of Menlo Park is directed to submit the documents at issue for *in camera* review. Signed by Judge Thomas S. Hixson on 2/20/2020. (cdnS, COURT STAFF) (Filed on 2/20/2020) (Entered: 02/20/2020)** |
| 02/28/2020 | 117 | **Discovery Order re: 115 Discovery Letter Brief re: Assertion of Official Information Privilege filed by Michael Zeleny. Signed by Judge Thomas S. Hixson on 2/28/2020. (cdnS, COURT STAFF) (Filed on 2/28/2020) (Entered: 02/28/2020)** |
| 03/02/2020 | 118 | NOTICE of Appearance by Damion D. Robinson *of David Markevitch* (Robinson, Damion) (Filed on 3/2/2020) (Entered: 03/02/2020) |
| 03/06/2020 | 119 | NOTICE of Appearance by John William Killeen *for Defendant California Attorney General Xavier Becerra* (Killeen, John) (Filed on 3/6/2020) (Entered: 03/06/2020) |

| 03/06/2020 | [120](#) | Stipulated Protective Order for Standard Litigation filed by Michael Zeleny. (Robinson, Damion) (Filed on 3/6/2020) Modified on 3/8/2020 (gbaS, COURT STAFF). (Entered: 03/06/2020) |
|---|---|---|
| 03/09/2020 | [121](#) | **ORDER by Judge Thomas S. Hixson granting [120](#) Stipulated Protective Order. (tshlc2S, COURT STAFF) (Filed on 3/9/2020) (Entered: 03/09/2020)** |
| 03/16/2020 | [122](#) | STIPULATION WITH PROPOSED ORDER *Continuing Dates due to COVID-19 Pandemic* filed by Michael Zeleny. (Attachments: # [1](#) Proposed Order)(Robinson, Damion) (Filed on 3/16/2020) (Entered: 03/16/2020) |
| 03/17/2020 | [123](#) | **ORDER RE [122](#) Continuing Dates due to COVID-19 Pandemic AS MODIFIED BY THE COURT. Case Management Statement due by 6/4/2020. Status Conference set for 6/11/2020 at 11:00 AM in San Francisco, Chambers before Judge Richard Seeborg. Signed by Judge Richard Seeborg on 3/17/2020. (cl, COURT STAFF) (Filed on 3/17/2020) Modified on 3/17/2020 (cl, COURT STAFF). (Entered: 03/17/2020)** |
| 05/07/2020 | [124](#) | STIPULATION WITH PROPOSED ORDER *to Further Continue Dates Due to Delays Caused by Coronavirus Pandemic* filed by Michael Zeleny. (Attachments: # [1](#) Proposed Order [Proposed] Order Continuing Dates by Stipulation)(Robinson, Damion) (Filed on 5/7/2020) (Entered: 05/07/2020) |
| 05/07/2020 | [125](#) | **ORDER CONTINUING DATES BY STIPULATION AS MODIFIED BY THE COURT. Signed by Judge Richard Seeborg (cl, COURT STAFF) (Filed on 5/7/2020) (Entered: 05/07/2020)** |
| 05/18/2020 | [126](#) | **GENERAL ORDER FOR ALL PENDING CIVIL CASES BEFORE JUDGE RICHARD SEEBORG. Signed by Judge Richard Seeborg on 5/18/2020. (cl, COURT STAFF) (Filed on 5/18/2020) (Entered: 05/18/2020)** |
| 06/04/2020 | [127](#) | Letter from Jointly, Plaintiff Michael Zeleny and Defendant Attorney General Becerra . (Attachments: # [1](#) Declaration Declaration of Counsel, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # [7](#) Exhibit 6, # [8](#) Exhibit 7)(Markevitch, David) (Filed on 6/4/2020) (Entered: 06/04/2020) |
| 06/04/2020 | [128](#) | NOTICE of Change In Counsel by Ashley Lynn Shively (Shively, Ashley) (Filed on 6/4/2020) (Entered: 06/04/2020) |
| 06/04/2020 | [129](#) | NOTICE of Change of Address by Ashley Lynn Shively (Shively, Ashley) (Filed on 6/4/2020) (Entered: 06/04/2020) |
| 06/04/2020 | [130](#) | JOINT Status Report filed by Michael Zeleny. (Markevitch, David) (Filed on 6/4/2020) Modified on 6/4/2020 (gbaS, COURT STAFF). (Entered: 06/04/2020) |
| 06/04/2020 | 131 | CLERK'S NOTICE CONTINUING STATUS CONFERENCE: The Status Conference previously set for June 11, 2020 is continued to October 29, 2020 at 10:00 AM. All parties shall appear telephonically and must contact Court Call at (866) 582-6878 at least one week prior to the Conference to arrange their participation. Status Update due by October 22, 2020. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2S, COURT STAFF) (Filed on 6/4/2020) (Entered: 06/04/2020) |
| 06/09/2020 | [132](#) | **Discovery Order re [127](#) Letter. Signed by Judge Thomas S. Hixson on 6/9/2020. (cdnS, COURT STAFF) (Filed on 6/9/2020) (Entered: 06/09/2020)** |
| 06/19/2020 | [133](#) | STIPULATION WITH PROPOSED ORDER *Regarding Pre-Trial Dates* filed by Michael Zeleny. (Attachments: # [1](#) Proposed Order)(Markevitch, David) (Filed on 6/19/2020) (Entered: 06/19/2020) |

| | | |
|---|---|---|
| 06/22/2020 | 134 | **ORDER CONTINUING DATES 133 BY STIPULATION AS MODIFIED BY THE COURT. Signed by Judge Richard Seeborg on 6/22/2020. (cl, COURT STAFF) (Filed on 6/22/2020) (Entered: 06/22/2020)** |
| 08/26/2020 | 135 | Letter from Jointly, Plaintiff Michael Zeleny and Defendants Attorney General Becerra and State of California . (Attachments: # 1 Declaration of David Markevitch, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Markevitch, David) (Filed on 8/26/2020) (Entered: 08/26/2020) |
