

# MEMORANDUM
### From the
### Field Operations Division

TO: All Personnel, Field Operations

FROM: Shawn Murray, Lieutenant, Field Operations

SUBJECT: **Training Alert** "Open Carry" Handgun Advocacy

DATE: March 12, 2009

## Oceanside Police Department Training Alert

There is an "Open Carry" movement in California. Members of the movement participated in a recent beach clean up in San Diego. During the clean up, open carry advocates wore handguns exposed on their belts. Some also carried exposed magazines or speed loaders. The purpose of this memorandum is to discuss relevant law and general tactical considerations when encountering a person carrying a concealable firearm exposed on their person.

It is **NOT** illegal in the State of California to carry a concealable firearm, generally meaning a handgun, exposed on your person in a public place, as long as the firearm is **not loaded**. A firearm is considered loaded when an unexpended "shell or cartridge" is seated in the breach, port, cylinder, magazine, or clip and is in a position to be chambered and/or fired. A firearm is **NOT** considered loaded if the magazine, clip, loader, shell or cartridge is carried on the belt or person. **It is not illegal to have a loaded magazine or speed loader in close proximity to a holstered weapon.**

PC 12031(e) provides police officers with statutory authority to inspect a firearm to determine if it is loaded (**Reference PC 12031 (e) noted below**.). Refusal to allow a police officer to inspect a firearm is, in and of itself, probable cause to arrest for a violation of PC 12031(e). That having been said, this is what you need to know about PC 12031(e). It gives you the right to inspect the firearm, it does not without additional factors give you the right to prolong the contact beyond inspection to run computer checks or complete an FI. **To do this you must have consent or additional factors that justify a reasonable suspicion detention.**

Remember, reasonable suspicious is less than probable cause but more than no evidence at all. Reasonable suspicion is defined as: *information sufficient to cause a reasonable law enforcement officer, taking into account his or her training, to reasonably believe that the person to be detained is, was or is about to be, involved in criminal activity* (The Forth Amendment and Search & Seizure, 9th edition, Phillips).

Members of the Open Carry movement appear to be exercising the full scope of the laws availability to carry concealable firearms exposed on their persons. Officers need to be fully knowledgeable and tactically prepared to safely and legally address these individuals. You should expect contact with open carry advocates to be monitored and recorded. **Prior police contacts have been recorded on audio and video.**

**Safety should be the primary concern when making contact.** Contact and cover protocols should be fully utilized. The contact officer should give clear direction to the armed individual. He or she should be told to raise his/her hands above their head (away from the weapon) and not to move. He or she will then be told that the weapon will be inspected. Using contact and cover tactics the weapon will be retrieved and inspected. If the weapon is unloaded, it will be returned and the contact ended. If it is loaded, justification will exist to arrest for a violation of PC 12031. If the weapon is not loaded, the detention must end after inspection, absent additional facts to justify a prolonged detention.

## APPLICABLE STATE AND CASE LAWS:

**CONCEALED FIREARMS GENERALLY**

Definition: A firearm "capable of being concealed upon a person" is one which has a barrel less than 16 inches long. PC § 12001(a).

**Rifle:** A rifle does not qualify as capable of being concealed upon a person.

Only Substantial Concealment is Required: The mere fact that some portion of the weapon may be visible does not make it any less a concealed weapon, whether on a person or within a vehicle. *People v. Wharton*, 5 Cal. App. 4$_{th}$ 72, 75 (1992); *People v. Fuentes*, 64 Cal. App. 3d 953, 955
(1976).

**Inoperable firearm**: It is not a defense to PC § 12025 that the firearm is inoperable. *People v.Marroquin*, 210 Cal. App. 3d 77, 82 (1989).

**Open carry: Firearms carried openly in belt holsters are not concealed.**

**PC § 12025(a)(2) – Firearm Concealed on Person**
This section prohibits carrying a concealed pistol or other firearm capable of being concealed upon the person without a license to carry such a firearm.
**Knowledge:** The person must know he was carrying a firearm.
Suitcase: A handgun concealed in a suitcase carried by a person is sufficiently "upon his person" to constitute a violation. *People v. Dunn*, 61 Cal. App. 3d Supp. 12 (1976).

