**OPENLY CARRIED FIREARMS**

**Scenario:**
You respond to a "Man with a gun" call at a local shopping mall. You locate the suspect walking through the mall. He is armed with a handgun carried in a belt holster. You detain the individual and determine that the handgun is unloaded. The subject has two fully loaded, highcapacity magazines for the weapon in his pocket. The subject explains that he is a believer in the Second Amendment and is carrying the weapon because he has a right to do so. What are your options as the handling deputy?

**Discussion:**
Earlier this year, the U.S. Supreme Court ruled in District of Columbia v. Heller (128 S.Ct 2783) that the Second Amendment provided an individual right for persons to "keep and bear arms". Just as the right to free speech does not include the right to shout "fire" in a crowded theater, the Heller decision recognized reasonable limits on the exercise of that right. Prior to the Heller decision, case law in the 9th Federal Circuit (including California) held that the Second Amendment did not apply to individuals. In many respects, Heller is a landmark case. When a landmark decision is made, the Supreme Court does not decide all questions relating to the issue. It rules on the primary question, and then leaves it to lower courts to define the limits of the ruling through subsequent cases. Heller does not appear to impact any of California's weapons laws, but it does expose those laws to new challenge.

We have seen recent evidence of various gun rights advocacy groups attempting to raise those challenges. In several recent events, law enforcement officers have been presented with situations similar to the one above. Some of these events were audio recorded (and possibly video-recorded as well). It appears that the subjects were attempting to lure the officers into taking unfounded enforcement efforts to bring attention to their cause and/or to form the basis for court action.

This is also occurring at a time when law enforcement has been presented with several tragic events involving "active shooters". This presents a significant challenge to responding deputies. It is difficult to determine the intent of an armed person. If deputies casually approach an armed individual who proves to be an "active shooter", the consequences can be tragic for the deputy and public. On the other hand, appropriate officer safety measures in contacting armed persons may seem excessive to those who believe they are only securing a constitutional right.

We are not aware of any instances involving armed persons where the proper use of officer safety measures has produced liability for the agency or officer/deputy. Penal Code §12031(e) provides you with the authority to inspect any firearm carried in public to determine if it is loaded. Refusal to submit to an inspection is cause to arrest for a violation of §12031. This is an inspection authority and no probable cause is required to conduct an inspection. It should be noted that the purpose of this inspection is limited to a determination of whether or not the weapon is loaded.

You have the ability to run a records check of the weapon's serial number if it is visible to you during the course of the weapon inspection. Considerable case law holds that you are not required to "close your eyes" to things you observe during the lawful performance of your duties. Your authority to detain the subject while conducting the 12031(e) inspection is limited.

Once it is established that the weapon is being lawfully carried, and there are no other circumstances justifying the detention of the subject, the detention must end. As a general rule, with some exceptions discussed below, **it is not illegal to carry an unloaded firearm in a public place**. Here is a partial listing of circumstances where the simple possession of an unloaded firearm, in public, is prohibited:

• Within 1,500 feet of a public or private school (grades K-12) (626.9 PC). (Note: specific exceptions exist for residences, and for the transportation of firearms within containers.)

• Upon the grounds of a university or college (626.9 PC)

• By persons with felony convictions or by drug addicts (12021(a)(1) PC)

- By persons with specified misdemeanor convictions (12021(a)(2) +12021(c)(1) PC) (Note: The specified crimes are primarily assaults, batteries, domestic violence and weapons violations.)

- In connection with street gang activity (12021.5 PC)

- With the intent of committing a felony (12023 PC)

- While wearing a mask to conceal identity (12040 PC)

- Possession of a concealable firearm by a minor (12101 PC)

- By persons adjudicated with mental disorders under specified conditions (8103(a)(1) WIC)

- By persons who have been detained under 5150 WIC as a danger to self or others within the preceding five years. (8103(f)(1) WIC)

### When is a firearm considered "Loaded"?

The short answer is that it depends on the circumstances. Ordinarily, a firearm is loaded if the ammunition is placed into the weapon in a manner that it could be fired. If the suspect is being charged with carrying the firearm with the intent to commit a felony (12023 PC), then a special definition of "loaded" applies. The firearm is considered "loaded" if the weapon, and ammunition capable of being fired in the weapon, are in the immediate possession of the subject (12001(j) PC). Penal Code § 171e provides a similar definition of "loaded" for firearms carried in the state capitol or offices (171c PC), and in the residences of designated elected officials (171d PC). Deputies should be familiar with this special definition, and be careful not to apply it to circumstances not involving a violation of sections 171c, 171d, or 12023.

The majority of offenses involving the carrying of a loaded weapon fall under 12031 PC. Section 12031(g) defines a weapon as being loaded when the ammunition is in, or attached to, the firearm. It specifically provides that a weapon is loaded if there is ammunition in the firing chamber, magazine or clip. The California Court of Appeal considered the question of when a weapon is loaded in the case of People v. Harvey Lee Clark (45 Cal App. 4th 1147). The defendant had a single-shot shotgun which had no shell in the chamber. It had a buttstock shell holder which held live rounds. The court clarified the "attached to" language of 12031(g) holding that the weapon was unloaded since the rounds could not be fired from the buttstock holder.

### High Capacity Magazines (more than 10 rounds):

Effective January 1, 2000, it became a felony to manufacture, import, sell, keep for sale, give, or lend, a high-capacity magazine. There is no prohibition on the simple possession of a high capacity magazine.

### Conclusion:

Law enforcement officers have the duty to protect the safety and rights of all members of our society. The "Open Carry" movement provides a very unique situation where a lawfully armed person will present an apparent threat to others. Penal Code § 12031(e) is your primary tool to resolve these cases. It is also very important to remain cognizant of the agendas that various advocacy groups may possess. The best advice for dealing with any individual who may be trying to test you is: **Remain professional, know the law, and enforce it fairly.**

Los Angeles County Sheriff's Department
NEWSLETTER
Field Operations Support Services
VOLUME 09 NUMBER 01 DATE: January 5, 2009

John D. Williams
LOS ANGELES COUNTY SHERIFF DEPT.