

**LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE**

# ONE MINUTE BRIEF

**STEVE COOLEY**
**DISTRICT ATTORNEY**

COPYRIGHT © 2008 LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE. ALL RIGHTS RESERVED. MAY BE REPRODUCED FOR NON-COMMERCIAL PROSECUTORIAL, LAW ENFORCEMENT AND EDUCATIONAL PURPOSES ONLY. drutledge@da.lacounty.gov

**NUMBER**: 2008-22     **DATE**: 12-23-08     **BY**: Devallis Rutledge     **TOPIC**: Crimes

**ISSUE**: What investigative steps may law enforcement officers take when confronting a person who is carrying a firearm openly, in a belt holster?

The Second Amendment protects a right to keep handguns in the home for self-defense, at least in federal jurisdictions. *DC v. Heller* (2008) 128 S.Ct. 2783. The Second Amendment **does not preclude enforcement** of statutes making it unlawful to carry concealed or loaded handguns in public, or for specified convicts to possess firearms. *People v. Flores* (2008) ___ Cal.App.4th ___ , DJDAR 18615, WL 5265343.

California selectively prohibits possession of firearms. Prohibitions generally apply to drug addicts and those convicted of felonies and specified misdemeanors, or subject to probation orders or restraining orders that prohibit possession (PC §§ 12021, 12021.1), and those with histories of making deadly threats or receiving mental treatment for dangerous proclivities. (W&I §§ 8100, 8103). Minors may not generally possess **concealable** firearms. (PC § 12101)

In addition, individuals generally may not possess firearms in certain places, such as public buildings (PC § 171b), airport and passenger vessel terminal "sterile areas" (PC § 171.5), or on the grounds or **within 1000 feet** of a public or private school, or on a college campus or property. (PC § 626.9) Possession during specified crimes increases the punishment. (Exs: PC §§ 12021.5, 12022, 12022.3, 12022.5, 12023 and 12024)

It is generally unlawful to carry **concealed** on the person or in a vehicle a handgun or other firearm capable of being concealed on the person (whether it is loaded or not). (PC § 12025) This section is not violated by carrying an unloaded firearm openly, in a

belt holster. (PC § 12025(f))

It is also generally unlawful to carry a **loaded** firearm (whether concealed or not) in a **public place** in incorporated cities and in prohibited areas of unincorporated territory. (PC § 12031) Because "prohibited area" includes any place where it is unlawful to discharge a firearm, this includes all public streets. (PC § 374c)

Peace officers are authorized to **inspect** any firearm carried in prohibited public areas to determine whether or not it is loaded; refusal to permit inspection is probable cause for arrest for violation of § 12031. (PC § 12031(e)) If the serial number of the weapon comes into plain view during inspection, it may be noted and run against data bases. *Arizona v. Hicks* (1987) 480 US 321, 324. The incidental detention of the armed individual justifies a demand for ID, allowing age verification and a data-base check for information about any disqualification to possess firearms. *Hiibel v. Sixth Judicial District* (2004) 542 US 177, 187.

Per PC § 12031(g) (also for H&S § 11370.1—possession of certain drugs while armed with a loaded firearm, and for PC § 12035—criminal storage), a firearm is "loaded" if there is matching ammunition **in** or **attached to** the weapon in such a way that **it can be fired**. *People v. Clark* (1996) 45 Cal.App.4th 1147. ***Under this definition, neither § 12025 nor § 12031 is violated merely because a person openly carrying an unloaded firearm in a belt holster has matching ammunition on him, or close at hand.*** (Contrast: PC §§ 171c and 171d—"loaded" at the state capitol/offices and governor's mansion, and § 12023—"loaded" with intent to commit a felony, all of which define "loaded" as being in possession of the firearm and matching ammunition; F&G § 2006—"loaded" rifle or shotgun in a vehicle on public road, requires chambered shell).

**BOTTOM LINE**: Police may stop a person who is openly carrying a firearm in a belt holster and may inspect to see if the firearm is loaded. Prompt incidental checks on the person and the weapon may provide probable cause for arrest; however, the person may not be arrested for violating PC § 12031 if ammunition is not <u>in or attached to</u> the weapon so as to allow it to be fired, even though the person may have access to matching ammunition.

This information was current as of publication date. It is not intended as legal advice. It is recommended that readers check for subsequent developments, and consult legal advisors to ensure currency after publication. Local policies and procedures regarding application should be observed.