

# TORRANCE POLICE TRAINING BULLETIN

JOHN J. NEU　　　　　　　　　　　　　　　　　　　　　　　　NO:  09-10
CHIEF OF POLICE　　　　　　　　　　　　　　　　　　　DATE:  20 August 09

## OPEN CARRY MOVEMENT
### CITIZEN CARRYING FIREARM IN PLAIN VIEW

This contains useful information and pertinent Penal Code sections for dealing with an individual who is carrying an unloaded firearm in public; i.e., in a belt holster.
The Open Carry movement has already made its way to the City of Torrance and therefore, it is imperative that we continue to educate ourselves on this issue.

It has recently come to the Department's attention from a variety of points around the State that officers are with increasing frequency, encountering individuals carrying holstered pistols in plain view on a gun belt, but with ammunition close at hand either in bandolier fashion or a loaded magazine affixed to the gun belt.  It is believed that these individuals are attempting to provoke a law enforcement response in order to test whether responding officers will take inappropriate action in the face of ostensibly lawful exercise of the right to bear arms.  The intent may be to have an officer arrest them or seize their firearm so they can file a civil lawsuit against the officer, as evidenced by a July 2008 incident involving the Sacramento Police Department.

Subsequent to receiving a phone call from an individual inquiring about carrying an unloaded handgun in public, Sacramento PD received additional information indicating that members of the group suggested going to a local restaurant wearing non-concealed pistols on their belts in an attempt to lure police into arresting them while other members of the group secretly videotaped the incident.  The video could then be used in a civil lawsuit against the officer.  Because of this and a recent incident at Best Buy at 3675 Pacific Coast Highway, there is a likelihood that the incidents will continue.  The following information is being provided for purposes of officer safety and situational awareness.

## BACKGROUND

The Open Carry movement began in 2004 when the website, www.opencarry.org, was established.  In reading the www.opencarry.org and www.californiaopencarry.com sites, the postings and blogs make it seem apparent that law abiding 2nd Amendment advocates are exercising their right to legally Open Carry firearms.  Through these sites, the carriers have been well informed of the applicable state laws allowing their right to Open Carry and they appear to have been cooperative with law enforcement.  There could be a potential problem in that law enforcement is rightfully trained to perceive a firearm displayed in public as an "armed subject" and a possible deadly threat.  It is important that our personnel know this "Open Carry" movement is happening, and they need to know the law as it pertains to the carrier's rights and law enforcement's limitations.  Educating our personnel will ensure the rights of the carrier are observed, prevent false arrests and minimize the potential of any overreaction when our personnel encounter an "Open Carry" situation.  The knowledge can potentially defuse situations by more effectively communicating with the citizen engaged in Open Carry.

## PENAL CODE §12031

The history of Penal Code §12031 is helpful in understanding this issue.  Prior to 1967, it was lawful in California for an adult, not otherwise prohibited from possessing a firearm, to carry a loaded firearm in plain view in public and in an incorporated city.  Only the carrying of a concealed firearm was proscribed.  However, early in May of 1967, a group of Black Panthers marched into the California legislature fully armed.  This action resulted in the Legislature enacting Penal Code §12031, effective July 28, 1967, thereafter proscribing the carrying of a loaded firearm in public, even if not concealed, illegal.

With that background in mind, it is noted that Penal Code §12031 (a) (1) provides in part that:

> "A person is guilty of carrying a loaded firearm when he or she carries a
> loaded firearm on his or her person or in a vehicle while in any public
> place or on any public street in an incorporated city or in any public place
> or on any public street in a prohibited area of unincorporated territory."
> (Emphasis added)

Subdivision (g) of §12031 provides that:

> "A firearm shall be deemed to be loaded for the purposes of this section
> when there is an unexpended cartridge or shell, consisting of a case that
> holds a charge of powder and a bullet or shot, in, or attached in a manner
> to, the firearm, including, but not limited to, in the firing chamber,
> magazine, or clip thereof attached to the firearm, except that a muzzle-
> loader firearm shall be deemed to be loaded when it is capped or primed

and has a powder charge and ball or shot in the barrel or cylinder."
(Emphasis added)

<u>While Penal Code §12025 addresses carrying a concealed firearm, subdivision (f) of that statute expressly declares that "Firearms carried openly in belt holsters are not concealed within the meaning of this section."</u> The firearm does not become "loaded" for purposes of a violation of §12031 if there is a loaded magazine or other carry of ammunition close at hand.

Here, the situation presented is of an adult person carrying an unloaded firearm in plain view in public. While there is ammunition close at hand for the firearm, the ammunition is not attached to the firearm. Even if the ammunition was, for instance, taped to the firearm, it is doubtful that this would constitute "loading" of the firearm in light of the holding in People v. Clark. (1996) 45 Cal. App. 4th 1147, 1152, where the Court of Appeal, dealing with the question of whether the defendant had committed the offense of possession of methamphetamine while armed with a loaded, operable firearm, held that:

Under the commonly understood meaning of the term "loaded," a firearm is "loaded" when a shell or cartridge has been placed into a position from which it can be fired; the shotgun is not "loaded" if the shell or cartridge is stored elsewhere and not yet placed in a firing position. The shells here were placed in a separate storage compartment of the shotgun and were not yet "loaded" as the term is commonly understood.

