No. 22-15870

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL ZELENY, AN INDIVIDUAL,
*Plaintiff-Appellant*,

v.

ROB BONTA, AN INDIVIDUAL, IN HIS OFFICIAL CAPACITY;
*Defendant-Appellee*.

and

CITY OF MENLO PARK, A MUNICIPAL CORPORATION; AND DAVE BERTINI, IN HIS OFFICIAL CAPACITY,
*Defendants*.

**On Appeal from the United States District Court
for the Northern District of California**
No. 3:17-cv-07357 RS (NC)
The Honorable Richard G. Seeborg, Judge

**RESPONSE TO MOTION TO HEAR CASE WITH *BAIRD v. BONTA***

ROB BONTA
*Attorney General of California*
THOMAS S. PATTERSON
*Senior Assistant Attorney General*

R. MATTHEW WISE
JOHN D. ECHEVERRIA
*Supervising Deputy Attorneys General*
S. CLINTON WOODS
*Deputy Attorney General*

CALIFORNIA DEPARTMENT OF JUSTICE
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3807
Clint.Woods@doj.ca.gov
*Attorneys for Defendant and Appellee*

July 8, 2024

## INTRODUCTION

This case arises from a final judgment issued in May 2022 rejecting Plaintiff Michael Zeleny's First and Second Amendment challenges to California's restrictions on the open carry of firearms. In the proceedings below, Zeleny principally focused on his First Amendment challenge, arguing that the state's restrictions on open carriage violated his First Amendment right to protest outside of a venture capital firm in Menlo Park, California, where Zeleny planned "to present a multimedia performance of images and animations, and to display rare firearms, posters, placards, and other materials." 2-ER-124. As part of that protest, Zeleny claimed a right to carry *unloaded* firearms openly in public, not for self-defense purposes, but so he could "film . . . the reaction of passersby as part of an Internet video production and documentary film." *Id.* The district court denied Zeleny's First Amendment claim in a lengthy reasoned order, and also denied Zeleny's tag-along Second Amendment claim to a right to openly carry unloaded firearms for expressive purposes in two sentences, citing then-binding Ninth Circuit precedent, which held "that government regulation on open carry . . . fall[s] outside the Second Amendment's scope, and thus may be upheld without further analysis." *Young v. Hawaiʻi*, 992 F.3d 765, 813 (9th Cir. 2021) (en banc). As the district court observed, Zeleny acknowledged at that time that *Young* was

1

"dispositive of [his] broad claim that California's Open Carry Ban violates the U.S. Constitution," 1-ER-11, and Zeleny opted not to provide further argument.

Shortly after the district court entered final judgment and days after Zeleny filed a notice of appeal (D. Ct. Dkt. 226), the Supreme Court issued its decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), announcing a constitutional framework for evaluating Second Amendment claims that is "centered on constitutional text and history." *Id.* at 22. Under *Bruen*, the initial inquiry is whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 17. If so, "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. But because final judgment had already been entered in this case, and because the notice of appeal had been filed, the district court never had the opportunity to apply *Bruen*'s framework to Zeleny's claim to a right under the Second Amendment to openly carry unloaded handguns or long guns in public for "expressive purposes." 3-ER-412 (Complaint ¶ 228).

Just last week, at the end of June 2024, Zeleny filed his opening brief in this Court. For the first time, Zeleny has indicated that he "does not challenge" the First Amendment ruling—which had been the focus of litigation in the proceedings below—in this appeal. Appellant's Opening Brief (AOB) 6. It has thus only

recently become clear that the sole issue before this Court is Zeleny's Second Amendment claim—and with that revelation, it has likewise emerged that a post-*Bruen* remand is warranted because there is no First Amendment claim that Zeleny continues to pursue. Given those circumstances, the Attorney General intends to file a motion to remand the Second Amendment claim to the district court, on or before the same time he files an answering brief, currently due July 29, 2024.

