No. 22-15870

# In the United States Court of Appeals
## for the Ninth Circuit

MICHAEL ZELENY,
*Plaintiff-Appellant*,

v.

ROB BONTA, California Attorney General, in his official capacity,
*Defendant-Appellee*,

and

CITY OF MENLO PARK, a municipal corporation; DAVE BERTINI, an individual, in his official capacity; NEW ENTERPRISE ASSOCIATES, INC., a Delaware corporation,
*Defendants*.

**Appeal from a Judgment of United States District Court of the Northern District of California Case No. 3:17-cv-07357-RS Honorable District Court Judge Richard G. Seeborg**

**Reply to Defendant-Appellee's Response to Plaintiff-Appellant's Motion to**

**Hear Case with Other Case**

Alan Alexander Beck
alan.alexander.beck@gmail.com
2692 Harcourt Drive
San Diego, CA 92123
Phone: (619) 905-9105

*Attorney for Appellant*

## Introduction

Defendant Bonta's ("California") response does little to dispute Mr. Zeleny's claim that this case is related to *Baird v. Bonta*, C.A. No. 24-565. Rather, California spends the bulk of its motion arguing the merits of a remand motion it has not actually filed with this Court. California cites to no authority that justifies this Court holding this motion in abeyance pending the filing of different motion. Had California wished this Court to hear its contemplated remand motion in conjunction with Mr. Zeleny's motion it should have filed for affirmative relief as F.R.A.P. 27(a)(3)(B) allows. California's argument that Mr. Zeleny has forfeited his Second Amendment claim is specious. In the court below, he spent nine pages of his summary judgment motion on his Second Amendment claim. Furthermore, the two appeals are clearly related. This Court should grant Mr. Zeleny's motion. If California wishes to file a motion to remand, it can do so, and the merits panel can decide the propriety of that motion.

## California Has Waived its Request to Have This Motion Held In Abeyance

The crux of California's response is that this Court should hold Mr. Zeleny's motion in abeyance until California files a motion to remand at a future date. California cites no authority for the proposition that this Court should hold a motion in abeyance pending the filing of another motion. Furthermore, the federal

rules gave California the right to file a motion to remand in conjunction with their response to Mr. Zeleny's motion.

> Request for affirmative relief. A response may include a motion for affirmative relief. The time to respond to the new motion, and to reply to that response, are governed by Rule 27(a)(3)(A) and (a)(4). The title of the response must alert the court to the request for relief.

*See* F.R.A.P. 27(a)(3)(B).

California had an avenue to have its contemplated motion to remand heard alongside Mr. Zeleny's motion. California's failure to use the mechanism provided by this Court means that it has waived its right to ask for Mr. Zeleny's motion to be held in abeyance pending the filing of its contemplated motion. Moreover, there are no grounds for a remand. Thus, any contemplated motion to remand by California would likely be denied. That is a further reason to not hold this motion in abeyance pending the filing of California's contemplated motion.

It is true that immediately after the issuance of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) this Court remanded some of the Second Amendment appeals which were before it. However, it did not remand all of them. In at least two appeals, State Defendants sought remand in Second Amendment cases and this Court denied their motions. *See Teter v. Lopez* No. 20-15948 (Aug. 18, 2022) (9th Cir. Dkt. 66); *Yukutake v Lopez*, No. 21-16756 (Aug. 18, 2022) (9th

Cir. Dkt. 128). The *Teter* appeal later directly addressed the issue of remand in a published opinion.

> [W]e deny Hawaii's request for a remand. Hawaii has not explained what further factual development necessitates this relief. At oral argument, Hawaii's counsel argued that further *historical* research is needed in light of *Bruen*. Oral Arg. at 14:58–16:50. But the historical research required under *Bruen* involves issues of so-called "legislative facts"—those "which have relevance to legal reasoning and the lawmaking process," such as "the formulation of a legal principle or ruling by a judge or court"—rather than adjudicative facts, which "are simply the facts of the particular case." Fed. R. Evid. 201, advis. comm. note (1972 proposed rules). Because the issue does not require further development of adjudicative facts to apply *Bruen*'s new standard, it does not trigger our "standard practice" in favor of remanding when an intervening change in law requires additional inquiry concerning adjudicative facts. *See Detrich v. Ryan*, 740 F.3d 1237, 1248–49 (9th Cir. 2013) (en banc) (plurality opinion), *overruled on other grounds by Shinn v. Ramirez*, ––– U.S. –––, 142 S. Ct. 1718, 212 L.Ed.2d 713 (2022). And even when that presumption in favor of remand applies, we need not do so when "we can confidently decide [the issue] ourselves." *Id.* at 1249. This is such a case.

*Teter v. Lopez*, 76 F.4th 938, 946–47 (9th Cir. 2023), <u>reh'g en banc granted, opinion vacated,</u> 93 F.4th 1150 (9th Cir. 2024).

While this opinion was vacated due to en banc review, it still remains persuasive authority on the issue of remand. For the same reasons remand was denied in *Teter*, there are no grounds for a remand here. Any additional historical research California wishes to introduce are legislative facts which can be introduced by California and its amici in their briefing.

