No. 22-15870

# In the United States Court of Appeals
## for the Ninth Circuit

MICHAEL ZELENY,
*Plaintiff-Appellant*,

v.

ROB BONTA, California Attorney General, in his official capacity,
*Defendant-Appellee*,

and

CITY OF MENLO PARK, a municipal corporation; DAVE BERTINI, an individual, in his official capacity; NEW ENTERPRISE ASSOCIATES, INC., a Delaware corporation,
*Defendants*.

**Appeal from a Judgment of United States District Court of the Northern District of California Case No. 3:17-cv-07357-RS Honorable District Court Judge Richard G. Seeborg**

**Plaintiff-Appellant's Response to Defendant Appellee's Motion Vacate and Remand to the District Court**

Alan Alexander Beck
alan.alexander.beck@gmail.com
2692 Harcourt Drive
San Diego, CA 92123
Phone: (619) 905-9105

*Attorney for Appellant*

## Introduction

Plaintiff-Appellant Michael Zeleny ("Plaintiffs") files his opposition to Defendant Rob Bonta's ("California") motion to vacate and remand to the district court ("motion to remand"). California's motion to remand should be held in abeyance pending the outcome of *Teter v. Lopez* 20-15948. That is because that appeal deals with the same subject matter as does this motion. However, if this Court immediately reaches the merits of this motion, it should find that California's motion is precluded by the equitable defense of laches. Even if it does not, remand to the district court is unnecessary. The matter before this Court is a pure matter of law which does not need remand for further record development. If California wishes to provide additional history, it should do so in the appellate briefing. California's motion should be denied.

### This Court Should Hold This Motion in Abeyance Pending *Teter v. Lopez*

This Court previously ruled on the issue before this Court which is whether a remand is necessary after *New York State Rifle & Pistol Assn., Inc. v. Bruen,* 597 U.S. 1 (2022) to decide a Second Amendment case. This Court held;

> [W]e deny Hawaii's request for a remand. Hawaii has not explained what further factual development necessitates this relief. At oral argument, Hawaii's counsel argued that further *historical* research is needed in light of *Bruen.* Oral Arg. at 14:58–16:50. But the historical research required under *Bruen* involves issues of so-called "legislative facts"—those "which have relevance to legal reasoning and the

1

lawmaking process," such as "the formulation of a legal principle or ruling by a judge or court"—rather than adjudicative facts, which "are simply the facts of the particular case." Fed. R. Evid. 201, advis. comm. note (1972 proposed rules). Because the issue does not require further development of adjudicative facts to apply *Bruen*'s new standard, it does not trigger our "standard practice" in favor of remanding when an intervening change in law requires additional inquiry concerning adjudicative facts. *See Detrich v. Ryan*, 740 F.3d 1237, 1248–49 (9th Cir. 2013) (en banc) (plurality opinion), *overruled on other grounds by Shinn v. Ramirez*, ––– U.S. –––, 142 S. Ct. 1718, 212 L.Ed.2d 713 (2022). And even when that presumption in favor of remand applies, we need not do so when "we can confidently decide [the issue] ourselves." *Id.* at 1249. This is such a case.

*Teter v. Lopez*, 76 F.4th 938, 946–47 (9th Cir. 2023), <u>reh'g en banc granted, opinion vacated,</u> 93 F.4th 1150 (9th Cir. 2024). As Defendant observes, this opinion has been vacated. On June 25, 2024, *Teter v. Lopez*, was argued before the en banc court. *See Teter v. Lopez* 20-15948 Doc. No. [189]. Thus, in short order this Court will likely issue a precedential ruling on this matter. Accordingly, this Court should hold the disposition of Defendant's motion pending the outcome of *Teter v. Lopez* 20-15948.[1] Doing so will give this Court guidance on the correct legal standard to apply in deciding Defendant's motion. It will also promote judicial

---

[1] The matter before the en banc court is different than the one confronted by the *Teter* panel. That is because Hawaii has amended its butterfly knife law since the issuance of the panel opinion. However, that strengthens Mr. Zeleny's position that the *Teter* en banc opinion will be relevant to the outcome of this motion. That is because one of the main issues at the *Teter* oral argument was whether the en banc court should remand *Teter* back to the trial court. Therefore, it is very likely that the issue of remand will be ruled on by the en banc court.

economy in light of Defendant reserving the right to "revisit the issue of remand with the merits panel." Defendant's Motion at 19 n4. However, if this Court does immediately rule on Defendant's motion, this Court should deny California's motion. The defense of laches clearly bars this motion.

## **Laches Bars this Motion**

Here, the defense of laches bars Defendant's motion. "Laches is one of the affirmative defenses generally allowable under Fed.R.Civ.P. 8(c)." *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990). The defense of laches "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *State of Kansas v. State of Colorado*, 514 U.S. 673, 687 (1995). *see also* Black's Law Dictionary 875 (6th ed. 1990) (" 'Doctrine of laches,' is based upon maxim that equity aids the vigilant and not those who slumber on their rights. It is defined as neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as bar in court of equity").

