No. 22-15870

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

───────────────

MICHAEL ZELENY, AN INDIVIDUAL,
*Plaintiff-Appellant*,

v.

ROB BONTA, AN INDIVIDUAL, IN HIS OFFICIAL CAPACITY;
*Defendant-Appellee*.

and

CITY OF MENLO PARK, A MUNICIPAL CORPORATION; AND DAVE BERTINI, IN
HIS OFFICIAL CAPACITY,
*Defendants*.

───────────────

**On Appeal from the United States District Court
for the Northern District of California**
No. 3:17-cv-07357 RS (NC)
The Honorable Richard G. Seeborg, Judge

───────────────

## REPLY IN SUPPORT OF MOTION TO VACATE AND REMAND
───────────────

ROB BONTA
*Attorney General of California*
THOMAS S. PATTERSON
*Senior Assistant Attorney General*

R. MATTHEW WISE
JOHN D. ECHEVERRIA
*Supervising Deputy Attorneys General*
S. CLINTON WOODS
*Deputy Attorney General*

CALIFORNIA DEPARTMENT OF JUSTICE
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3807
Clint.Woods@doj.ca.gov
*Attorneys for Defendant and Appellee*

August 12, 2024

## INTRODUCTION

Plaintiff Michael Zeleny appeals a final judgment rejecting several claims, first brought in 2017 primarily on First Amendment grounds, contending that he has the right to openly carry unloaded firearms for expressive purposes. Just over a month ago, Plaintiff filed an opening brief abandoning his First Amendment claim, turning the focus of his appeal to his Second Amendment claim, and asserting for the first time that he seeks to openly carry unloaded firearms for self-defense purposes. In light of these developments, remand is warranted to allow the district court to consider the claim in the first instance; for the parties to develop a historical record consistent with *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); and for the district court to consider that record under *Bruen* in the first instance.

Plaintiff offers no persuasive reason to deny this motion. First, he suggests that this court should hold the motion in abeyance pending the en banc court's resolution of *Teter v. Lopez*, Dkt. No. 20-15948. While the Attorney General defers to the Court's management of its docket, there are significant differences between the issues presented in *Teter* and this matter that would not warrant a stay pending *Teter*. The shifting nature of Plaintiff's as-applied Second Amendment claim and his failure to plead a claim asserting a right to carry unloaded long guns for self-defense purposes both counsel against a stay.

1

Second, Plaintiff asserts that this motion is barred by laches. Even if that doctrine, which is generally asserted as an affirmative defense to a substantive claim, were to apply here, Plaintiff cannot carry his burden to establish that the State acted with inexcusable delay or that he would suffer prejudice. Indeed, the State filed this motion mere weeks after Plaintiff conceded his First Amendment claim in favor of a novel, unpleaded Second Amendment claim asserting a right to openly carry unloaded firearms for self-defense purposes. *See* Dkt. 38 (Mot.) 5-7.

Third, Plaintiff argues that the case need not be remanded because any "additional history" can be provided in the briefing before this Court. *See* Dkt. 39 (Opp.) at 1. But plaintiff's new focus on a self-defense, rather than an expressive, right was never presented in the district court. "As a federal court of appeals, [the Court] must always be mindful that [it is] a court of review, not first view." *Roth v. Foris Ventures, LLC*, 86 F.4th 832, 838 (9th Cir. 2023). And remand would also be generally consistent with the adjudicative process envisioned in *Bruen*. 597 U.S. at 25 n.6 (observing that historical inquiry relies on "various evidentiary principles and default rules," including "the principle of party presentation"). As detailed in the motion, *see* Mot. at 13-17, the few historical arguments raised by the parties at the district court did not incorporate a developed record assembled for the purpose of addressing "whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *United States v. Rahimi*, 144

2

S. Ct. 1889, 1898 (2024) (describing the analysis required by *Bruen*). In short, remand is proper for the district court, in the first instance, to apply *Bruen*'s standard based on a historical record tailored to Plaintiff's specific Second Amendment claim.