| 08/31/2020 | 136 | Second MOTION to Continue Certain Pre-Trial Dates filed by Michael Zeleny. (Attachments: # 1 Declaration of David Markevitch, # 2 Proposed Order)(Markevitch, David) (Filed on 8/31/2020) Modified on 9/1/2020 (gbaS, COURT STAFF). (Entered: 08/31/2020) |
| 08/31/2020 | 137 | MOTION to Shorten Time on 136 Motion to Continue Certain Pre-Trial Dates filed by Michael Zeleny. (Attachments: # 1 Declaration of David Markevitch, # 2 Proposed Order) (Markevitch, David) (Filed on 8/31/2020) Modified on 9/1/2020 (gbaS, COURT STAFF). (Entered: 08/31/2020) |
| 09/01/2020 | 138 | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing set for 9/4/2020 01:00 PM, by Zoom Video Conference, before Magistrate Judge Thomas S. Hixson. Video Camera hearing set for 9/4/2020 01:00 PM. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**Court Appearances:** Ad vanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at Rose_Maher@cand.uscourts.gov no later than September 3, 2020 by COB.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Discovery Hearing set for 9/4/2020 01:00 PM, by Zoom Video Conference before Magistrate Judge Thomas S. Hixson. Video Camera hearing set for 9/4/2020 01:00 PM. (Related documents(s) 135 ) *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 9/1/2020) (Entered: 09/01/2020) |
| 09/01/2020 | 139 | **ORDER GRANTING UNOPPOSED MOTION TO CONTINUE. Signed by Judge Richard Seeborg on 9/1/2020. (cl, COURT STAFF) (Filed on 9/1/2020) (Entered: 09/01/2020)** |
| 09/04/2020 | 140 | **Discovery Order re 135 Letter. Signed by Judge Thomas S. Hixson on 9/4/2020. (cdnS, COURT STAFF) (Filed on 9/4/2020) (Entered: 09/04/2020)** |
| 09/04/2020 | 141 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing by Zoom Video Conference held on 9/4/2020 at 1:00 p.m.**<br><br>**Total Time in Court: 8 minutes.**<br>**Court Reporter: Belle Ball.** |

| | | |
|---|---|---|
| | | **Plaintiff Attorney: Damion Robinson, Esq.**<br><br>**Defendant Attorney: John Killeen, Esq.**<br><br>**Proceedings: Discovery Conference held; argument heard; matter submitted. Court to issue Order.**<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 9/4/2020) (Entered: 09/04/2020) |
| 09/16/2020 | [142](#) | MOTION for Relief from Nondispositive Pretrial Order of Magistrate Judge filed by Xavier Becerra. Responses due by 9/30/2020. Replies due by 10/7/2020. (Attachments: # [1](#) Declaration of John Killeen in Support, # [2](#) Proposed Order)(Killeen, John) (Filed on 9/16/2020) Modified on 9/17/2020 (gbaS, COURT STAFF). (Entered: 09/16/2020) |
| 09/17/2020 | [143](#) | Joint Report re: Settlement Meet and Confer by Michael Zeleny. (Robinson, Damion) (Filed on 9/17/2020) Modified on 9/18/2020 (gbaS, COURT STAFF). (Entered: 09/17/2020) |
| 09/21/2020 | [144](#) | OPPOSITION/RESPONSE (re [142](#) MOTION for Relief from Nondispositive Pretrial Order of Magistrate Judge ) *PLAINTIFF'S REQUEST FOR SPEEDY DENIAL OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [L.R. 72-2]* filed byMichael Zeleny. (Markevitch, David) (Filed on 9/21/2020) (Entered: 09/21/2020) |
| 09/24/2020 | [145](#) | MOTION to Amend/Correct [99](#) Amended Complaint filed by Michael Zeleny. Motion Hearing set for 10/29/2020 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 10/8/2020. Replies due by 10/15/2020. (Attachments: # [1](#) Declaration Declaration of Damion Robinson in Support of Plaintiff's Motion for Leave to Make Clarifying Amendment to Second Amended Complaint, # [2](#) Proposed Order [Proposed] Order Granting Motion for Leave to Make Clarifying Amendment to Second Amended Complaint)(Robinson, Damion) (Filed on 9/24/2020) (Entered: 09/24/2020) |
| 09/24/2020 | [146](#) | NOTICE of Lodging of Proposed Third Amended Complaint by Michael Zeleny re [145](#) MOTION to Amend/Correct [99](#) Amended Complaint (Attachments: # [1](#) Proposed Order [Proposed] Third Amended Complaint; Demand for Jury Trial) (Robinson, Damion) (Filed on 9/24/2020) Modified on 9/25/2020 (gbaS, COURT STAFF). (Entered: 09/24/2020) |
| 10/02/2020 | [147](#) | **ORDER REGARDING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISRATE JUDGE. Signed by Judge Richard Seeborg on 10/2/2020. (clS, COURT STAFF) (Filed on 10/2/2020) (Entered: 10/02/2020)** |
| 10/05/2020 | [148](#) | **ORDER DENYING [142](#) MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE. Signed by Judge Richard Seeborg (clS, COURT STAFF) (Filed on 10/5/2020) (Entered: 10/05/2020)** |
| 10/08/2020 | [149](#) | OPPOSITION/RESPONSE (re [145](#) MOTION to Amend/Correct [99](#) Amended Complaint ) *Defendant Gavin Newsom's Opposition to Plaintiffs' Motion to Make Clarifying Amendment to Second Amended Complaint* filed byXavier Becerra. (Killeen, John) (Filed on 10/8/2020) (Entered: 10/08/2020) |
| 10/09/2020 | [150](#) | MOTION to Compel *Chief Dave Bertini to Answer Deposition Questions* filed by Michael Zeleny. Motion Hearing set for 11/19/2020 10:00 AM in San Francisco, Courtroom G, 15th Floor before Magistrate Judge Thomas S. Hixson. Responses due by 10/23/2020. Replies due by 10/30/2020. (Attachments: # [1](#) Declaration Declaration of |