**PC § 12025(a)(1) – Firearm Concealed in Vehicle by Driver**
This section prohibits carrying concealed within a vehicle, by the person controlling or directing the vehicle, a pistol or other firearm capable of being concealed upon the person without having a license to carry such firearm.
**Knowledge:** The person must know the gun was in the car. *People v. Jurado*, 25 Cal. App. 3d 1027, 1030-31 (1972); *People v. Rubalcava*, 23 Cal. 4th 322, 331-32 (2000).
Gun in Unlocked Carrying Case is Concealed: If a firearm is transported in a vehicle in a manner that it is invisible unless its carrying case is opened, it's concealed. *People v. Hodges*, 70 Cal. App. 4th 348, 1355 (1999). Thus, carrying a firearm in an unlocked case in a vehicle violates this section. However, PC § 12026.1 makes it lawful to transport a

firearm in a vehicle if it is in a locked case. **Possession and Control:** The statute does not require that the person have exclusive possession and control of the firearm. It is enough that the person owned and controlled the car, and knew a gun was below the seat, even though the gun was placed there by someone else and belonged to someone else. *People v. Davis*, 157 Cal. App. 2d 33, 36 (1958).

### PC § 12025(a)(3) – Firearm Concealed in Vehicle by Occupant
This section prohibits any person to cause to be carried concealed within any vehicle in which he or she is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person.
**Knowledge:** The person must know that he caused the firearm to be concealed in the car (concealing a gun between the seats), even if he did not initially bring the gun into the car. *People v. Padilla*, 98 Cal. App. 4th 127, 134 (2002).

### PC § 12026.1(a)(1) – Authority to Transport Concealable Firearms in Vehicles
It is **lawful** to transport a concealable firearm in a vehicle if the firearm is locked in the vehicle's trunk or in a locked container in the vehicle other than the utility or glove compartment. **Locked container**: Defined as a secure container which is fully enclosed and locked by a padlock, key lock, combination lock, or similar locking device. PC § 12026.1(c).

### PC § 12031(a)(1) – Loaded Firearm on Person or in Vehicle
This section prohibits carrying a loaded firearm in public in a vehicle or on one's person. This section applies in any public place, on any public street, or in any place where it is unlawful to discharge a firearm.
**Knowledge:** The person must know that he was carrying a firearm. But knowledge that the firearm is loaded is not an element of the offense of carrying a loaded firearm in a public place. *People v. Dillard*, 154 Cal. App. 3d 261 (1984). **Inoperable firearm:** A firearm does not need to be in working order if it was designed to shoot and appears capable of shooting. *People v. Taylor,* 151 Cal. App. 3d 432, 437 (1984).

### Case Law Definition of "Loaded" = Ready for Firing
For purposes of PC § 12031, a firearm is loaded when a shell or cartridge has been placed into a position from which it can be fired. A firearm is not loaded if the shell or cartridge is stored elsewhere and not yet placed in a firing position. *People v. Clark,* 45 Cal. App. 4th 1147, 1153 (1996).

### PC § 12031(e) – Peace Officer Authority to Examine Firearm
In order to determine whether or not a firearm is loaded for the purpose of enforcing PC § 12031, peace officers are authorized to examine any firearm carried by anyone on his or her person or in a vehicle while in any public place, or on any public street, or in any prohibited area of an unincorporated territory. **Refusal to allow a peace officer to inspect a firearm pursuant to this section is, in itself, probable cause for arrest for violation of this section.**

### PC § 626.9(b) – Possession on School Grounds
This section prohibits any person from possessing a firearm in a place that the person knows, or reasonably should know, is a school zone, unless it is with the written permission of the school district superintendent, designee, or equivalent school authority.
**School zone**: Defined as an area in, or on the grounds of, a public or private school providing instruction in K-12, inclusive, or within a distance of 1,000 feet from the grounds of the public or private school. PC § 626.9(e)(1).

**PC § 626.95 – Possession on Playground or Youth Center**
Pursuant to this section, violations of PC 12025, PC 12031, PC 417(a)(2), or PC 417(b) while on the grounds of a playground, or youth center during hours when it is open for business, classes, or school-related programs, or at a time when minors are using the facility, when the person knows that he or she is on or within those grounds, are **felony wobblers.**

**Playground:** Defined as any park or recreational area specifically designed to be used by children that has play equipment installed, including public grounds designed for athletic activities such as baseball, football, soccer, or basketball, or any similar facility located on public or private school grounds, or on city or county parks. PC § 626.95(c)(1).

**Youth Center:** Defined as any public or private facility that is used to host recreational or social activities for minors while minors are present. PC § 626.95(c)(2).

**References:**

1. Fourth Amendment Search and Seizure, 9th edition, Phillips

2. SDPD Training Bulletin, "California Open Carry, dated December 18, 2008