## **APPLICABLE LAWS**

Department personnel should be aware of the following firearms laws in case they are confronted with a subject openly carrying a firearm.

- PC §12025 (f), Unloaded firearms carried openly in belt holsters are not concealed within the meaning of §12025.

- PC §12025 only applies to concealable firearms, which is defined in PC §12001 (a) as a pistol, revolver or firearm with a barrel less than 16 inches in length. There is nothing prohibiting someone from carrying an unloaded, concealed rifle or shotgun on their person or in their vehicle unless the barrel is less than 16 inches.

- PC §12031 (g), A firearm shall be deemed to be loaded for the purposes of this section when there is an unexpended cartridge or shell in, or attached in any manner to, the firearm, including, but not limited to, in the firing chamber, magazine, or clip thereof attached to the firearm. **Case law now states the ammunition must be in a position from which it can be fired. People vs. Clark (1996) 45 Cal.App.4th 1147.

TB09-10    3

- PC §12031 (e), In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory. Refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of this section.

- PC §626.9, Any person who possesses a firearm, whether loaded or unloaded, in or on the grounds of a public or private school for kindergarten to grade 12, or within 1000 feet of the school, without written permission of the proper school authority or on the grounds of a public or private university or college.

- PC §626.95, Any person who violates PC §12025, PC §12031, PC §417(a)(2), or §417(b), while on the grounds of a playground or youth center during hours when it is open for business, classes, or school-related programs, or at a time when minors are using the facility, when the person knows that he or she is on or within those grounds. Playground is defined as any park or recreational area specifically designed to be used by children that has play equipment installed, including public grounds designed for athletic activities such as baseball, football, soccer, or basketball, or any similar facility located on public or private school grounds, or on city or county parks. Youth center defined as any public or private facility that is used to host recreational or social activities for minors while minors are present.

- PC §171b, Any person who brings or possesses a firearm, whether loaded or unloaded, in a state or local public building.

## **LOCAL ORDINANCE**

The City of Torrance Municipal Code does not contain a specific section that prohibits a person from engaging in the Open Carry Movement. However, the following T.M.C. sections address other aspects of firearms possession.

- SECTION 45.3.5. Possession of weapons in automobiles prohibited; exceptions- It shall be unlawful for any person to have in his possession, in any automobile, any dangerous or deadly weapon; provided that this restriction shall not be deemed to prohibit the carrying of ordinary tools or equipment carried in good faith for use in any honest work, trade or business or for the purpose of legitimate sport or recreation.

- SECTION 45.3.6. Firearms, air guns, etc. in possession of minors-It shall be unlawful for any person under the age of eighteen (18) years of age to have in his possession, custody or control, within the corporate limits of the City, any gun, revolver, pistol, spring or air gun, or firearm of any description or any cartridge, shell or other device containing any explosive, or any cartridge, shell or

- other device designed and intended for use in connection with any gun, revolver, pistol or firearm of any description or any ammunition of any description containing any explosive.

- SECTION 45.3.7. Discharge of firearms-Except as otherwise provided in this Article, no person shall shoot, fire or discharge or cause to be shot, fired or discharged any rifle, shotgun, pistol, revolver or firearm of any kind.

## **OTHER FEDERAL AND STATE RESTRICTIONS**

California selectively prohibits possession of firearms. Prohibitions generally apply to drug addicts and those convicted of felonies and specified misdemeanors, or subject to probation orders or restraining orders that prohibit possession (PC §12021, §12021.1), and those with histories of making deadly threats or receiving mental treatment for dangerous proclivities (W&I §8100, §8103). Minors may not generally possess concealable firearms (PC §12101).

In addition, individuals generally may not possess firearms in certain places, such as public buildings (PC §171b), airport and passenger vessel terminal "sterile areas" (PC §171.5), or on the ground or within 1000 feet of a public or private school, or on a college campus or property (PC §626.9). Possession during specified crimes increases the punishment (Ex.: PC §12021.5, §12022, §12022.3, §12022.5, §12023 and §12024).

Other restrictions are you cannot carry in a National Park (36 CFR 2.4 (a)) or in a State Park (CCR Title 14, Div 3, Chap 1, §4313 (a)); however firearms may be possessed within temporary lodging or a vehicle when unloaded and "packed, cased, or stored in a manner that will prevent their ready use" and you cannot carry on U.S. Postal Service property (39 CFR 232.1 (I)).

It is generally unlawful to carry concealed on the person or in a vehicle a handgun or other firearm capable of being concealed on the person (whether it is loaded or not) (PC §12025). This section is not violated by carrying an unloaded firearm openly, in a belt holster (PC §12025 (f)).