Zeleny now moves this Court to hear his appeal at the same time the Court considers a separate Ninth Circuit case, *Baird v. Bonta*, C.A. No. 24-565. Zeleny argues that hearing the cases at the same time is proper because both cases involve Second Amendment challenges to the constitutionality of California's restrictions on the open carriage of firearms. But under the present circumstances, it would be premature to rule on Zeleny's motion until this Court first resolves the Attorney General's forthcoming motion to remand. If the Court agrees that this appeal should be remanded to the district court, it should then deny Zeleny's motion to hear his appeal with *Baird.* And even if this Court were to deny the Attorney General's motion to remand the appeal, there are several considerations that weigh against hearing this appeal with *Baird*—including the fact that Zeleny focuses on a purported right to carry unloaded firearms in public for "expressive purpose[s]" (AOB 42), and the fact that Zeleny failed to present many of the issues he raises now on appeal in the proceedings below. Although the Attorney General

ultimately defers to the Court on how best to manage its docket, these considerations reflect that consolidating argument with *Baird* would not promote the interests in judicial economy and efficiency that consolidation typically aims to achieve.

## PROCEDURAL HISTORY

Plaintiff Mark Zeleny is an author, blogger, and provocateur. On December 27, 2017, he filed a complaint alleging that California's restrictions on open carriage violate the First and Second Amendments of the U.S. Constitution and the Equal Protection Clause. The core of the operative complaint is Plaintiff's First Amendment claim, asserting the right to protest a Menlo Park business on the median of a busy road by flashing animated pictures of alleged child molestation while carrying unloaded military grade weapons and wearing weapons belts and tactical combat fatigues. 1-ER-5; 3-ER-374–419 (Complaint). Plaintiff alleged that a former head of the business engaged in child molestation and that carrying these weapons and military gear would help to "amplify" his protest message. *Id*.; *see also* 3-ER-375 (Complaint ¶ 4). When the City of Menlo Park denied Plaintiff a permit for his ongoing protest, he sued both the City and the Attorney General, alleging a variety of claims aimed at allowing him to continue his ongoing "protest" and seeking to vindicate his First Amendment rights. *See, e.g.*, 3-ER-395–401.

4

While the Complaint does not include a Second Amendment claim directed against the Attorney General, Plaintiff alleged that California Penal Code Sections 26350 and 26400 are unconstitutional because they "prohibit Zeleny from exercising his right to carry firearms *in peaceful protest*." 3-ER-406 (Complaint ¶ 190) (emphasis added). The Complaint asserts a Fourteenth Amendment claim against the Attorney General, seeking on behalf of Plaintiff and other California residents the opportunity to "exercise the constitutional right to publicly bear arms *in furtherance of their right to free speech*[.]" 3-ER-412 (Complaint ¶ 227) (emphasis added); *see also id.* (Complaint ¶ 228) (alleging that "Defendants have created a classification of persons, including Plaintiff, who are treated unequally through the denial of their First and Second Amendment rights to publicly bear arms for expressive purposes"). The Complaint does not allege that Plaintiff has a Second Amendment right to carry any arm—whether a handgun or long gun—for the purpose of self-defense. *See* 3-ER-407–19.

During summary judgment briefing below, this Court decided *Young v. Hawai'i*, which held that government regulation of open carry falls outside the scope of the Second Amendment. 992 F.3d at 813, *abrogated by Bruen*, 597 U.S. 1. Accordingly, the parties agreed that, to the extent Plaintiff asserted a Second Amendment claim, it was resolved by *Young*. 1-ER-11, n.3. Plaintiff did not

5

present any further argument in support of his Second Amendment claim related to open carry of unloaded weapons.

The district court granted summary judgment to the Attorney General on all claims. With respect to the First Amendment, the court held that his carrying of unloaded weapons did not constitute protected expression and that in any case the "entertainment exemption" was sufficiently narrowly tailored under *United States v. O'Brien*, 391 U.S. 367, 376 (1968). 1-ER-14–15. The district court also rejected Zeleny's void-for-vagueness challenge because it found that regardless of the alleged lack of clarity of the statute, even Zeleny's experts agreed with the State on the correct interpretation of the statute. 1-ER-12–13. Zeleny's equal protection claim was also rejected as the district court found that the entertainment exemption withstood rational basis review. 1-ER-15–16.