3

California claims that "no discovery or expert testimony was undertaken at the district court concerning Plaintiff's asserted Second Amendment claim." However, this is simply untrue. Mr. Zeleny's opening brief is replete with citations to the record regarding his Second Amendment claim. Notably, California deposed Mr. Zeleny and asked him numerous questions about his desire to carry a firearm for self-defense. *See* 2 ER 153-154; 2 ER 156-157; 2 ER 164-165.[1] Mr. Zeleny devoted nine pages of his summary judgement motion to his Second Amendment claim. *See Zeleny v. Newsom et. al. 3*:17-cv-07357-RS Doc No. [163] pg. 10-19. And the trial court expressly ruled on his Second Amendment claim. *See* 1 ER 11. While it is true that the trial court's dismissal of Mr. Zeleny's Second Amendment claim was fairly short, that simply is because at the time Ninth Circuit precedent foreclosed his Second Amendment claim entirely. *See Young v. Hawai'i*, 992 F.3d 765, 813 (9th Cir. 2021). The brevity of the trial court's opinion had nothing to do with the sufficiency of Mr. Zeleny's briefing. The fact that the trial court expressly ruled on Mr. Zeleny's Second Amendment claim shows that California's argument regarding forfeiture is meritless.

Furthermore, it has been over two years since the *Bruen* opinion was issued. That entire time Mr. Zeleny's case was on appeal before this Court. For over two

---

[1] Mr. Zeleny has also declared that "I would carry firearms in non-sensitive public places" but for the laws at issue here. 2 ER 125.

years California has sat on its right to file a motion to remand. And waited until Mr. Zeleny (who is a private individual whose litigation is not affiliated with any firearms advocacy organization) went to great time and expense in order to file an appellate opening brief. In addition to the various substantive reasons a remand motion should be denied, any remand motion should be barred by the equitable defense of laches. "Laches is an equitable time limitation on a party's right to bring suit," *Boone v. Mech. Specialties Co*., 609 F.2d 956, 958 (9th Cir.1979), resting on the maxim that "one who seeks the help of a court of equity must not sleep on his rights." *Piper Aircraft, Corp.,* 741 F.2d at 939 (Posner, J., concurring)". *See Jarrow Formulas, Inc. v. Nutrition Now, Inc*., 304 F.3d 829, 835 (9th Cir. 2002). By analogy, laches bars California's contemplated remand motion. California may argue that it did not know that Mr. Zeleny would be appealing the Second Amendment aspect of his appeal. However, that would be a specious argument. As shown above, Mr. Zeleny devoted nine pages of his summary judgement motion to his Second Amendment claim and appealed the entirety of the trial court's summary judgment order. Thus, California was on notice that a Second Amendment claim on appeal was at least very likely. This Court should not delay ruling on the instant motion because in addition to the other issues raised above, any remand motion would be barred by laches.

Furthermore, California cannot have it both ways. California cannot argue that Mr. Zeleny has forfeited his Second Amendment claim while at the same time arguing this appeal must be remanded back to the trial court for further factual development of the Second Amendment claim. If it is true Mr. Zeleny has forfeited his Second Amendment claim, then there is no need for a remand because presumably California would be able to convince the merits panel that it should not reach the merits of Mr. Zeleny's Second Amendment claim. However, this Court need not and should not decide any of those issues to rule on the instant motion.

If California decides to file a motion to remand, the *Baird* merits panel is best suited to decide that issue. California's arguments for why this appeal should be remanded are largely based on the merits of Mr. Zeleny's case and the trial court record. Evaluating the trial court record and the merits of this case is a task better suited for the merits panel. Rather than needlessly delay a decision on this motion, this Court should quickly rule on this motion so that the merits panel can hear California's contemplated motion. And it would be proper to assign Mr. Zeleny's case alongside the *Baird* appeal because the two cases are very much related.

## Mr. Zeleny's Case is Related to *Baird*

The core question in both this case and *Baird v. Bonta*, C.A. No. 24-565 is whether the respective plaintiffs have a constitutional right to open carry firearms.

California labels this similarity "superficial." It is unclear how much more similar two appeals would need to be in order to be labeled related. Both appeals challenge the same statute, for the reason, under the same constitutional amendment. Thus, they are related. The remainder of California's arguments go to the merits of the parties claims in both appeals. This is not the proper time to evaluate the merits of Mr. Zeleny's claims or of Mr. Baird's claims for that matter. Here, the only task before this Court is to decide whether the two appeals raise similar legal challenges. They clearly do. Thus, it would serve judicial economy to hear these two related appeals before the same panel. For that reason, this Court should grant Mr. Zeleny's motion.

## **Conclusion**

This Court should assign Mr. Zeleny's appeal to the same panel which will hear *Baird v. Bonta*, C.A. No. 24-565.

Dated: July 9, 2024.

        Respectfully submitted,

        *s/ Alan Alexander Beck*

        ALAN ALEXANDER BECK
        Attorney at Law
        2692 Harcourt Drive
        San Diego, California 92123
        Telephone: (619) 905-9105
        Email: alan.alexander.beck@gmail.com

        *Attorney for Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2024, an electronic PDF of Appellant's Reply to Appellee's Respond to Appellant's Motion to Hear Case with Other Case was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

DATED: July 9, 2024.

        Respectfully submitted,

        /s/ Alan Beck