"To demonstrate laches, the 'defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself.'" *Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 951 (9th Cir. 2001) (quoting *Couveau v. Am. Airlines, Inc.,* 218 F.3d 1078, 1083 (9th Cir. 2000)). Here, Defendant's extreme delay in filing this motion is

3

clearly unreasonable. Defendant's motion is entirely predicated on the *Bruen* opinion creating a new standard of review for Second Amendment claims. The *Bruen* opinion was issued over two years ago. That entire time Mr. Zeleny's case was on appeal before this Court. At any point in the last two years, Defendant could have filed its motion to remand. The Fourth Circuit has found even a delay of four months is sufficient to raise a claim of laches. *See Perry v. Judd*, 471 Fed. Appx. 219, 224 (4th Cir. 2012)(unpublished) ("Despite the fact he was able to bring these constitutional challenges for over four months before the filing deadline of December 22, 2011, Movant waited until the eleventh hour to pursue his claims."). Furthermore, Defendant was on notice that Mr. Zeleny was pressing a Second Amendment claim.

Mr. Zeleny devoted nine pages of his summary judgement motion to his Second Amendment claim that argued he had a right to carry for self-defense as well as expressive purposes. *See Zeleny v. Newsom et. al.* 3:17-cv-07357-RS Doc No. [163] pg. 10-19. And the trial court expressly ruled on his Second Amendment claim. *See* 1 ER 11. Furthermore, California deposed Mr. Zeleny and asked him numerous questions about his desire to carry a firearm for self-defense. *See* 2 ER 153-154; 2 ER 156-157; 2 ER 164-165. Thus, Defendant cannot argue that its delay is reasonable because it was unsure whether Mr. Zeleny was going to pursue a Second Amendment claim. Moreover, Defendant has not argued that it did not

Case: 22-15870, 08/03/2024, ID: 12900240, DktEntry: 39, Page 6 of 12

know a Second Amendment claim was going to be raised. Rather, it appears Defendant is conceding that it knew there was a Second Amendment claim. It just assumed that Mr. Zeleny was going to argue his Second Amendment right was for "expressive purposes." Motion at 15. The scope of Mr. Zeleny's Second Amendment argument is not relevant for purposes of this remand motion. Defendant has made no argument that it would not have required a remand had Mr. Zeleny only raised a Second Amendment expressive purposes claim. Rather it appears California believes it needs a remand for any case with a Second Amendment claim that is in a similar procedural posture as Mr. Zeleny's. This is bolstered by the fact that, to Mr. Zeleny's knowledge, California has asked for a remand in every Second Amendment appeal where the trial court decision was decided before *Bruen*. Thus, there is no reason for California to wait two years to file this motion. California acknowledges it was on notice that Mr. Zeleny had a Second Amendment claim. It is unreasonable for California to wait two years to file its motion to remand when it was on notice this entire time that there was a Second Amendment claim. While it is true that this appeal was administratively stayed from August 2022 until December 2023 while the issue of attorney's fees was being resolved against the other Defendant Menlo Park who lost in the trial court. However, that does little to help California's argument. California could have asked to have Mr. Zeleny's separate claims against it remanded back to the

5

trial court. Instead, it sat on its opportunity to ask for a remand that entire time. Furthermore, even assuming it was proper for California to not ask for a remand during the time this appeal was stayed, California's delay in filing this motion was unreasonable. This appeal was administratively opened in December of 2023. There is no justification for California to wait eight months to file its remand motion. That entire time California was on notice that there was a Second Amendment claim to defend. Despite that, it waited until Mr. Zeleny filed his opening brief.

    This unreasonable delay prejudiced Mr. Zeleny because he was forced to file an opening brief. Mr. Zeleny went to great time and expense to file an appellate opening brief. Time and expense that he would not have had to go to had Defendant not waited to file its motion. The unreasonable delay and the prejudice Mr. Zeleny faced in the form of being compelled to prepare and file an appellate opening brief satisfies the test for laches. Defendant's remand motion should be barred by the equitable defense of laches. Even if is not, California's remand motion should be denied because it is neither necessary nor appropriate.