## ARGUMENT

### I. THIS CASE IS DISTINCT FROM *TETER*

The Attorney General defers to the Court on whether to hold this motion until an en banc decision in *Teter* is issued. But a stay for a resolution of *Teter* would offer few benefits in this case. The plaintiffs in *Teter* have consistently argued that Hawai'i's statute banning possession of butterfly knives violates their Second Amendment right to bear arms for self-defense purposes. *Teter v. Lopez*, 76 F.4th 938, 942 (9th Cir. 2023), *reh'g en banc granted, opinion vacated*, 93 F.4th 1150 (9th Cir. 2024). In contrast, Plaintiff here presented a challenge in the district court to California's open carry statutes to the extent that they interfere with his asserted right to openly carry firearms for "expressive purposes." 3-ER-412 (Complaint ¶ 228). The *Teter* court's resolution of the issue presented before it would not resolve the question presented in this case. Plaintiff now argues that he also seeks the right to openly carry such weapons for self-defense purposes. Assuming that Plaintiff has not waived the latter argument, remand would be warranted in any event for the district court to conduct the historical analysis required under *Bruen*

for this unpleaded claim in the first instance.[1]  The district court would, of course, incorporate any guidance offered in the *Teter* decision in considering Plaintiff's claim.

## II.  THE DOCTRINE OF LACHES DOES NOT APPLY HERE

Plaintiff next asserts that this motion is barred by the doctrine of laches.  But he provides no authority that laches, an affirmative defense that can be applied in equity to bar a late-filed *claim*, is applicable here.

Plaintiff's cited authorities merely restate the elements of laches or uphold a district court's reliance on it to bar suit.  *See, e.g.*, *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001) (affirming district court's dismissal of plaintiff's copyright claim); *Perry v. Judd,* 471 F. App'x 219, 224 (4th Cir. 2012) (affirming district court's denial of a preliminary injunction where a party sought to add his name to a primary ballot after the deadline for certification of qualifying

---

[1] The circumstances in *Bianchi v. Brown*, 2024 WL 3666180, *17 n.2 (4th Cir. Aug. 6, 2024), are also distinguishable from those here.  As the Fourth Circuit noted, neither party in *Bianchi* preferred remand, as the plaintiff's claim had not evolved and the parties had developed the necessary record below. *Id*.  Here, the evolving nature of Plaintiff's challenge and the lack of historical record development (none of which was guided by *Bruen*) make the district court the better venue for addressing his Second Amendment claim in the first instance.

signatures). Plaintiff presents no controlling or persuasive authority holding that laches bars the sort of appellate motion brought here.[2]

Even if the doctrine of laches applied here, Plaintiff fails to establish either of its necessary elements: 1) that there has been an unreasonable delay, and 2) prejudice. *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000).

To begin with, Plaintiff cannot show unreasonable delay because this motion was timely filed. The Attorney General brought the motion just one month after Plaintiff's new counsel filed an opening brief waiving Plaintiff's First Amendment claim, shifting the focus of his argument to his Second Amendment claim, and asserting an unpleaded Second Amendment right to openly carry unloaded firearms for self-defense purposes. Appellant's Opening Brief (AOB) 6, 32-41. Plaintiff has cited no case supporting his view that the doctrine of laches would preclude a defendant from developing a record to defend against new theories pursued on appeal after years of litigation. Prior to Plaintiff's waiver, his First

---

[2] Indeed, some of Plaintiff's cited authorities support the Attorney General's position. In *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000), for example, this Court affirmed a district court's conclusion that laches did not apply to bar an employment action where the delay was due to the exhaustion of remedies, and there was no prejudice to the defendant. Similarly, laches does not bar the motion here because the delay in bringing this motion was largely due to an administrative stay requested by Plaintiff as well has his own shifting claims on appeal.

Amendment claim was teed up for this Court's review. Plaintiff's Opposition ignores the issue of the opening brief's waiver entirely.

Similarly, before Plaintiff filed his opening brief, the record developed below established that Plaintiff's Second Amendment claim was primarily based on an asserted right to carry unloaded long guns for "expressive purposes." 3-ER-412 (Complaint ¶ 228). Plaintiff's Opposition also fails to acknowledge that he has not pleaded any Second Amendment claim seeking to openly carry firearms for self-defense purposes. *See, e.g.*, 3-ER-395–401. Regardless, the shift in focus is an independent reason for remand, as additional factual development of Plaintiff's self-defense claim under the *Bruen* standard is warranted.

And, as Plaintiff concedes, this case was under an administrative stay from August 2022 to December 2023 so that Plaintiff could resolve the issue of attorney's fees with Menlo Park. Opp. 5; *see also* Dkt. 5-10. Plaintiff presents no authority to support his assertion that the Attorney General could have filed this motion during that time frame. Nor can Plaintiff claim unreasonable delay resulting largely from an administrative stay entered for Plaintiff's own benefit.