| | | |
|---|---|---|
| | | Damion Robinson in Support of Plaintiff's Motion to Compel Chief Dave Bertini to Answer Deposition Questions, # 2 Proposed Order [Proposed] Order Granting Plaintiff's Motion to Compel Chief Dave Bertini to Answer Deposition Questions)(Robinson, Damion) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | | Set/Reset Deadlines as to 150 MOTION to Compel *Chief Dave Bertini to Answer Deposition Questions*. Motion Hearing set for 11/19/2020 10:00 AM before Magistrate Judge Thomas S. Hixson. (cdnS, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/14/2020 | 151 | REPLY (re 145 MOTION to Amend/Correct 99 Amended Complaint ) filed byMichael Zeleny. (Robinson, Damion) (Filed on 10/14/2020) (Entered: 10/14/2020) |
| 10/20/2020 | 152 | CLERK'S NOTICE CONTINUING STATUS CONFERENCE: The Status Conference previously set for October 29, 2020 is continued to January 14, 2021 at 10:00 AM. All parties shall appear telephonically and must contact Court Call at (866) 582-6878 at least one week prior to the Conference to arrange their participation. Status Update due by January 7, 2021. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2S, COURT STAFF) (Filed on 10/20/2020) (Entered: 10/20/2020) |
| 10/22/2020 | 153 | CLERK'S NOTICE THE MOTION [#145] SCHEDULED FOR HEARING ON OCTOBER 29, 2020 AT 1:30 P.M. SHALL BE SUBMITTED WITHOUT ORAL ARGUMENT PURSUANT TO CIVIL LOCAL RULE 7-1(b). ACCORDINGLY, THE MOTION HEARING IS VACATED. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (clS, COURT STAFF) (Filed on 10/22/2020) (Entered: 10/22/2020) |
| 10/22/2020 | 154 | OPPOSITION/RESPONSE (re 150 MOTION to Compel *Chief Dave Bertini to Answer Deposition Questions* ) filed byDave Bertini, City of Menlo Park. (Master, Todd) (Filed on 10/22/2020) (Entered: 10/22/2020) |
| 10/30/2020 | 155 | REPLY (re 150 MOTION to Compel *Chief Dave Bertini to Answer Deposition Questions* ) filed byMichael Zeleny. (Robinson, Damion) (Filed on 10/30/2020) (Entered: 10/30/2020) |
| 11/05/2020 | 156 | OPPOSITION/RESPONSE (re 150 MOTION to Compel *Chief Dave Bertini to Answer Deposition Questions* ) *Supplemental Declaration of Todd Master* filed byDave Bertini, City of Menlo Park. (Master, Todd) (Filed on 11/5/2020) (Entered: 11/05/2020) |
| 11/10/2020 | 157 | **Discovery Order re: 150 MOTION to Compel *Chief Dave Bertini to Answer Deposition Questions* filed by Michael Zeleny. The Court orders Bertini to be redeposed within 30 days. Signed by Judge Thomas S. Hixson on 11/10/2020. (cdnS, COURT STAFF) (Filed on 11/10/2020) (Entered: 11/10/2020)** |
| 12/23/2020 | 158 | CLERK'S NOTICE CONTINUING STATUS CONFERENCE: The Status Conference previously set for January 14, 2021 is continued to February 25, 2021 at 10:00 AM. All parties shall appear telephonically and must contact Court Call at (866) 582-6878 at least one week prior to the Conference to arrange their participation. Joint Status Report due by February 18, 2021. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2S, COURT STAFF) (Filed on 12/23/2020) (Entered: 12/23/2020) |
| 01/07/2021 | 159 | **AMENDED ORDER GRANTING UNOPPOSED MOTION TO CONTINUE. Signed by Judge Richard Seeborg on 1/7/2021. (clS, COURT STAFF) (Filed on 1/7/2021) (Entered: 01/07/2021)** |

| 01/21/2021 | [160] | MOTION for Summary Judgment filed by Dave Bertini, City of Menlo Park. Motion Hearing set for 2/25/2021 01:30 PM in San Francisco, Courtroom 02, 17th Floor before Judge Richard Seeborg. Responses due by 2/4/2021. Replies due by 2/11/2021. (Attachments: # [1] Declaration, # [2] Declaration, # [3] Declaration, # [4] Exhibit, # [5] Exhibit, # [6] Exhibit, # [7] Proposed Order)(Master, Todd) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| --- | --- | --- |
| 01/21/2021 | [161] | MOTION for Summary Judgment filed by Xavier Becerra. Motion Hearing set for 2/25/2021 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 2/4/2021. Replies due by 2/11/2021. (Attachments: # [1] Declaration of John W. Killeen in Support of Motion for Summary Judgment, # [2] Request for Judicial Notice in Support of Motion for Summary Judgment, # [3] Proposed Order, # [4] Certificate/Proof of Service)(Killeen, John) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | [162] | MOTION for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini filed by Michael Zeleny. Motion Hearing set for 2/25/2021 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 2/4/2021. Replies due by 2/11/2021. (Attachments: # [1] Declaration Declaration of Damion Robinson in Support of Plaintiff Michael Zeleny's Motion for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini, # [2] Declaration Declaration of Michael Zeleny in Support of Plaintiff Michael Zeleny's Motion for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini, # [3] Declaration Declaration of Gabrielle Bruckner in Support of Plaintiff Michael Zeleny's Motion for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini, # [4] Proposed Order [Proposed] Order Granting Plaintiff's Motion for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini) (Robinson, Damion) (Filed on 1/21/2021) Modified on 1/22/2021 (gbaS, COURT STAFF). (Entered: 01/21/2021) |