It is also generally unlawful to carry a loaded firearm (whether concealed or not) in a public place in incorporated cities and in prohibited areas of unincorporated territory (PC §12031). Because "prohibited area" includes any place where it is unlawful to discharge a firearm, this includes all Public streets (PC §374c).

Per PC §12031 (g) (also for H&S §11370.1-possession of certain drugs while armed with a loaded firearm, and for PC §12035-criminal storage), a firearm is "loaded" if there is matching ammunition **in** or **attached to** the weapon in such a way that **it can be fired**. People v. Clark (1996) 45Cal.App.4th 1147. **Under this definition, neither PC §12025 nor §12031 is violated merely because a person openly carrying an unloaded firearm in a belt holster has matching ammunition on him, or close at hand**. (Contrast: PC §171c and §171d-"loaded" at the state capitol/offices and

TB09-10    5

governor's mansion, and §12023-"loaded" with intent to commit a felony, all of which define "loaded" as being in possession of the firearm and matching ammunition; F&G §2006-"loaded" rifle or shotgun in a vehicle on public road, requires chambered shell).

## **EXAMPLE**

An example would be where a person is Open Carrying legally (e.g., unloaded firearm in a belt holster with a loaded magazine nearby in a magazine pouch) and then out of ignorance of the law, goes to pick up a child from school in violation of PC §626.9. Someone at the school calls 9-1-1 and reports an armed subject on school grounds. An officer responds and encounters the Open Carry parent on campus who incorrectly claims their right to Open Carry anywhere, and the parent becomes defiant because they believe they understand the law and the officer is infringing upon their rights. Because of a lack of knowledge of the law, the parent refuses to let the officer inspect the gun to see whether or not it is loaded as required by PC §12031(e); even though mere possession of an unloaded gun on campus is a violation of PC §626.9.

If the Open Carry movement expands, not all people wishing to exercise their Open Carry rights will be as well educated as those actively engaged in the movement. As a society, we could end up with citizens who are not as well informed, make assumptions about the law, and for personal reasons are more hostile to law enforcement encounters. There are many other scenarios that could occur at equally dangerous venues. An officer's knowledge of the law could be very useful in defusing the situation

## **HOW DOES THIS AFFECT OUR AGENCY?**

Presentation of an individual walking down the street carrying a pistol in a holster raises obvious tactical issues, as well as safety concerns for both officers and the public. Other than to note these safety and tactical issues, we would urge that officers be alerted to this issue, that there is a possibility that they may encounter this behavior, and that they should be prepared to appropriately respond. Field personnel should be made aware of the current state of the law as set forth in this Training Bulletin and cautioned that this is not behavior warranting arrest, but that they are legally entitled under §12031(e) to demand inspection of any such firearm in order to ascertain that the weapon is unloaded. If the firearm is unloaded, it should be returned and the subject released to go about his/her lawful business. Of course, if the firearm is loaded as defined above then an arrest is appropriate. Any refusal to allow inspection of the firearm constitutes cause for immediate arrest for a violation of §12031.

**Moreover, any contact with an Open Carry Movement member constitutes a threshold incident which necessitates the use of your Department issued audio recorder and a request for a supervisor to respond to the scene of the incident.**

## **BOTTOM LINE**

- Peace officers are authorized to inspect any firearm carried in prohibited public areas to determine whether or not it is loaded; refusal to permit inspection is probable cause for arrest for violation of PC §12031 (PC §12031 (e)).

- If the serial number of the weapon comes into plain view during inspection, it may be noted and run against databases. Arizona v. Hicks (1987) 480 US 321, 324.

- The incidental detention of the armed individual justifies a demand for ID, allowing age verification and database check for information about any disqualification to possess firearms. Hiibel v. Sixth Judicial District (2004) 542 US 177, 187.

- The person may not be arrested for violating PC §12031 if ammunition is not in nor attached to the weapon so as to allow it to be fired, even though the person may have access to matching ammunition.


JOHN J. NEU
CHIEF OF POLICE


Lieutenant Geoffery Rizzo
Research and Training Division Commander

---

The material in this Training Bulletin was obtained using the following sources:

Orange County Sheriff's Department: Training Bulletin 09-02, Open Carry Movement Citizen Carrying Firearm in Plain View.

Sacramento Regional Threat Assessment Center, which can be contacted at (888) 884-8383, (916)808-8383 or sacrttac@sacsheriff.com; Officer Safety/Situational Awareness-Open Carry Movement Memo dated July 24, 2008.

Paul R. Coble, Esq., with the law firm of Jones & Mayer, who can be contacted at (714) 446-1400 orprc@iones-mayer.com: Client Alert Memorandum-Citizen Carrying Firearm in Plain View Vol. 23 No.23 dated December 4, 2008.

Los Angeles County District Attorney's Office's One Minute Brief No. 2008-22 dated December 23, 2008 Topic: Crimes by Devallis Rutledge who can be contacted at drutledqe@da.lacounty.gov.

www.opencarry.org

www.californiaopencarry.com