This appeal followed. At the inception of the appeal, Plaintiff continued to assert his First Amendment claim. Dkt. 2 (mediation statement asserting a denial of First Amendment rights). On August 10, 2022, the appeal was administratively stayed until December 16, 2022. Dkt. 5. That stay was extended four more times. *See* Dkt. 6 (extending stay to April 28, 2023); Dkt. 7 (extending stay to May 15, 2023); Dkt. 8 (extending stay to November 30, 2023); *and* Dkt. 9 (extending stay to December 11, 2023). The administrative stay was lifted on December 12, 2023. Dkt. 10.

After securing an initial streamlined extension to file the opening brief by March 2024, Plaintiff's former counsel, Mr. David Affeld, filed a motion to extend the time to file the opening brief and also filed a simultaneous motion to withdraw as counsel, citing an irreparable breakdown of the relationship with his former client. Dkt. 14–15. On March 25, 2024, both of Mr. Affeld's motions were granted, allowing Mr. Affeld to withdraw as counsel and extending the deadline to file the opening brief to April 29, 2024. Dkt. 16. However, the Court noted that Mr. Damion Robinson was still counsel of record for Plaintiff. *Id.* On April 8, 2024, Mr. Robinson also filed a motion to withdraw as counsel. Dkt. 21. Plaintiff's current counsel substituted in on April 17, 2024, and filed another motion to extend the deadline to file the opening brief. Dkt. 23, 25.

On June 25, 2024, Plaintiff filed his opening brief on appeal. In that brief, Plaintiff for the first time indicated that he waived appeal of his First Amendment claim. AOB 6. The opening brief instead focuses on a Second Amendment claim not only for expressive purposes but also for the purposes of self-defense. *Id.* at 1. Plaintiff also presents an equal protection argument, contending that the denial of a right to carry unloaded firearms publicly for expressive purposes—movie executives are authorized to do so when filming movies—violates equal protection. On June 27, 2024, Plaintiff filed a motion to hear this case with *Baird v. Bonta*, C.A. No. 24-565.

7

## ARGUMENT

I. **THE COURT SHOULD DEFER CONSIDERATION OF THIS MOTION UNTIL IT RESOLVES THE ATTORNEY GENERAL'S FORTHCOMING MOTION TO REMAND**

The Court should defer consideration of Plaintiff's motion until it resolves the Attorney General's forthcoming motion to remand, and if the motion to remand is granted, should deny Plaintiff's motion.

As detailed above, it was not until Plaintiff filed his opening brief that it became clear that he planned to waive any further appeal of the First Amendment claim that dominated the proceedings below. Now that it appears that Plaintiff's appeal will focus instead on a Second Amendment claim, it is clear that remand is warranted to give the district court the opportunity to apply *Bruen's* framework in the first instance. In nearly every Second Amendment case that was pending before this Court when *Bruen* was decided, this Court has remanded the case to the district court to consider the Second Amendment claims in the first instance.[1]

Remand is especially warranted given the way Plaintiff litigated his Second Amendment claim in the proceedings below and the new Second Amendment

---

[1] *See, e.g.*, *Rupp v. Bonta*, 9th Cir. No. 19-56004 (June 28, 2022) (9th Cir. Dkt. 71); *Miller v. Bonta*, No. 21-55608 (Aug. 1, 2022) (9th Cir. Dkt. 27); *Cupp v. Bonta*, No. 21-16809 (Aug. 18, 2022) (9th Cir. Dkt. 23); *Nichols v. Newsom*, No. 14-55873 (Sept. 12, 2022) (9th Cir. Dkt. 142), *reh'g denied* Sept. 19, 2023, *cert. denied* Jan. 8, 2024; *Fouts v. Bonta*, 9th Cir. No. 21-56039 (Sept. 22, 2022) (9th Cir. Dkt. 34).