## Remand is Neither Necessary nor Appropriate

    Prolonging this case with a remand is neither necessary nor appropriate. The analysis required by the Supreme Court to evaluate Second Amendment claims is a

6

legal inquiry that examines legal history, which is appropriately presented in the briefs. *See Bruen*, 142 S. Ct. at 2130 n.6 (noting that the historical inquiry presents "*legal* questions" that judges are capable of addressing) (emphasis in original); *see also id.* at 2135 n.8 (rejecting the dissent's suggestion that further fact-finding was needed and holding that its ruling did not "depend on any of the factual issues raised by the dissent"). This Court may enter judgment for Mr. Zeleny because the relevant evidence (or the absence thereof) consists of legislative facts that are subject to judicial notice in this appeal and may be submitted in the State's brief. *See Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 558 (4th Cir. 2013) ("[O]rdinance[s] [themselves] and [their] legislative history [a]re legislative facts.") (citation omitted); *United States v. Gavegnano*, 305 F. App'x 954, 956 (4th Cir. 2009) (courts "may take judicial notice of legislative facts").

A remand will lead only to another appeal that will be reviewed de novo on the same evidence the parties will have presented in this appeal, further counseling against remand. *See, e.g., Morel v. Sabine Towing & Transp. Co., Inc.*, 669 F.2d 345, 346 (5th Cir. 1982) ("The question presented is a matter of law and a remand solely for its consideration is neither in the interest of justice nor judicial economy."); *see also Boyes v. Shell Oil Prods. Co.*, 199 F.3d 1260, 1266 n.13 (11th Cir. 2000) (choosing not to remand because the issue would be decided de novo on appeal and stating that a remand would only delay resolution of the case).

Even when intervening law could impact the outcome of litigation, this Court often does not remand. "[W]e have discretion to determine 'what questions may be taken up and resolved for the first time on appeal.' *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S. Ct. 2868, 49 L. Ed. 2d 826 (1976). We typically feel most comfortable resolving such an issue when it has nonetheless been 'extensively litigated in the district court' or 'where the proper resolution is beyond any doubt.' *Beck v. City of Upland*, 527 F.3d 853, 867 (9th Cir. 2008) (quoting *Golden Gate Hotel Ass'n v. City & Cty. of San Francisco*, 18 F.3d 1482, 1487 (9th Cir. 1994))." *Peruta v. Cty. of San Diego*, 824 F.3d 919, 959-60 (9th Cir. 2016) (en banc) (J. N.R. Smith, dissenting). Here, the issue of whether the laws at issue in this litigation are within the historical scope of the Second Amendment right was extensively litigated in the trial court.

It is true that the trial court found Mr. Zeleny's claims were foreclosed by *Young v. Hawai'i* 992 F.3d 765 (9th Cir. 2021). However, *Young* was not decided until after briefing was completed. Therefore, both parties were required to brief the issue of whether open carry is within the historical scope of the Second Amendment right. The *Young* opinion was not addressed by California until after supplemental briefs were ordered by the trial court and filed. *See Zeleny v. Newsom* 3:17-cv-07357-RS Doc. No. [185]

In the trial court California devoted much of its briefing to defending its laws on Second Amendment grounds, conducted a historical inquiry and argued;

8

Case: 22-15870, 08/03/2024, ID: 12900240, DktEntry: 39, Page 10 of 12

> Within this historical framework, restrictions on the open carry of loaded firearms might burden an individual's ability to be "armed and ready for offensive or defensive action," though it is an open question to what extent that ability extends beyond the home. But restrictions on the open carry of unloaded firearms that are being used to amplify a demonstration are different. Such restrictions do not burden the individual's ability to be "armed and ready for offensive or defensive action," because an unloaded firearm is essentially useless as a weapon of self-defense. Zeleny does not allege that there is a historical tradition in England or America of individuals using unloaded firearms for self-defense. Not surprisingly, there is also no historical tradition in England or America of individuals using unloaded firearms to amplify their protests.

See *Zeleny v. Newsom* 3:17-cv-07357-RS Doc. No. [161] at pg. 18.

California has already had ample opportunity to present history. If California wishes to present more history, California can do so in its briefing on appeal.

## **Conclusion**

This Court should hold this motion in abeyance pending the outcome of this Court's decision in *Teter v. Lopez* 20-15948. If it decides to immediately rule on this motion, this Court should deny California's remand motion. California had two years to file its motion. Instead of filing it, California waited until Mr. Zeleny was forced to go to the expense of filing an opening brief. Its motion is barred by laches. And even if it was not, there is no reason to remand this case for California to present history. The history it wants to present are legislative facts which can be presented in the briefing.

9

Dated: August 3, 2024.

        Respectfully submitted,

        *s/ Alan Alexander Beck*

        ALAN ALEXANDER BECK
        Attorney at Law
        2692 Harcourt Drive
        San Diego, California 92123
        Telephone: (619) 905-9105
        Email: alan.alexander.beck@gmail.com

        *Attorney for Appellant*

## **CERTIFICATE OF SERVICE**

I hereby certify that an electronic PDF of Appellant's Response to Defendant's Motion to Vacate and Remand was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

DATED: August 3, 2024.

                                        Respectfully submitted,

                                        /s/ Alan Beck