Plaintiff also argues that the Attorney General was on notice of Plaintiff's self-defense claim from the summary judgment briefing below. Opp. 4. But virtually all of the district court proceedings were dedicated to Plaintiff's First Amendment claim and attendant Second Amendment claim seeking a right to

openly carry firearms for expressive purposes. *See, e.g.*, 1-ER-2–20; 3-ER-374–419; D. Ct. Dkt. 161 at 9-17, 22-25; D. Ct. Dkt. 166 at 9-16, 20-25. As the Attorney General observed below, to the extent Plaintiff asserted a self-defense theory in passing, it was not then (or now) properly before the court because it was not supported by any allegations in the Complaint. *See, e.g.*, D. Ct. Dkt. 166 at 15-16, *see also* 3-ER-395–401. Nor did the Attorney General ever have an opportunity to assemble a historical record, post-*Bruen* or otherwise, to defend against such a theory.

As to the second element, Plaintiff fails to carry his burden to show that remand would prejudice him. While Plaintiff asserts that he incurred the costs and expense of filing his opening brief, that is inadequate to establish prejudice. *Couveau*, 218 F.3d at 1083. Courts considering laches have recognized two forms of prejudice: evidentiary and expectations prejudice. *Danjaq LLC.*, 263 F.3d at 955. Evidentiary prejudice concerns tangible things lost or degraded, such as lost or damaged papers or missing witnesses, whereas expectations prejudice involves a change in circumstances that would not have occurred but for the unreasonable delay. *Id.* Plaintiff fails to establish either type of prejudice. No evidence has been lost or degraded in the time this case has been on appeal, and Plaintiff does not identify any change in his circumstances.

### III. PLAINTIFF'S ALTERNATIVE ARGUMENTS SHOULD BE REJECTED

Last, Plaintiff argues that it is unnecessary to remand this case because the historical inquiry can be done purely on "legislative facts" that can be considered on appeal. Opp. 7. But even if that could be proper under some circumstances, Plaintiff still fails to establish that the principle would apply to a claim that was never presented in the district court. Plaintiff appears to assert a self-defense focused right under the Second Amendment, and presents an argument about the right to publicly carry long arms—neither of which was raised in the proceedings below. Under this Court's precedents, claims should be asserted in the district court in the first instance, not before the court of appeals. *Roth*, 86 F.4th at 838 (Court is "a court of review, not first view"); *see also* Mot. 13-15. Moreover, *Bruen* anticipates that the historical analysis of a challenged statute may require judges to "resolv[e] threshold questions" and "mak[e] nuanced judgments about which evidence to consult and how to interpret it," *Bruen*, 597 U.S. at 25 (quoting *McDonald v. City of Chicago*, 561 U.S. 742, 803–804 (2010) (Scalia, J., concurring)—the sort of tasks generally conducted in the first instance by a district court with the benefit of a developed evidentiary record.

Plaintiff also asserts that remand runs contrary to judicial economy because it would simply lead to another appeal "on the same evidence presented in this appeal." Opp. 7. But that would be true of any request to have the court of appeals

address a claim for the first time on appeal. That is not a basis to depart from the usual practice of allowing the district court to consider a claim in the first instance. And after the case is remanded, the Attorney General would further develop the historical record, providing the district court an opportunity to consider a post-*Bruen* record based on Plaintiff's specific claims.

## CONCLUSION

The Court should vacate the district court's judgment and remand this case for further proceedings in light of *Bruen*.

Dated: August 12, 2024                    Respectfully submitted,


                                          *s/ S. Clinton Woods*


                                          ROB BONTA
                                          *Attorney General of California*
                                          THOMAS S. PATTERSON
                                          *Senior Assistant Attorney General*
                                          R. MATTHEW WISE
                                          JOHN D. ECHEVERRIA
                                          *Supervising Deputy Attorneys General*
                                          S. CLINTON WOODS
                                          *Deputy Attorney General*
                                          *Attorneys for Defendant and Appellee*

## CERTIFICATE OF SERVICE

I certify that on August 12, 2024, I electronically filed the foregoing document with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.  I certify that all other participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated:  August 12, 2024                          *s/ S. Clinton Woods*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion to Vacate and Remand to the District Court complies with the type-volume limitation of Ninth Circuit Rules 27-1 and 32-3 because it contains 1848 words. This document complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in a proportionally spaced typeface using 14-point font.

Dated: August 12, 2024          *s/ S. Clinton Woods*