| 01/21/2021 | [163] | MOTION for Partial Summary Judgment Against California Attorney General Xavier Becerra filed by Michael Zeleny. Motion Hearing set for 2/25/2021 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 2/4/2021. Replies due by 2/11/2021. (Attachments: # [1] Declaration Declaration of Damion Robinson Support of Plaintiff Michael Zeleny's Motion for Partial Summary Judgment Against California Attorney General Xavier Becerra, # [2] Declaration Declaration of Michael Zeleny in Support of Plaintiff Michael Zeleny's Motion for Partial Summary Judgment Against California Attorney General Xavier Becerra, # [3] Supplement Request for Judicial Notice, # [4] Proposed Order [Proposed] Order Granting Plaintiff's Motion for Partial Summary Judgment Against California Attorney General Xavier Becerra and Request for Judicial Notice)(Robinson, Damion) (Filed on 1/21/2021) Modified on 1/22/2021 (gbaS, COURT STAFF). (Entered: 01/21/2021) |
| 01/22/2021 | [164] | **ORDER by Judge Richard Seeborg granting [145] Motion to Amend/Correct. (clS, COURT STAFF) (Filed on 1/22/2021) (Entered: 01/22/2021)** |
| 01/29/2021 | 165 | CLERK'S NOTICE Continuing Motion Hearing as to [161] MOTION for Summary Judgment , [163] MOTION for Partial Summary Judgment Against California Attorney General Xavier Becerra, [160] MOTION for Summary Judgment , [162] MOTION for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini. Motions Hearing previously set for 2/25/2021 is continued to 3/18/2021 at 01:30 PM in San Francisco, - Videoconference Only before Judge Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (clS, COURT STAFF) (Filed on 1/29/2021) (Entered: 01/29/2021) |
| 02/04/2021 | [166] | OPPOSITION/RESPONSE (re [163] MOTION for Partial Summary Judgment Against California Attorney General Xavier Becerra ) filed byXavier Becerra. (Killeen, John) |

| | | (Filed on 2/4/2021) (Entered: 02/04/2021) |
|---|---|---|
| 02/04/2021 | [167](#) | OPPOSITION/RESPONSE (re [161](#) MOTION for Summary Judgment ) *by California Attorney Attorney General Xavier Becerra and Cross-Motion for Partial Summary Judgment* filed byMichael Zeleny. (Robinson, Damion) (Filed on 2/4/2021) (Entered: 02/04/2021) |
| 02/04/2021 | [168](#) | OPPOSITION/RESPONSE (re [162](#) MOTION for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini ) filed byDave Bertini, City of Menlo Park. (Attachments: # [1](#) Declaration Declaration of Nicolas Flegel, # [2](#) Declaration Declaration of Todd H. Master)(Master, Todd) (Filed on 2/4/2021) (Entered: 02/04/2021) |
| 02/04/2021 | [169](#) | OPPOSITION/RESPONSE (re [160](#) MOTION for Summary Judgment ) *of the City of Menlo Park and Police Chief Dave Bertini* filed byMichael Zeleny. (Attachments: # [1](#) Declaration Supplemental Declaration of Michael Zeleny in Opposition to Motion for Summary Judgement of City of Menlo Park and Police Chief Dave Bertini, # [2](#) Declaration Supplemental Declaration of Damion Robinson in Opposition to Motion for Summary Judgement of City of Menlo Park and Police Chief Dave Bertini, # [3](#) Supplement Plaintiff Michael Zeleny's Evidentiary Objections in Opposition to Motion for Summary Judgement of City of Menlo Park and Police Chief Dave Bertini)(Robinson, Damion) (Filed on 2/4/2021) (Entered: 02/04/2021) |
| 02/11/2021 | [170](#) | REPLY (re [161](#) MOTION for Summary Judgment ) filed byXavier Becerra. (Killeen, John) (Filed on 2/11/2021) (Entered: 02/11/2021) |
| 02/11/2021 | [171](#) | REPLY (re [163](#) MOTION for Partial Summary Judgment Against California Attorney General Xavier Becerra ) filed byMichael Zeleny. (Robinson, Damion) (Filed on 2/11/2021) (Entered: 02/11/2021) |
| 02/11/2021 | [172](#) | REPLY (re [162](#) MOTION for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini ) filed byDave Bertini, City of Menlo Park. (Attachments: # [1](#) Declaration Declaration of Nicolas Flegel, # [2](#) Declaration Declaration of Todd H. Master)(Master, Todd) (Filed on 2/11/2021) (Entered: 02/11/2021) |
| 02/11/2021 | [173](#) | REPLY (re [162](#) MOTION for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini ) filed byMichael Zeleny. (Attachments: # [1](#) Supplement Evidentiary Objections)(Robinson, Damion) (Filed on 2/11/2021) (Entered: 02/11/2021) |