claim he asserts for the first time on appeal. For example, in the proceedings below, Plaintiff chose not to assert except in passing a Second Amendment right to carry arms in public for the purpose of self-defense. *See* 3-ER-407–19. Rather, he claimed a right to carry arms for "expressive purposes" as part of his protest on busy city streets. *Id.* But now, he contends that he has a right to carry openly in public for both "expressive purposes" and self-defense. AOB 32–41. Zeleny also asserts a right to carry unloaded *long guns* in public in an open manner for both expressive and self-defense purposes. *Id.* No party has applied *Bruen*'s framework to those newly-raised claims. Because no discovery or expert testimony was undertaken at the district court concerning Plaintiff's asserted Second Amendment claim to carry unloaded long guns for expressive purposes or the purpose of self-defense, significant historical development is warranted.[2]

Accordingly, it is premature to resolve Plaintiff's motion to consolidate argument, at least until the Court has had an opportunity to consider the Attorney General's forthcoming motion to remand to the district court for proceedings consistent with *Bruen*. Once the Court resolves the motion to remand, and if the Court elects to remand, it should then deny the motion to consolidate argument.

---

[2] Whether Plaintiff maintains a fundamental right to carry unloaded long guns in public bears on the equal protection analysis, so remand of that claim is warranted for the same reason.

9

## II. EVEN IF THE COURT ELECTS NOT TO REMAND, SEVERAL CONSIDERATIONS WEIGH AGAINST CONSOLIDATED ARGUMENT

Although the Attorney General ultimately defers to the Court's management of its own docket, several considerations weigh strongly against consolidated argument.

First, the Attorney General's position on appeal will be that the Plaintiff has forfeited the bulk of the Second Amendment arguments that he presents on appeal. Plaintiff contends on appeal that California Penal Code Section 26350 is unconstitutional—a superficial similarity with the argument presented in *Baird*—but the arguments he presented below are substantially different than the arguments he asserts before this Court. For example, Plaintiff never pleaded a Second Amendment right to carry firearms—let alone long guns—openly for the purpose of self-defense. Rather, he asserted a right to carry unloaded firearms for expressive purposes, in connection with a protest of a director of a company in Menlo Park. *See* 3-ER-407–19. Because this Court is a court of review, it should decline to entertain Plaintiff's newly raised Second Amendment arguments. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 999 (9th Cir. 2012) (declining to resolve argument raised "for the first time on appeal" in appeal of summary judgment order).

Other differences between this case and *Baird* also weigh against consolidation. For example, Plaintiff does not challenge California's firearms

licensing scheme. At most, he pleaded a generalized right to carry unloaded long guns for the purpose of "amplifying" his First Amendment right to protest. In contrast, the plaintiff in *Baird*, who abandoned his other constitutional claims years ago, asserts that he has a Second Amendment right to openly carry a handgun throughout the state for the purpose of self-defense without first obtaining a license. *See Baird* Dkt. 11-1, Opening Brief at 2–3. In addition, Zeleny's allegations regarding long guns are distinct from *Baird*'s focus on the open carry of handguns. AOB 32–39. Moreover, Zeleny seeks to carry weapons for expressive purposes and asserts an equal protection claim related to the entertainment exemption, issues which are absent from *Baird*. AOB 39–51.

## CONCLUSION

The Attorney General respectfully requests that this court defer consideration of this motion until it has considered the Attorney General's forthcoming motion to remand.

Dated: July 8, 2024	Respectfully submitted,

*s/ S. Clinton Woods*

Rob Bonta
*Attorney General of California*
Thomas S. Patterson
*Senior Assistant Attorney General*
R. Matthew Wise
John D. Echeverria
*Supervising Deputy Attorneys General*
S. Clinton Woods
*Deputy Attorney General*
*Attorneys for Defendant and Appellee*

## CERTIFICATE OF SERVICE

I certify that on July 8, 2024, I electronically filed the foregoing document with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all other participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 8, 2024                             *s/ S. Clinton Woods*