| 02/17/2021 | 174 | CLERK'S NOTICE CONTINUING STATUS CONFERENCE: The Status Conference previously set for February 25, 2021 is continued to April 8, 2021 at 10:00 AM. All parties shall appear telephonically and must contact Court Call at (866) 582-6878 at least one week prior to the Conference to arrange their participation. Joint Status Report due by April 1, 2021. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2S, COURT STAFF) (Filed on 2/17/2021) (Entered: 02/17/2021) |
| 02/21/2021 | [175](#) | OBJECTIONS to re [172](#) Reply to Opposition/Response, by Michael Zeleny. (Robinson, Damion) (Filed on 2/21/2021) (Entered: 02/21/2021) |
| 03/09/2021 | 176 | CLERK'S NOTICE Continuing Motion Hearing as to [161](#) MOTION for Summary Judgment [163](#) MOTION for Partial Summary Judgment Against California Attorney General Xavier Becerra, [160](#) MOTION for Summary Judgment [162](#) MOTION for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini. Motion Hearing previously set for March 18, 2021 is continued to April 22, 2021 at 01:30 PM in San Francisco, - Videoconference Only before Judge Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry(clS, COURT STAFF) (Filed on 3/9/2021) (Entered: 03/09/2021)* |

| | | |
|---|---|---|
| 03/11/2021 | [177](#) | Statement of Recent Decision re [162](#) MOTION for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini filed by Michael Zeleny. (Related document(s) [162](#) ) (Robinson, Damion) (Filed on 3/11/2021) Modified on 3/11/2021 (gbaS, COURT STAFF). (Entered: 03/11/2021) |
| 03/25/2021 | [178](#) | STATEMENT OF RECENT DECISION pursuant to Civil Local Rule 7-3.d filed byDave Bertini, City of Menlo Park. (Related document(s) [160](#) ) (Master, Todd) (Filed on 3/25/2021) (Entered: 03/25/2021) |
| 03/25/2021 | [179](#) | Statement *OF RECENT DECISION* by Xavier Becerra. (Killeen, John) (Filed on 3/25/2021) (Entered: 03/25/2021) |
| 03/29/2021 | [180](#) | MOTION for Leave to File *Supplemental Brief to Address New Authority* filed by Michael Zeleny. (Robinson, Damion) (Filed on 3/29/2021) (Entered: 03/29/2021) |
| 03/30/2021 | [181](#) | Response to [180](#) Plaintiff's Request for Leave to File Supplemental Brief to Address New Authority filed by Dave Bertini, City of Menlo Park. (Master, Todd) (Filed on 3/30/2021) Modified on 3/31/2021 (gbaS, COURT STAFF). (Entered: 03/30/2021) |
| 03/30/2021 | [182](#) | **ORDER by Chief Judge Richard Seeborg granting [180](#) Motion for Leave to File. (clS, COURT STAFF) (Filed on 3/30/2021) (Entered: 03/30/2021)** |
| 03/30/2021 | 183 | CLERK'S NOTICE CONTINUING STATUS CONFERENCE: The Status Conference previously set for April 8, 2021 is continued to May 27, 2021 at 10:00 AM. All parties shall appear by videoconference using log-in instructions the Court will provide in advance. Joint Status Report due by May 20, 2021. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2S, COURT STAFF) (Filed on 3/30/2021) (Entered: 03/30/2021) |
| 04/09/2021 | [184](#) | Supplemental Brief re [160](#) MOTION for Summary Judgment filed byDave Bertini, City of Menlo Park. (Related document(s) [160](#) ) (Gundert, Robert) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | [185](#) | Supplemental Brief re [161](#) MOTION for Summary Judgment *California Acting Attorney General Matthew Rodriquez's Supplemental Brief Regarding Recent Authorities* filed byXavier Becerra. (Related document(s) [161](#) ) (Killeen, John) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | [186](#) | REPLY (re [163](#) MOTION for Partial Summary Judgment Against California Attorney General Xavier Becerra ) *Supplemental Brief to Address New Authority* filed byMichael Zeleny. (Robinson, Damion) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/15/2021 | 187 | CLERKS NOTICE SETTING ZOOM MOTIONS HEARING. Motion Hearing set for 4/22/2021 01:30 PM in San Francisco, - Videoconference Only before Judge Richard Seeborg. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/rs<br><br>**Court Appearances:** Advanced notice is required of counsel or pa rties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at RScrd@cand.uscourts.gov no later than April 21, 2021 at 12:00 pm.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |

| | | |
|---|---|---|
| | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>, Set/Reset Deadlines as to 161 MOTION for Summary Judgment , 162 MOTION for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini, 160 MOTION for Summary Judgment , 163 MOTION for Partial Summary Judgment Against California Attorney General Xavier Becerra. Motion Hearing set for 4/22/2021 01:30 PM in San Francisco, - Videoconference Only before Judge Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (clS, COURT STAFF) (Filed on 4/15/2021) (Entered: 04/15/2021) |
| 04/19/2021 | 188 | Statement re 163 MOTION for Partial Summary Judgment Against California Attorney General Xavier Becerra, 162 MOTION for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini *Statement of Recent Decision* by Michael Zeleny. (Robinson, Damion) (Filed on 4/19/2021) (Entered: 04/19/2021) |
| 04/22/2021 | 189 | **Minute Entry for proceedings held before Judge Richard Seeborg: Motion Hearing held via Zoom/Videoconference on 4/22/2021 re 163 MOTION for Partial Summary Judgment Against California Attorney General Xavier Becerra filed by Michael Zeleny, 162 MOTION for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini filed by Michael Zeleny, 161 MOTION for Summary Judgment, 160 MOTION for Summary Judgment. Motions taken under submission; Court to issue an order.**<br>**Total Time in Court: 1 hour and 45 minutes.**<br>**Court Reporter: Jo Ann Bryce.**<br><br>**Plaintiff Attorney: David Affeld, Brian England.**<br>**Defendant Attorney: John Killeen, Robert Gundert.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (clS, COURT STAFF) (Date Filed: 4/22/2021) (Entered: 04/22/2021)** |
| 05/17/2021 | 190 | CLERK'S NOTICE CONTINUING STATUS CONFERENCE: The Status Conference previously set for May 27, 2021 is continued to July 8, 2021 at 10:00 am. All parties shall attend by videoconference using log-in instructions the Court will provide in advance. Joint Status Report due by July 1, 2021. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2S, COURT STAFF) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 06/21/2021 | 191 | CLERK'S NOTICE CONTINUING STATUS CONFERENCE: The Status Conference previously set for July 8, 2021 is continued to August 12, 2021 at 10:00 am. All parties shall attend by videoconference using log-in instructions the Court will provide in advance. Joint Status Report due by August 5, 2021. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2S, COURT STAFF) (Filed on 6/21/2021) (Entered: 06/21/2021) |
| 07/13/2021 | 192 | **ORDER by Chief Judge Richard Seeborg GRANTING IN PART AND DENYING IN PART 160 MOTION FOR SUMMARY JUDGMENT; GRANTING 161 MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART 162 MOTION FOR SUMMARY JUDGMENT; DENYING 163 MOTION FOR SUMMARY JUDGMENT. (rslc2S, COURT STAFF) (Filed on 7/13/2021) (Entered: 07/13/2021)** |
| 08/06/2021 | 193 | JOINT STATUS REPORT by Michael Zeleny. (Robinson, Damion) (Filed on 8/6/2021) Modified on 8/9/2021 (gbaS, COURT STAFF). (Entered: 08/06/2021) |

| 08/10/2021 | 194 | CLERK'S NOTICE SETTING FURTHER CASE MANAGEMENT CONFERENCE. Further Case Management Conference set for 8/26/2021 at 10:00 AM. No statement from the parties in advance of this conference is required.All parties shall attend by videoconference using log-in instructions the Court will provide in advance.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (clS, COURT STAFF) (Filed on 8/10/2021) (Entered: 08/10/2021) |
|---|---|---|
| 08/20/2021 | 195 | CLERK'S NOTICE SETTING FURTHER CASE MANAGEMENT CONFERENCE BY ZOOM. Further Case Management Conference set for 8/26/2021 at 10:00 AM in San Francisco, - Videoconference Only. This proceeding will be held via a Zoom webinar.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/rs<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at RScrd@cand.uscourts.gov no later than August 24, 2021 at 12:00 pm.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>(clS, COURT STAFF) (Filed on 8/20/2021) (Entered: 08/20/2021) |
| 08/26/2021 | 196 | **Minute Entry for proceedings held before Judge Richard Seeborg: Further Case Management Conference held via Zoom on 8/26/2021.**<br>**Total Time in Court: 12 minutes.**<br>**Court Reporter: Not Reported or Recorded.**<br><br>**Plaintiff Attorney: Brian England.**<br>**Defendant Attorney: John Killeen, Robert Gundert.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (clS, COURT STAFF) (Date Filed: 8/26/2021) (Entered: 08/26/2021)** |
| 08/26/2021 | 197 | **ORDER REFERRING CASE to Magistrate Judge for Settlement. Signed by Chief Judge Richard Seeborg on 8/26/2021. (clS, COURT STAFF) (Filed on 8/26/2021) (Entered: 08/26/2021)** |
| 09/20/2021 | 198 | CLERK'S NOTICE SETTING Settlement Conference for 10/19/2021, at 09:30 AM before Judge Nathanael M. Cousins. This proceeding will be held via Zoom meeting. Settlement Conference Statements are due by 10/12/2021.<br><br>**Meeting Access:** All counsel may access the meeting information at https://www.cand.uscourts.gov/nc<br>Please click subheading +Join Non-Public Hearings. |

| | | |
|---|---|---|
| | | **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (lmh, COURT STAFF) (Filed on 9/20/2021) (Entered: 09/20/2021) |
| 10/12/2021 | [199](#) | Statement *Settlement Conference Statement* by Dave Bertini, City of Menlo Park. (Master, Todd) (Filed on 10/12/2021) (Entered: 10/12/2021) |
| 10/19/2021 | 200 | **Minute Entry for proceedings held before Magistrate Judge Nathanael M. Cousins.**<br><br>**Settlement Conference held on 10/19/2021.**<br>**Discussions continue to 11/22/2021, at 04:00 PM by Zoom meeting.**<br>**Confidential updates requested to be emailed (not filed) by 11/18.**<br><br>Attorneys for Plaintiff: David Affeld, Brian England, with plaintiff Michael Zeleny.<br><br>Attorney for Defendant Rob Bonta: John Killeen.<br>California AG Representative: Brandon Brazil-Cruz.<br><br>Attorney for City of Menlo Park: Robert Gundert.<br>Defendant representatives: Nira Doherty, Susan DeNardo.<br><br>(Not reported.) *(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br>(lmh, COURT STAFF) (Date Filed: 10/19/2021) (Entered: 10/19/2021) |
| 11/12/2021 | [201](#) | Notice of MOTION for Attorney Fees filed by Michael Zeleny. Motion Hearing set for 12/23/2021 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 11/26/2021. Replies due by 12/3/2021. (Attachments: # [1](#) Declaration Compendium of Declaration in Support of Plaintiff's Motion for Attorney's Fees, # [2](#) Proposed Order [Proposed] Order Granting Plaintiff's Motion for Attorney's Fees)(Robinson, Damion) (Filed on 11/12/2021) Modified on 11/15/2021 (kmg, COURT STAFF). (Entered: 11/12/2021) |
| 11/15/2021 | 202 | CLERK'S NOTICE Continuing Motion Hearing as to [201](#) MOTION for Attorney Fees . Motion Hearing previously set for 12/23/2021 is continued to 1/6/2022 at 01:30 PM in San Francisco, - Videoconference Only before Judge Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 11/15/2021) (Entered: 11/15/2021) |
| 11/19/2021 | [203](#) | STIPULATION WITH PROPOSED ORDER re [201](#) MOTION for Attorney Fees *to Extend Time to Respond* filed by Dave Bertini, City of Menlo Park. (Attachments: # [1](#) Declaration Declaration of Robert J. Gundert)(Gundert, Robert) (Filed on 11/19/2021) (Entered: 11/19/2021) |
| 11/19/2021 | [204](#) | **ORDER by Judge Richard Seeborg GRANTING [203](#) STIPULATION TO EXTEND TIME TO RESPOND TO PLAINTIFFS MOTION FOR ATTORNEYS FEES (cl, COURT STAFF) (Filed on 11/19/2021) (Entered: 11/19/2021)** |
| 11/22/2021 | 205 | **Minute Entry for proceedings held before Magistrate Judge Nathanael M. Cousins.**<br><br>**Settlement Conference held on 11/22/2021. Discussions continue.**<br>**Further Settlement Conference with plaintiff and Menlo Park, only, set for 12/6/2021, at 02:30 PM via Zoom.** |

|  |  |  |
|---|---|---|
|  |  | Attorneys for Plaintiff: David Affeld, Brian England.<br>Attorney for City of Menlo Park: Robert Gundert.<br>Attorney for Defendant Rob Bonta: John Killeen.<br><br>(Not reported.) *(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br>(lmh, COURT STAFF) (Date Filed: 11/22/2021) (Entered: 11/22/2021) |
| 11/29/2021 | 206 | MOTION to Dismiss Portions of Second Amended Complaint or, MOTION for Leave to File Motion for Reconsideration of Portion of Court Order Dated 7/13/2021 filed by City of Menlo Park. Motion Hearing set for 1/6/2022 01:30 PM before Judge Richard Seeborg. Responses due by 12/13/2021. Replies due by 12/20/2021. (Attachments: # 1 Declaration Declaration of Robert J. Gundert, # 2 Proposed Order Proposed Order) (Gundert, Robert) (Filed on 11/29/2021) Modified on 11/30/2021 (gba, COURT STAFF). (Entered: 11/29/2021) |
| 12/03/2021 | 207 | OPPOSITION/RESPONSE (re 201 MOTION for Attorney Fees ) filed byDave Bertini, City of Menlo Park. (Attachments: # 1 Declaration Objections to Declaration of David W. Affeld, # 2 Declaration Declaration of Robert J. Gundert)(Gundert, Robert) (Filed on 12/3/2021) (Entered: 12/03/2021) |
| 12/06/2021 | 208 | CLERK'S NOTICE VACATING Settlement Conference set for 12/6/2021 and resetting to 12/13/2021, at 03:30 PM before Judge Nathanael M. Cousins via Zoom meeting.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br>(lmh, COURT STAFF) (Filed on 12/6/2021) (Entered: 12/06/2021) |
| 12/10/2021 | 209 | REPLY (re 201 MOTION for Attorney Fees ) filed byMichael Zeleny. (Robinson, Damion) (Filed on 12/10/2021) (Entered: 12/10/2021) |
| 12/13/2021 | 210 | OPPOSITION/RESPONSE (re 206 MOTION to Dismiss Portions of Second Amended Complaint MOTION for Leave to File Motion for Reconsideration of Portion of Court Order Dated 7/13/2021 ) filed byMichael Zeleny. (Attachments: # 1 Declaration of Brian England)(Robinson, Damion) (Filed on 12/13/2021) (Entered: 12/13/2021) |
| 12/13/2021 | 211 | **Minute Entry for proceedings held before Magistrate Judge Nathanael M. Cousins.**<br><br>**Further Settlement Conference held on 12/13/2021.**<br>**No settlement and no further settlement discussions planned.**<br><br>Attorneys David Affeld, Brian England, with client Michael Zeleny, plaintiff.<br>Attorney Robert Gundert, with client representative Will Portello, for City of Menlo Park.<br><br>(Not reported.) *(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br>(lmh, COURT STAFF) (Date Filed: 12/13/2021) (Entered: 12/14/2021) |
| 12/20/2021 | 212 | REPLY (re 206 MOTION to Dismiss Portions of Second Amended Complaint MOTION for Leave to File Motion for Reconsideration of Portion of Court Order Dated 7/13/2021 ) filed byCity of Menlo Park. (Attachments: # 1 Declaration Declaration of Robert J. Gundert)(Gundert, Robert) (Filed on 12/20/2021) (Entered: 12/20/2021) |
| 12/21/2021 | 213 | CLERK'S NOTICE THE MOTION FOR ATTORNEY FEES AND MOTION TO DISMISS [#201, #206] SCHEDULED FOR HEARING ON JANUARY 6, 2022 AT 1:30 P.M. SHALL BE SUBMITTED WITHOUT ORAL ARGUMENT PURSUANT TO CIVIL LOCAL RULE 7-1(b). ACCORDINGLY, THE MOTION HEARING IS VACATED. *(This is a text-only entry generated by the court. There is no document* |

| | | *associated with this entry.)* (cl, COURT STAFF) (Filed on 12/21/2021) (Entered: 12/21/2021) |
|---|---|---|
| 02/08/2022 | [214](#) | MOTION for Leave to File Statement of Recent Decision Pursuant to Local Rule 7-3(d)(2) filed by Dave Bertini, City of Menlo Park. (Gundert, Robert) (Filed on 2/8/2022) Modified on 2/8/2022 (gba, COURT STAFF). (Entered: 02/08/2022) |
| 02/08/2022 | [215](#) | **ORDER by Chief Judge Richard Seeborg granting [214](#) Motion for Leave to File Statement of Recent Decision. (rslc2, COURT STAFF) (Filed on 2/8/2022) (Entered: 02/08/2022)** |
| 02/09/2022 | [216](#) | STATEMENT OF RECENT DECISION pursuant to Civil Local Rule 7-3.d filed by Dave Bertini, City of Menlo Park. (Gundert, Robert) (Filed on 2/9/2022) (Entered: 02/09/2022) |
| 02/24/2022 | [217](#) | **ORDER by Chief Judge Richard Seeborg denying [206](#) Motion to Dismiss; granting in part and denying in part [201](#) Motion for Attorney Fees. (rslc2, COURT STAFF) (Filed on 2/24/2022) (Entered: 02/24/2022)** |
| 03/23/2022 | [218](#) | NOTICE of Firm Name Change by Dave Bertini, City of Menlo Park (Gundert, Robert) (Filed on 3/23/2022) Modified on 3/24/2022 (gba, COURT STAFF). (Entered: 03/23/2022) |
| 03/25/2022 | [219](#) | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by City of Menlo Park. Appeal of Order on Motion for Attorney Fees, Order on Motion to Dismiss, Order on Motion for Reconsideration [217](#) (Appeal fee of $505 receipt number ACANDC-17027974 paid.) (Gundert, Robert) (Filed on 3/25/2022) (Entered: 03/25/2022) |
| 03/28/2022 | [220](#) | USCA Case Number **22-15449** for [219](#) Notice of Appeal to the Ninth Circuit, filed by City of Menlo Park. (gba, COURT STAFF) (Filed on 3/28/2022) (Entered: 03/28/2022) |
| 04/06/2022 | [221](#) | **ORDER. Any proposed judgment must be submitted within 20 days of this order. Signed by Chief Judge Richard Seeborg on 4/6/22. (rslc2, COURT STAFF) (Filed on 4/6/2022) (Entered: 04/06/2022)** |
| 04/21/2022 | [222](#) | Proposed Judgment re [221](#) Order by Michael Zeleny. (Robinson, Damion) (Filed on 4/21/2022) Modified on 4/25/2022 (gba, COURT STAFF). (Entered: 04/21/2022) |
| 04/29/2022 | [223](#) | STIPULATION WITH PROPOSED ORDER re [222](#) Proposed Order *Stipulation Approving Proposed Judgment* filed by Michael Zeleny. (Robinson, Damion) (Filed on 4/29/2022) (Entered: 04/29/2022) |
| 05/02/2022 | [224](#) | **JUDGMENT. Signed by Judge Richard Seeborg on 5/2/2022. (cl, COURT STAFF) (Filed on 5/2/2022) (Entered: 05/02/2022)** |
| 05/06/2022 | [225](#) | ORDER of USCA as to [219](#) Notice of Appeal to the Ninth Circuit, filed by City of Menlo Park. (gba, COURT STAFF) (Filed on 5/6/2022) (Entered: 05/11/2022) |
| 06/01/2022 | [226](#) | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Michael Zeleny. Appeal of Judgment [224](#) (Appeal fee of $505 receipt number ACANDC-17227497 paid.) **22-15870** (Robinson, Damion) (Filed on 6/1/2022) Modified on 6/13/2022 (gba, COURT STAFF). (Entered: 06/01/2022) |
| 06/13/2022 | [227](#) | USCA Case Number **22-15870** for [226](#) Notice of Appeal to the Ninth Circuit filed by Michael Zeleny. (gba, COURT STAFF) (Filed on 6/13/2022) (Entered: 06/13/2022) |
| 07/06/2022 | [228](#) | SATISFACTION OF JUDGMENT by Dave Bertini, City of Menlo Park. (Gundert, Robert) (Filed on 7/6/2022) (Entered: 07/06/2022) |
| 08/05/2022 | [229](#) | Proposed Order Regarding Satisfaction of Judgment by City of Menlo Park. (Gundert, Robert) (Filed on 8/5/2022) Modified on 8/8/2022 (gba, COURT STAFF). (Entered: |

| | | 08/05/2022) |
|---|---|---|
| 08/08/2022 | 230 | CLERK'S NOTICE: Regarding Satisfaction of Judgment. (gba, COURT STAFF) (Filed on 8/8/2022) (Entered: 08/08/2022) |
| 08/11/2022 | 231 | ORDER of USCA as to 226 Notice of Appeal to the Ninth Circuit, filed by Michael Zeleny. (gba, COURT STAFF) (Filed on 8/11/2022) (Entered: 08/11/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/12/2024 09:58:07 | | | |
| **PACER Login:** | bg0034bg | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:17-cv-07357-RS |
| **Billable Pages:** | 24 | **Cost:** | 2.40 |